IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| In re: | ) | Case No. 26-17757-MMH |
| | ) | (Chapter 11) |
| PSC Thrive, LLC | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | Case No. 26-17758-MMH |
| In re: | ) | (Chapter 11) |
| | ) | |
| Jenk's Best Living, LLC | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| Jenk's Best Living, LLC | ) | Adv. Case No. 26-176-MMH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Marc Kulick; Vesta Realty, LLC; Vesta | ) | |
| Capital, LLC; YSA Investments 1, LLC; | ) | |
| and Bocaire Tulsa Lender, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**[PROPOSED] TEMPORARY RESTRAINING ORDER AND NOTICE OF HEARING**

NOW, on this _____ day of July, 2026, the Court considered Plaintiff's Application for

Temporary Restraining Order, the Complaint, supporting declarations, exhibits, and the record

before the Court. The Court finds that Plaintiff has demonstrated a substantial likelihood of success

on the merits, that immediate and irreparable injury will occur absent immediate injunctive relief,

that plaintiff lacks an adequate remedy at law, that the balance of equities overwhelmingly favors

preserving the last actual, peaceable, non-contested status existing before defendants' challenged

conduct, and that issuance of this Temporary Restraining Order is necessary to preserve the Court's ability to render effective relief.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Plaintiff's Application for Preliminary Injunction is set for hearing before the undersigned on the _____ day of _____, 2026, at _____, or as soon thereafter as the matter may be heard.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pending the hearing on Plaintiff's Application for Preliminary Injunction or further Order of this Court, Defendant YSA Investments 1, LLC, together with its officers, members, managers, agents, servants, employees, representatives, attorneys, and all persons acting in active concert or participation with them who receive actual notice of this Order, are restrained and enjoined from: (1) asserting or exercising any ownership, possessory, management, operational, or other rights with respect to the Property; (2) recording or enforcing any deed, mortgage, assignment, conveyance, or other instrument purporting to affect title to or any interest in the Property; (3) collecting, demanding, receiving, transferring, or exercising control over any rents, revenues, operating funds, or bank accounts associated with the Property; (4) directing, requesting, or communicating with Entrata, First United Bank, tenants, vendors, lenders, governmental authorities, or any other third party to cause such person or entity to recognize defendants as having any ownership, management, possession, or control of the Property or its operations; or (5) otherwise interfering with plaintiff's ownership, possession, management, operation, or use of the Property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pending the hearing on Plaintiff's Application for Temporary Injunction or further Order of this Court, Defendants, known or unknown, together with their officers, members, managers, agents, servants, employees, representatives, attorneys, and all persons acting in active concert or participation with them, are

restrained and enjoined from selling, transferring, assigning, mortgaging, pledging, encumbering, recording or filing any instrument affecting title to the Property, or otherwise taking any action to burden, impair, or cloud title to the Property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pending the hearing on Plaintiff's Application for Preliminary Injunction or further Order of this Court, Defendants Marc Kulick, Vesta Realty, LLC, and Vesta Capital, LLC, together with their officers, members, managers, agents, servants, employees, representatives, attorneys, and all persons acting in active concert or participation with them who receive actual notice of this Order, are restrained and enjoined from: (1) executing, negotiating, or entering into any deed, mortgage, loan document, guaranty, assignment, conveyance, security agreement, or other instrument purporting to bind Plaintiff or encumber the Property, except as expressly authorized by Plaintiff's Operating Agreement; (2) representing to any third party that they possess authority to convey, mortgage, pledge, transfer, or otherwise encumber the Property beyond that granted by Plaintiff's Operating Agreement; (3) requesting, directing, or communicating with any third party to recognize any such purported authority; or (4) otherwise taking any action inconsistent with the limitations on their authority under Plaintiff's Operating Agreement.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pending the hearing on Plaintiff's Application for Preliminary Injunction or further Order of this Court, Defendants Marc Kulick, Vesta Realty, LLC, together with their officers, members, managers, agents, servants, employees, representatives, attorneys, and all persons acting in active concert or participation with them as Manager of the Property, who receive actual notice of this Order, are restrained and enjoined from: (1) transferring, diverting, distributing, or otherwise using any funds, income, or assets of Jenk's Best Living, LLC, including rents and revenues generated by the

3

Property, for the benefit of any person or entity other than Jenk's Best Living, LLC, except for reasonable and necessary expenditures made in the ordinary course of business for the preservation, maintenance, repair, operation, and management of the Property; (2) taking, or intentionally failing to take, any action that would tend to materially impair the condition, value, habitability, security, financial performance, or continued operation of the Property; or (3) otherwise taking action in any manner inconsistent with the prudent preservation and management of the Property and its revenues.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that nothing in this Order shall prohibit plaintiff from continuing to own, possess, manage, lease, operate, maintain, finance, or otherwise exercise the ordinary incidents of ownership of the Property during the pendency of this Temporary Restraining Order.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Temporary Restraining Order shall remain in effect until the hearing on Plaintiff's Application for Preliminary Injunction or until further Order of this Court.

IT IS SO ORDERED.

_____
UNITED STATES BANKRUPTCY JUDGE

4