<u>Declaration of Yaakov Spatz</u>

Yaakov Spatz states under oath as follows:

1. I am the general counsel of Pratt Street Capital, LLC, and PSC Thrive, LLC, Members of Jenk's Best Living, LLC. PSC Thrive, LLC is the current Managing Member of Jenk's Best Living, LLC.

2. I have personal knowledge of the matters contained in this Declaration.

3. Pratt Street Capital, LLC and PSC Thrive, LLC never consented to the loans, encumbrances, security interests, deeds, mortgages, or other interests detailed in the Complaint.

4. Except for specific loans authorized by all Members in accordance with the Operating Agreement, Pratt Street Capital, LLC and PSC Thrive, LLC never authorized Mark Kulick or any Vesta entity to borrow money on behalf of Jenk's Best Living, LLC or encumber the Property.

5. I have reviewed correspondence from defendant YSA Investments 1, LLC ("YSA") to the property management software and bank used by Jenk's Best Living, LLC's property manager.

6. Attached as Exhibit 4 is a true and correct copy of a letter dated June 24, 2026, from YSA to Entrata, the property management and rent collection software used for the Property. In the letter, YSA demands full control over all rent collection and disbursements and claims "YSA now owns" the properties, including Thrive. As proof, the letter attaches the Deed in Lieu of Foreclosure YSA granted itself.

7. Jenk's Best Living needs the rental income to cover the basic and routine costs of the property. If YSA successfully suborns the inflow and outflow of rental payments, Jenk's Best Living would be unable to manage or maintain the Property. Tenants would become irredeemably alienated, and the Property's reputation would be ruined. These damages cannot be adequately calculated or compensated, but would have a disastrous and permanent effect.

1

8.  Attached as Exhibit 5 is a true and correct copy of a letter dated June 15, 2026, from YSA to First United Bank demanding control of the operating accounts used by Jenk's Best Living's property manager. Attached as Exhibit 6 is a true and correct copy of a letter dated June 19, 2026, from a law firm representing Jenk's Best Living's property manager stating that the bank wrongfully froze the accounts in response to the YSA letter, and detailing the crippling harm the freezing of these accounts will have on the properties.

9.  I have reviewed court filings and title records relating to the Property.

10. Those documents reveal a plethora of encumbrances on the Property, as detailed in the Complaint.

11. Additionally, court records show that Marc Kulick is being sued by a number of other parties in at least 20 lawsuits in three jurisdictions.

12. The causes of action of these complaints range from defaulted mortgages and mechanics liens to RICO and fraud. A significant number, however, are for non-payment of hard-money loans.

13. Given Marc Kulick's pattern of conduct, it is reasonable to suspect another party will do the same things YSA Investments 1, LLC did, and purport to seize the title or control of the Property based on security interests pledged in support of a hard money loan.

14. With YSA's deed, or with a foreclosure or deed from another party, both of which are improper, plaintiff's Property could be sold at any time.

15. YSA is actively attempting to seize control of the Property. If it does so, it could hold the Property hostage, and ultimately force Jenk's Best Living to satisfy debts it is not liable for in order to prevent the ruin of the Property.

16. I have reviewed documents pertaining to Jenk's Best Living's HUD-secured financing on the Property. Encumbering the property with a second mortgage, using the property to secure

2

additional financing, or losing title to the Property could all allow HUD to declare a default and foreclose on the Property. Even if Jenk's Best Living could obtain additional financing after a HUD default, given today's markets, Jenk's Best Living will be unable to secure financing at any interest rate comparable to the favorable rate of the HUD financing.

17. Jenk's Best Living would suffer millions of dollars of additional interest and costs if it needs to secure additional financing after a HUD default. If it cannot successfully secure additional financing, it could lose the Property to foreclosure.

18. Plaintiff has no adequate remedy at law because defendant has already wrongfully attempted to seize title to the Property, and has demonstrated that it will continue to try to raid the Property to extort payment. The status quo must be frozen to prevent irreparable harm.

I state under penalty of perjury under the laws of Oklahoma that the foregoing is true and correct.

_____
Yaakov Spatz

_7/7/26_ _Baltimore, Maryland_
Date and Place