<u>Declaration of Marc Kulick</u>

Marc Kulick states under oath as follows:

1. I manage the Property that is the subject of this action on behalf of Vesta Realty, LLC, the property manager for Jenk's Best Living, LLC.

2. Previously, I managed Jenk's Best Living, LLC as authorized person of the previous Managing Member, Vesta Capital, LLC.

3. I previously borrowed funds from defendant YSA Investments 1, LLC, and pledged as collateral my interests in various entities. Those entities had rights or partial ownership stakes in entities that owned various properties, including the Property that is the subject of this action.

4. In conversations with YSA Investments 1, LLC, I made clear that many of the interests I pledged did not own or control the underlying assets and did not have the right or power to mortgage or pledge the property owned by Jenk's Best Living, LLC.

5. Despite that knowledge, defendant YSA Investments 1, LLC used those pledges to wrongfully and baselessly encumber the Property.

6. Defendant YSA Investments 1, LLC has purported to deed the Property to itself, despite knowing that I did not, and could not, grant it a security interest in Jenk's Best Living, LLC or the Property.

7. Defendant YSA Investments 1, LLC has stated an intention to continue to try to wrest control of the Property away from its rightful owner.

8. Within the past two weeks, the property management software company I use to manage the Property contacted me and informed me that YSA Investments 1, LLC had tried to transfer the account into its name.

9. Access to that software would allow YSA Investments 1, LLC to unilaterally and irreversibly ruin the property, alienate tenants, cancel contracts, usurp rent collection, and otherwise permanently harm plaintiff's possessory interest in the Property.

10. YSA Investments 1, LLC also attempted to lock management out of the corporate bank accounts.

11. With the deed it granted itself, YSA Investments 1, LLC could attempt to sell the property to third parties and muddy title even more.

12. Jenks Best Living is suffering substantial and irreparable injury because defendant has usurped title to its Property, and will continue to try to wrest control of the management of the Property.

13. A temporary injunction is necessary to preserve the status quo until the issues raised by plaintiff's petition can be determined and is appropriate as plaintiff is likely to prevail on the merits of its claim because YSA Investments 1, LLC knew throughout that I did not, and could not, grant it a security interest in the Property or Jenk's Best Living, LLC.

I state under penalty of perjury under the laws of Oklahoma that the foregoing is true and correct.

_____
Marc Kulick

07 /06 / 2026   Tulsa, OK
Date and Place