

David P. Limekiller
Direct Line: (918) 595-4854
*dlimekiller@gablelaw.com*

110 N. Elgin Avenue, Suite 200
Tulsa, Oklahoma 74120-1490
Telephone (918) 595-4800
Fax (918) 595-4990
*www.gablelaw.com*

June 24, 2026

***Via Email jagardner@entrata.com***
Entrata
Attention: Jamis Gardner
Chief Legal Counsel

> Re:   YSA Investments 1 LLC Demand for Rents Related to Entities and Properties Previously Owned or Controlled by Marc Kulick

Dear Jamis Gardner:

As you know from our previous correspondence, we represent YSA Investments 1 LLC ("YSA") in connection with certain loans and collateral arrangements involving entities owned and/or controlled by Marc Kulick, including Vesta Holdings LLC (the "Kulick-Owned Entities"), which loans are in default.

Entrata was notified through my email dated December 5, 2025, and again in my letter dated January 29, 2026, that YSA, in accordance with its rights under its loan documents, had recorded mortgages (the "Mortgages" all containing an Assignment of Rents and Leases that vested YSA with ownership of the rents) on properties owned by Kulick-Owned Entities ("Subject Properties"). YSA demanded that Entrata immediately recognize YSA's rights and provide YSA with complete control over all payments of rents, fees, deposits or otherwise (the "Rents") Entrata collects and/or distributes in the name of, or for the benefit of, Marc Kulick and/or the Kulick-Owned Entities. However, Entrata refused YSA's lawful request and stated Entrata required a court order before recognizing the Mortgages.

On June 12, 2026, I provided to you the Post Trial Memorandum and Judgment of the Chancery Court of State of Delaware, case number C.A. No 2025-1319-KSJM, styled *Marc Kulick et al v. YSA Investments 1 LLC* (the "YSA Judgment") wherein the Court stated (among other things) that pursuant to the loan documents, (i) YSA had the right to record the Mortgages against the Subject Properties, and (ii) all of the Mortgages were valid and enforceable. Based on the YSA Judgment, YSA's ownership of the Rents cannot be disputed. YSA again attempted to exercise its rights to the Rents in my June 12 email and requested that Entrata grant YSA control of the Rents as required by the Mortgages, and in accordance with the terms set out in my June 12 email. However, Entrata failed to respond to my June 12 email (and my follow-up emails). In effect Entrata, despite the YSA Judgment (the legal authority Entrata previously requested), again failed to recognize the Court authorized Mortgages and denied YSA its rightful authority and ownership over the Rents.



Entrata
Attn: Jamis Gardner
Chief Legal Counsel
June 24, 2026
Page 2

**1.      YSA's Ownership of the Subject Properties.**

The YSA Judgment found as a matter of law that the loan documents granted YSA broad powers to collect all amounts due to YSA and to encumber the Subject Properties with the Mortgages. Pursuant to such authority, YSA acquired title to the Subject Properties through Deed in Lieu of Foreclosure Agreements. Enclosed for your review are eighteen (18) recorded Special Warranty Deeds conveying title of these properties to YSA (the "YSA Properties").

Since YSA now owns the YSA Properties, neither Marc Kulick, Vesta Holdings, Vesta Realty, Kulick-Owned Entities nor their agents and employees have any right, title, interest, or authority, in or over the YSA Properties, including with respect to all Rents originating from the YSA Properties. Such authority over the YSA Properties is vested solely in YSA. Accordingly, for the YSA Properties, Entrata is directed to immediately cease any and all dealings with non-YSA entities without the prior written approval of YSA. Entrata shall also immediately pay all Rents to YSA and take all other actions as set forth in this letter.

**2.      <u>Demand:  Immediate Transfer of Control Over All Rents and the Subject Properties.</u>**

Effective immediately, Entrata must:

(a)      Identify all payments of Rent collected or held by Entrata that relate to, or derive from, any of the YSA Properties, and provide a current accounting and rent roll to YSA.

(b)      Provide to the undersigned copies of all Entrata contracts relating to the YSA Properties.

(c)      Provide to the undersigned copies of all rent rolls and tenant leases relating to the YSA Properties.

(d)      For all Rents collected from the YSA Properties, immediately cease all payments/transfers to Marc Kulick, the Kulick-Owned Entities, and/or their current or prior managers, officers, employees, or agents, and cancel or place a "stop payment" on any outstanding transaction.

(e)      Immediately cease providing any information regarding the YSA Properties to Marc Kulick, the Kulick-Owned Entities, and/or their current or prior managers, officers, employees, or agents.

(f)      For all YSA Properties, immediately revoke all existing authorities and rights of access, including any and all signing authorities and online credentials, associated with Marc Kulick, the Kulick-Owned Entities, and/or their current or prior managers, officers, employees, or agents.



Entrata
Attn: Jamis Gardner
Chief Legal Counsel
June 24, 2026
Page 3

(g)     Establish and confirm YSA's exclusive control and administration of Rents by:

(i)     Recognizing the following as the sole authorized representative(s) regarding the YSA Properties and the Rents:

Authorized Representative: Aharon Diveroli, Manager;

(ii)    Providing new online access credentials and administrator rights to the Authorized Representative(s); and

(iii)   Enabling full transactional control over the YSA Properties and their Rents exclusively for the Authorized Representative(s).

(h)     Upon YSA's request, immediately remit payment of the YSA Properties' Rents to YSA.

**3.      Requested Confirmation and Timing.**

Please provide written confirmation (email is acceptable) no later than June 26, 2026 by 4:00 p.m. CST, that Entrata has complied with, and agrees to, all of YSA's demands in Section 2 of this correspondence.

**4.      Points of Contact.**

Please direct communications and implementation coordination to:

Aharon Diveroli, AD@ysainvestments.com

with courtesy copies to:

David Limekiller, dlimekiller@gablelaw.com, (918) 595-4854

**5.      Reservation of Rights.**

Nothing in this correspondence waives any of YSA's rights or remedies. YSA expressly reserves all rights and remedies available at law, or in equity, including pursuing appropriate relief should Entrata fail or refuse to implement the actions required by YSA's ownership of the YSA Properties. You are further reminded that YSA has sustained damages through Entrata's prior failures to remit the Rents to YSA and such damages increase each day.

Yours very truly,

David P. Limekiller
For the Firm

Enclosures
cc:     YSA Investments 1 LLC

Tulsa County Clerk - MICHAEL WILLIS
Doc #: 2026057081 Page(s): 4 Recorded: 06/23/2026 08:15:13 AM
Receipt #: 2026-40137 Fees: $24.00

*****ELECTRONICALLY FILED DOCUMENT*****



# SPECIAL WARRANTY DEED
### (Deed-in-lieu of foreclosure)

**This deed is exempt from documentary stamps pursuant to 68 Okl.Stat.Ann. §3202(13).**

THIS SPECIAL WARRANTY DEED made this 17th day of June, 2026, between 727 Lofts Best Living LLC, a Delaware limited liability company ("**Grantor**") and YSA Investments 1, LLC, a Delaware limited liability company ("**Grantee**").

Pursuant to that certain Agreement for Deed and Transfer in Lieu of Foreclosure of even date and in consideration of the promises set forth therein, Grantor does by these presents grant, bargain, and sell unto Grantee, its successors and assigns, all of Grantor's right, title and interest in and to the following described real estate situated in Tulsa County, State of Oklahoma, together with all and singular the improvements thereon and the tenements, hereditaments, fixtures, and appurtenances thereunto belonging (the "**Property**") subject to easements, restrictive covenants and rights-of-way of record, zoning ordinances and prior, valid and superior mortgages and liens of record, including that Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing (the "Mortgage"), granted by Grantor to Grantee, and recorded in the records of the County Clerk of Tulsa County, Oklahoma on October 31st, 2025 as Document Number 2025099636 to wit:

**Legal Description**

A tract of land that is part of Lot One (1), Block Two (2), VILLAGE ON MAIN I, a Subdivision in the City of Jenks, Tulsa County, State of Oklahoma, according to the recorded Plat thereof, said tract of land being described as follows: COMMENCING at the Northeast corner of said Lot One (1); Thence South 00°55'39" East along an Easterly line of said Lot One (1) for 174.39 feet; Thence North 89°32'05" East along an Easterly line of said Lot One (1) for 8.47 feet; Thence South 01°03'06" East along an Easterly line of said Lot One (1) for 20.00 feet; Thence South 89°32'05" West along an Easterly line of said Lot One (1) for 1.11 feet; Thence South 01°27'49" East along an Easterly line of said Lot One (1) for 20.00 feet; Thence North 89°32'06" East along an Easterly line of said Lot One (1) for 0.96 feet; Thence South 01°03'06" East along an Easterly line of said Lot One (1) for 170.52 feet to the Point of Beginning of said tract of land; Thence continuing South 01°03'06" East along said Easterly line for 249.11 feet to a point of curve; Thence Southerly, Southwesterly, and Westerly along a curve to the right having a central angle of 90°05'00", a radius of 25.00 feet, a chord bearing of South 43°59'24" West, and a chord distance of 35.38 feet for an arc length of 39.31 feet; Thence South 89°01'54" West along a Southerly line of said Lot One (1) for 136.64 feet; Thence North 01°03'06" West

along a Westerly line of said Lot One (1) for 86.73 feet to a point of curve; Thence Northerly and Northwesterly along a Southwesterly line of said Lot One (1) on a curve to the left having a central angle of 64°41'58" a radius of 144.00 feet, a chord bearing of North 33°24'05" West and a chord distance of 154.10 feet for an arc length of 162.61 feet; Thence North 65°45'04" West along a Southwesterly line of said Lot One (1) for 241.81 feet; Thence due North along a Westerly line of said Lot One (1) for 30.34 feet to a point of curve; Thence Northerly and Northeasterly along a Northwesterly line of said Lot One (1) on a curve to the right having a central angle of 56°12'48" a radius of 25.00 feet, a chord bearing of North 28°06'24" East and a chord distance of 23.56 feet for an arc length of 24.53 feet to a point of reverse curve; Thence Northeasterly along said Northwesterly line on a curve to the left having a central angle of 03°42'39" a radius of 317.90 feet, a chord bearing of North 54°21'28" East and a chord distance of 20.59 feet for an arc length of 20.59 feet; Thence North 52°30'08" East for 100.81 feet; Thence South 65°45'04" East for 61.86 feet; Thence South 24°14'56" West for 63.91 feet; Thence South 65°45'04" East for 287.42 feet; Thence North 24°14'56" East for 62.00 feet; Thence South 65°45'04" East for 41.71 feet to the POINT OF BEGINNING of said tract of land.

LESS AND EXCEPT:

A part of Lot One (1), Block Two (2), VILLAGE ON MAIN I to the City of Jenks, Tulsa County, Oklahoma, according to the recorded Plat thereof. BEGINNING (P.O.B.) at the Southwest corner (SW/cor) of Lot One (1), Block Two (2), VILLAGE ON MAIN I; Thence North 01°03'06" West along the West line of said Lot One (1), a distance of 86.73 feet; Thence along the West line of said Lot One (1) along a curve to the left, having a radius of 144.00 feet, an arc length of 76.87 feet, a chord bearing of North 16°20'47" West, and a chord length of 75.96 feet; Thence North 55°01'54" East a distance of 25.16 feet; Thence South 65°58'06" East a distance of 51.16 feet; Thence North 89°01'54" East a distance of 114.50 feet to the East line of said Lot One (1); Thence South 01°03'06" East along the East line of said Lot One (1), a distance of 127.38 feet; Thence along the East line of said Lot One (1) along a curve to the right, having a radius of 25.00 feet, an arc length of 39.31 feet, a chord bearing of South 43°59'24" West, and a chord length of 35.38 feet; Thence South 89°01'54" West along the South line of said Lot One (1), a distance of 136.64 feet, to the POINT OF BEGINNING.

TO HAVE AND TO HOLD the Property forever, free and clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and encumbrances of whatsoever nature, EXCEPT those described above.

This Special Warranty Deed is tendered in lieu of foreclosure of the Mortgage, and it is the express intent of the parties hereto that the Mortgage shall not merge with this deed, but shall continue in full force and effect as a lien on the Property. The Mortgage shall remain in effect until such Mortgage is affirmatively released by Grantee or merged into an action to foreclose such Mortgage. Grantee may, at any time in its sole discretion, maintain an action to foreclose the Mortgage described above.

This Special Warranty Deed represents an absolute conveyance of all of Grantor's right,

2

title and interest in and to the Property, including Grantor's equity or right of redemption, and is not intended as a mortgage, security instrument or trust conveyance of any kind.

Grantor, its successors and assigns, do hereby covenant, promise and agree to and with Grantee, at the delivery of this Special Warranty Deed that Grantor is lawfully seized in its own right of an absolute and indefeasible estate of inheritance in fee simple, of and in the Property; that the Property is free, clear and discharged and unencumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments and encumbrances, of whatsoever nature and kind, EXCEPT those described above; and that Grantor will WARRANT AND FOREVER DEFEND the same unto the Grantee, its successors and assigns, against any and all acts, conveyances, liens and encumbrances affecting such Property made or suffered to be made or done by, through or under Grantor.

IN WITNESS WHEREOF, Grantor has executed and delivered this Special Warranty Deed as of the day and year first above written.

**727 Lofts Best Living LLC, a Delaware limited liability company,**

By:_____

    Aharon Diveroli, Authorized Representative of
    Lender; the Attorney in Fact on behalf of and
    Authorized Representative of 727 Lofts Best Living LLC

## ACKNOWLEDGMENT

STATE OF FLORIDA     )
                         )   ss.
COUNTY OF MIAMI-DADE )

Before me, the undersigned, a Notary Public in and for said County and State, on this 17th day of June, 2026, personally appeared Aharon Diveroli, as authorized representative of YSA Investments 1, LLC, a Delaware limited liability company, the Attorney-in-fact on behalf of, and authorized representative of, 727 Lofts Best Living LLC, a Delaware limited liability company, to me known to be the identical person who executed the within and foregoing instrument, and acknowledged to me that he executed the same as his free and voluntary act and deed, for the uses and purposes therein set forth.

WITNESS MY HAND AND SEAL the day and year last above written.

_____
NOTARY PUBLIC

My Commission Expires:
_12/19/2027_

My Commission No.:
_HH 474601_

FELIPE MENEZES
Commission # HH 474601
Expires December 19, 2027

3

OAG 2024-3 – BUSINESS/TRUST EXEMPTION     **Exhibit to Deed**

AFFIDAVIT OF LAND OWNERSHIP: EXEMPT BUSINESS OR TRUST

STATE OF Florida _____ )
                                                                )   ss.
COUNTY OF Miami-Dade _____ )

TO:     THE ATTORNEY GENERAL OF THE STATE OF OKLAHOMA

Before me, the undersigned Aharon Diveroli _____
(list legal name and any aliases) (the "Affiant"), who, having been first duly sworn, deposes and states as of the date
of this Affidavit:

1. I am eighteen (18) years of age or older and have personal knowledge of the statements made herein.

2. I am a/an Authorized Representative _____ (role, such as titled officer or trustee) of
   YSA Investments 1, LLC, a Delaware limited liability company _____ (legal name,
   along with any trade or fictitious names, of business, trust, or other legal entity) (referred to herein as the "Entity").
   I am duly authorized to record this Affidavit on behalf of the Entity, which took title to the real property identified
   in the Deed to which this Affidavit is attached (the "Property"), and to bind the Entity for the consequences of
   any false statements in this Affidavit.

3. This Affidavit is executed in accordance with and pursuant to 60 O.S. § 121, which provides in part as follows:
   No alien or any person who is not a citizen of the United States or foreign government adversary
   shall acquire title to or own land in this state either directly or indirectly through a business
   entity, trust, or foreign government enterprise, except as hereinafter provided, but they shall
   have and enjoy in this state such rights as to personal property as are, or shall be, accorded
   a citizen of the United States under the laws of the nation to which such alien belongs, or by
   the treaties of such nation with the United States, except as the same may be affected by the
   provisions of Section 121 et seq. of this title or the Constitution of this state. Provided, however,
   the requirements of this subsection shall not apply to a business entity that is engaged in
   regulated interstate commerce or has a national security agreement with the Committee on
   Foreign Investment in the United States (CFIUS) in accordance with federal law.

4. For purposes of this Affidavit, I acknowledge and understand that to be "engaged in regulated interstate
   commerce in accordance with federal law," means all the Entity's business activities in Oklahoma must be
   either: (a) expressly permitted by federal regulation or federal law, or (b) not prohibited by federal regulation
   or federal law. I further acknowledge and understand that an entity engaged in or supporting the cultivation
   of marijuana in Oklahoma is not "engaged in regulated interstate commerce in accordance with federal law." I
   have read the provisions of 60 O.S. § 121 and this Affidavit and certify that the Entity is engaged in regulated
   interstate commerce in accordance with federal law.

5. No funding source is being used in the sale or transfer of the Property in violation of 60 O.S. § 121 or any
   other state or federal law.

6. I acknowledge and understand that making or causing to be made a false statement in this affidavit may
   subject me to criminal prosecution for perjury and/or subject me and/or the Entity to being liable for actual
   damages suffered or incurred by any person or other entity as a result or consequence of the making of or
   reliance upon such false statement.

FURTHER AFFIANT SAYETH NOT.

_____                    6\18\26
AFFIANT, individually and as authorized agent of the Entity        Date

The foregoing instrument was subscribed and sworn to before me this 15 day of JUNE _____
2026 by AHARON DIVEROLI

My Commission Expires: _____        RAUL CHAVARRIA        _____
                                                            Commission # HH 480996        NOTARY PUBLIC
My Commission Number: _____        Expires March 6, 2028

Tulsa County Clerk - MICHAEL WILLIS
Doc #: 2026056484 Page(s): 3 Recorded: 06/18/2026 04:09:23 PM
Receipt #: 2026-39735 Fees: $22.00

*****ELECTRONICALLY FILED DOCUMENT*****



# SPECIAL WARRANTY DEED
### (Deed-in-lieu of foreclosure)

**This deed is exempt from documentary stamps pursuant to 68 Okl.Stat.Ann. §3202(13).**

THIS SPECIAL WARRANTY DEED made this 17th day of June, 2026, between A-V 23 East Owner LLC, a Delaware limited liability company ("**Grantor**") and YSA Investments 1, LLC, a Delaware limited liability company ("**Grantee**").

Pursuant to that certain Agreement for Deed and Transfer in Lieu of Foreclosure of even date and in consideration of the promises set forth therein, Grantor does by these presents grant, bargain, and sell unto Grantee, its successors and assigns, all of Grantor's right, title and interest in and to the following described real estate situated in Tulsa County, State of Oklahoma, together with all and singular the improvements thereon and the tenements, hereditaments, fixtures, and appurtenances thereunto belonging (the "**Property**") subject to easements, restrictive covenants and rights-of-way of record, zoning ordinances and prior, valid and superior mortgages and liens of record, including that Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing (the "Mortgage"), granted by Grantor to Grantee, and recorded in the records of the County Clerk of Tulsa County, Oklahoma on October 31st, 2025 as Document Number 2025099635 to wit:

### Legal Description

Lots Two (2) and Three (3), Block One (1), Lot One (1), Block Two (2), Lot One (1), Block Three (3), and Lot Three (3), Block Four (4), BURRIS SQUARE, an Addition in the City of Tulsa, Tulsa County, State of Oklahoma, according to the recorded Plat No. 3286.

TO HAVE AND TO HOLD the Property forever, free and clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and encumbrances of whatsoever nature, EXCEPT those described above.

This Special Warranty Deed is tendered in lieu of foreclosure of the Mortgage, and it is the express intent of the parties hereto that the Mortgage shall not merge with this deed, but shall continue in full force and effect as a lien on the Property. The Mortgage shall remain in effect until such Mortgage is affirmatively released by Grantee or merged into an action to foreclose such Mortgage. Grantee may, at any time in its sole discretion, maintain an action to foreclose the Mortgage described above.

This Special Warranty Deed represents an absolute conveyance of all of Grantor's right, title and interest in and to the Property, including Grantor's equity or right of redemption, and is not intended as a mortgage, security instrument or trust conveyance of any kind.

Grantor, its successors and assigns, do hereby covenant, promise and agree to and with Grantee, at the delivery of this Special Warranty Deed that Grantor is lawfully seized in its own right of an absolute and indefeasible estate of inheritance in fee simple, of and in the Property; that the Property is free, clear and discharged and unencumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments and encumbrances, of whatsoever nature and kind, EXCEPT those described above; and that Grantor will WARRANT AND FOREVER DEFEND the same unto the Grantee, its successors and assigns, against any and all acts, conveyances, liens and encumbrances affecting such Property made or suffered to be made or done by, through or under Grantor.

IN WITNESS WHEREOF, Grantor has executed and delivered this Special Warranty Deed as of the day and year first above written.

*SIGNATURE PAGE FOLLOWS*

2

A-V 23 East Owner LLC, a  Delaware limited liability company,

By:_____

    Aharon Diveroli, Authorized Representative of
Lender; the Attorney in Fact on behalf of and
Authorized Representative of A-V 23 East Owner LLC

## ACKNOWLEDGMENT

STATE OF FLORIDA      )
                          )    ss.
COUNTY OF MIAMI-DADE )

    Before me, the undersigned, a Notary Public in and for said County and State, on this 17th day of June, 2026, personally appeared Aharon Diveroli, as authorized representative of YSA Investments 1, LLC, a Delaware limited liability company, the Attorney-in-fact on behalf of, and authorized representative of,  A-V 23 EAST Owner LLC, a  Delaware limited liability company, to me known to be the identical person who executed the within and foregoing instrument, and acknowledged to me that he executed the same as his free and voluntary act and deed, for the uses and purposes therein set forth.

    WITNESS MY HAND AND SEAL the day and year last above written.

                                _____
                                NOTARY PUBLIC

My Commission Expires:
  12/19/2027

My Commission No.:
  HH 474601

FELIPE MENEZES
Commission # HH 474601
Expires December 19, 2027

3

2026062201091422   B: 16522 P: 1610
06/22/2026 03:29:44 PM  Pgs: 5
Fee: $26.00
Maressa Treat, County Clerk
Oklahoma County - State of Oklahoma



# SPECIAL WARRANTY DEED
### (Deed-in-lieu of foreclosure)

**This deed is exempt from documentary stamps pursuant to 68 Okl.Stat.Ann. §3202(13).**

THIS SPECIAL WARRANTY DEED made this 17th day of June, 2026, between A-V Classen Owner LLC, a Delaware limited liability company ("**Grantor**") and YSA Investments 1, LLC, a Delaware limited liability company ("**Grantee**").

Pursuant to that certain Agreement for Deed and Transfer in Lieu of Foreclosure of even date and in consideration of the promises set forth therein, Grantor does by these presents grant, bargain, and sell unto Grantee, its successors and assigns, all of Grantor's right, title and interest in and to the following described real estate situated in Oklahoma County, State of Oklahoma, together with all and singular the improvements thereon and the tenements, hereditaments, fixtures, and appurtenances thereunto belonging (the "**Property**") subject to easements, restrictive covenants and rights-of-way of record, zoning ordinances and prior, valid and superior mortgages and liens of record, including that Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing (the "Mortgage"), granted by Grantor to Grantee, and recorded in the records of the County Clerk of Oklahoma County, Oklahoma on October 31st, 2025 as Document Number 2025103101156535 in Book 16277 Page 224 to wit:

**Legal Description**

2200 N. Classen Blvd, Oklahoma City, OK:

**PARCEL A:**

**PART 1**

A tract of land being a part of Block TWENTY-TWO (22) in UNIVERSITY ADDITION to Oklahoma City, Oklahoma County, Oklahoma, recorded in Book 3 of Plats, Page 23A, said plat being in the Northeast Quarter (NE/4) of Section 29, Township 12 North, Range 3 West of the Indian Meridian, Oklahoma County, Oklahoma, being more particularly described as follows:

COMMENCING at the Southwest corner of said Block 22; thence N 00°01'10" East, along the West line of said Block 22, a distance of 122.78 feet to a point of curvature; thence Northerly along said West line and along a curve to he left having a radius of 1487.39 feet (said curve being subtended by a chord which bears North 01°36'26" West a distance of 84.44 feet) an arc distance of 84.45 feet to the POINT OF BEGINNING; thence continuing Northerly along said

West line and along a curve to the left having a radius of 1487.39 feet (said curve being subtended by a chord which bears North 05°01'47" West a distance of 93.23 feet) an arc distance of 93.25 feet to the Northwest corner of said Block 22; thence South 89°40'05" East, along the North line of said Block 22, a distance of 79.41 feet; thence South 29°42'55" East a distance of 29.69 feet; thence North 89°52'26" East a distance of 4.82 feet to a point on the line of an affixed overhang; thence South 29°42'58" East, along said affixed overhang, a distance of 84.65 feet; thence South 30°07'38" West, along said affixed overhang, distance of 9.83 feet to a point on a concrete wall in place for a stairwell; Thence among said concrete wall the following five (5) courses;

1. North 29°52'59" West a distance of 1.86 feet;
2. North 87°30'23" West a distance of 7.15 feet;
3. South 28°55'12" East a distance of 8.14 feet;
4. South 31°02'55" West a distance of 13.68 feet;
5. South 33°48'21" East a distance of 1.32 feet to a point on aforesaid affixed overhang;

Thence South 30°07'38" West, along said affixed overhang, a distance of 77.39 feet; thence South 89°50'21" West a distance of 20.76 feet; thence North 29°53'50" West a distance of 115.81 feet to the POINT OF BEGINNING.

**AND**

**PART II**

The airspace having a vertical component existing above an elevation of 120.00 feet (Base elevation is an assumed 100.00 for the ground level of the "Tower") and whose horizontal components are as follows:

A tract of land being a part of Block 22, UNIVERSITY ADDITION to Oklahoma City, Oklahoma County, Oklahoma, recorded in Book 3 of Plats, Page 23A said plat Being in the Northeast Quarter (NE/4) of Section 29, Township 12 North, Range 3 West of the Indian Meridian, Oklahoma County, Oklahoma, being more particularly described as follows:

COMMENCING at the Southwest corner of said Block 22;

Thence North 00°01'10" East, along the West line of said Block 22, a distance of 18.65 feet; Thence North 32°08'51 East a distance of 104.10 feet;

Thence North 89°50'21" East a distance of 20.76 feet to a post on an affixed overhang;

Thence North 30°07'38" East, along said affixed overhang, a distance of 57.43 feet to the POINT OF BEGINNING; Thence continuing North 30°07'38" East, along said affixed overhang, a distance of 19.96 feet to a point on a concrete wall in place for a stairwell;

Thence along said concrete wall the following five (5) courses:

2

6. North 33°48'21" West a distance of 1.32 feet;

7. North 31°02'55" East a distance of 13.68 feet;

8. North 28°55'12" West distance of 814 feet;

9. South 87°30'23° East a distance of 7.15 feet;

10. South 29°52'59" East a distance of 1.86 feet to a point on aforesaid affixed overhang;

Thence North 30°07'38" East along said affixed overhang, a distance of 9.83 feet; Thence North 29°42'55" West a distance of 67.38 feet; Thence North 90°00'00" East a distance of 18.04 feet; Thence South 29°56'00" East a distance of 60.15 feet; Thence South 30°07'38" West a distance of 58.02 feet; Thence North 89°58'46" West a distance of 10.94 feet to the POINT OF BEGINNING

**PARCEL B**

A track of land being a part of Block TWENTY-TWO (22) in UNIVERSITY ADDITION to Oklahoma City, Oklahoma County, Oklahoma, recorded in Book 3 of Plats, Page 23A, said plat being in the Northeast Quarter (NE/4) of Section 29, Township 12 North, Range 3 West of the Indian Meridian, Oklahoma County, Oklahoma, being more particularly described as follows:

COMMENCING at the Southwest corner of said Block 22; thence South 89°40'05" East, along the South line of said Block 22, a distance of 145.17 feet to the POINT OF BEGINNING; thence North 00°06'04" East a distance of 7.93 feet; thence North 89°59'19" East a distance of 2.05 feet; thence North 00°02'51" East a distance of 292.06 feet to a point on the North line of said Block 22; thence South 89°40'05" East, along said North line, a distance of 152.63 feet to the Northeast corner of said Block 22; thence South 00°01'10" West, along the East line of said Block 22, a distance of 300.00 feet to the Southeast corner of said Block 22; thence North 89°40'05" West, along the South line of said Block 22, a distance of 154.83 feet to the POINT OF BEGINNING.

TO HAVE AND TO HOLD the Property forever, free and clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and encumbrances of whatsoever nature, EXCEPT those described above.

This Special Warranty Deed is tendered in lieu of foreclosure of the Mortgage, and it is the express intent of the parties hereto that the Mortgage shall not merge with this deed, but shall continue in full force and effect as a lien on the Property. The Mortgage shall remain in effect until such Mortgage is affirmatively released by Grantee or merged into an action to foreclose such Mortgage. Grantee may, at any time in its sole discretion, maintain an action to foreclose the Mortgage described above.

This Special Warranty Deed represents an absolute conveyance of all of Grantor's right, title and interest in and to the Property, including Grantor's equity or right of redemption, and is

3

not intended as a mortgage, security instrument or trust conveyance of any kind.

Grantor, its successors and assigns, do hereby covenant, promise and agree to and with Grantee, at the delivery of this Special Warranty Deed that Grantor is lawfully seized in its own right of an absolute and indefeasible estate of inheritance in fee simple, of and in the Property; that the Property is free, clear and discharged and unencumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments and encumbrances, of whatsoever nature and kind, EXCEPT those described above; and that Grantor will WARRANT AND FOREVER DEFEND the same unto the Grantee, its successors and assigns, against any and all acts, conveyances, liens and encumbrances affecting such Property made or suffered to be made or done by, through or under Grantor.

IN WITNESS WHEREOF, Grantor has executed and delivered this Special Warranty Deed as of the day and year first above written.

**A-V Classen Owner LLC, a  Delaware limited liability company,**

By:_____

    Aharon Diveroli, Authorized Representative of
    Lender; the Attorney in Fact on behalf of and
    Authorized Representative of A-V Classen Owner LLC

### ACKNOWLEDGMENT

STATE OF FLORIDA     )
                        )    ss.
COUNTY OF MIAMI-DADE )

Before me, the undersigned, a Notary Public in and for said County and State, on this 17th day of June, 2026, personally appeared Aharon Diveroli, as authorized representative of YSA Investments 1, LLC, a Delaware limited liability company, the Attorney-in-fact on behalf of, and authorized representative of,  A-V Classen Owner LLC, a  Delaware limited liability company, to me known to be the identical person who executed the within and foregoing instrument, and acknowledged to me that he executed the same as his free and voluntary act and deed, for the uses and purposes therein set forth.

WITNESS MY HAND AND SEAL the day and year last above written.

_____
NOTARY PUBLIC

My Commission Expires:
_12/19/2027_____

My Commission No.:
_HH474601_____

FELIPE MENEZES
Commission # HH 474601
Expires December 19, 2027

4

OAG 2024-3 – BUSINESS/TRUST EXEMPTION     **Exhibit to Deed**

## AFFIDAVIT OF LAND OWNERSHIP: EXEMPT BUSINESS OR TRUST

STATE OF  Florida                                    )
                                                     )   ss.
COUNTY OF Miami-Dade                                 )

TO:     THE ATTORNEY GENERAL OF THE STATE OF OKLAHOMA

Before me, the undersigned Aharon Diveroli
(list legal name and any aliases) (the "Affiant"), who, having been first duly sworn, deposes and states as of the date of this Affidavit:

1.  I am eighteen (18) years of age or older and have personal knowledge of the statements made herein.

2.  I am a/an Authorized Representative _____ (role, such as titled officer or trustee) of
    YSA Investments 1, LLC, a Delaware limited liability company _____ (legal name, along with any trade or fictitious names, of business, trust, or other legal entity) (referred to herein as the "Entity"). I am duly authorized to record this Affidavit on behalf of the Entity, which took title to the real property identified in the Deed to which this Affidavit is attached (the "Property"), and to bind the Entity for the consequences of any false statements in this Affidavit.

3.  This Affidavit is executed in accordance with and pursuant to 60 O.S. § 121, which provides in part as follows: No alien or any person who is not a citizen of the United States or foreign government adversary shall acquire title to or own land in this state either directly or indirectly through a business entity, trust, or foreign government enterprise, except as hereinafter provided, but they shall have and enjoy in this state such rights as to personal property as are, or shall be, accorded a citizen of the United States under the laws of the nation to which such alien belongs, or by the treaties of such nation with the United States, except as the same may be affected by the provisions of Section 121 et seq. of this title or the Constitution of this state. Provided, however, the requirements of this subsection shall not apply to a business entity that is engaged in regulated interstate commerce or has a national security agreement with the Committee on Foreign Investment in the United States (CFIUS) in accordance with federal law.

4.  For purposes of this Affidavit, I acknowledge and understand that to be "engaged in regulated interstate commerce in accordance with federal law," means all the Entity's business activities in Oklahoma must be either: (a) expressly permitted by federal regulation or federal law, or (b) not prohibited by federal regulation or federal law. I further acknowledge and understand that an entity engaged in or supporting the cultivation of marijuana in Oklahoma is not "engaged in regulated interstate commerce in accordance with federal law." I have read the provisions of 60 O.S. § 121 and this Affidavit and certify that the Entity is engaged in regulated interstate commerce in accordance with federal law.

5.  No funding source is being used in the sale or transfer of the Property in violation of 60 O.S. § 121 or any other state or federal law.

6.  I acknowledge and understand that making or causing to be made a false statement in this affidavit may subject me to criminal prosecution for perjury and/or subject me and/or the Entity to being liable for actual damages suffered or incurred by any person or other entity as a result or consequence of the making of or reliance upon such false statement.

FURTHER AFFIANT SAYETH NOT.

_____          6\18\26
AFFIANT, individually and as authorized agent of the Entity          Date

The foregoing instrument was subscribed and sworn to before me this 15 day of JUNE
2026 by AHARON DIVEROLI

My Commission Expires: _____          RAUL CHAVARRIA
                                        Commission # HH 480996          _____
My Commission Number: _____          Expires March 6, 2028          NOTARY PUBLIC

Tulsa County Clerk - MICHAEL WILLIS
Doc #: 2026056483 Page(s): 4 Recorded: 06/18/2026 04:08:34 PM
Receipt #: 2026-39734 Fees: $24.00
*****ELECTRONICALLY FILED DOCUMENT*****



# SPECIAL WARRANTY DEED
### (Deed-in-lieu of foreclosure)

**This deed is exempt from documentary stamps pursuant to 68 Okl.Stat.Ann. §3202(13).**

THIS SPECIAL WARRANTY DEED made this 17th day of June, 2026, between A-V Village Creek Owner LLC, a Delaware limited liability company ("**Grantor**") and YSA Investments 1, LLC, a Delaware limited liability company ("**Grantee**").

Pursuant to that certain Agreement for Deed and Transfer in Lieu of Foreclosure of even date and in consideration of the promises set forth therein, Grantor does by these presents grant, bargain, and sell unto Grantee, its successors and assigns, all of Grantor's right, title and interest in and to the following described real estate situated in Tulsa County, State of Oklahoma, together with all and singular the improvements thereon and the tenements, hereditaments, fixtures, and appurtenances thereunto belonging (the "**Property**") subject to easements, restrictive covenants and rights-of-way of record, zoning ordinances and prior, valid and superior mortgages and liens of record, including that Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing (the "Mortgage"), granted by Grantor to Grantee, and recorded in the records of the County Clerk of Tulsa County, Oklahoma on October 31st, 2025 as Document Number 2025099637 to wit:

### Legal Description

**TRACT 1:** A tract of land that is part of Lot Two (2), Block Two (2), of BLOCKS 2 & 3 OF SOUTHERN CROSS ADDITION, a Subdivision to the City of Tulsa, Tulsa County, State of Oklahoma, according to the recorded Plat No. 3336, said tract being more particularly described as follows, to-wit: BEGINNING at a point that is the Northwest corner of Block One (1) of Southern Cross Addition; Thence Easterly along a Northerly line of said Block One (1) for 625.00 feet to the Southwest corner of Lot One (1) in Block Two (2) of Blocks 2 and 3 of Southern Cross Addition; Thence Northerly along a deflection angle to the left of 89°52'30" and along the Westerly line of said Lot One (1) for 170.56 feet to the Northwest corner thereof; Thence Westerly along a deflection angle to the left of 90°10'45" and along the Southerly Right-of-Way line of East 67th Street South for 610.31 feet to a point of curve; Thence Westerly, Northwesterly, and Northerly along said Right-of-Way line on a curve to the right with a central angle of 126°00'00" and a radius of 175.00 feet for 384.85 feet to a point of tangency: Thence continuing along said tangency and along said Right-of-Way for 78.06 feet, Thence Northwesterly along a deflection angle to the left of 90°00'03" for 126.97 feet; Thence Southwesterly at a right angle for 132.00 feet; Thence Northwesterly at a right angle for 19.60 feet: Thence Southwesterly at a right angle for 129.60 feet; Thence Westerly along a deflection

angle to the right of 53°63'18" for 55.44 feet; Thence Southerly at a right angle for 43.00 feet, Thence Westerly at a right angle for 32.00 feet; Thence Southwesterly along a deflection angle to the left of 36°06'09" for 189.59 feet; Thence continuing Southwesterly along a deflection angle to the left of 02°52'55" for 68.81 feet; Thence Southerly along a deflection angle to the left of 51°00'56" for 133.00 feet; Thence Southeasterly along a deflection angle to the left of 78°41'30" for 71.39 feet; Thence Easterly along a deflection angle to the left of 11°18'30" for 107.00 feet; Thence Southerly along a deflection angle to the right of 95°32'00" for 95.44 feet; Thence Westerly along a deflection angle to the right of 84°28'00" for 132.80 feet; Thence Southerly at a right angle for 248.00 feet to a point on the most Southerly line of said Block Two (2), said point being 644.98 feet Easterly of the most Southerly Southwest corner of Block Two (2); Thence Easterly at a right angle along said Southerly line for 611.00 feet to the Southwest corner of Block One (1) of Southern Cross Addition; Thence Northerly along a deflection angle to the left of 89°52'30" and along the Westerly line of said Block One (1) for 300.00 feet to the POINT OF BEGINNING of said tract of land.

**TRACT 2 (Tennis Court):** A tract of land that is part of Lot Two (2), Block Two (2), of BLOCKS 2 & 3 OF SOUTHERN CROSS ADDITION, a Subdivision to the City of Tulsa, Tulsa County, State of Oklahoma, according to the recorded Plat No. 3336, said tract being more particularly described as follows, to-wit: COMMENCING at a point that is the Northwest corner of Block One (1), of Southern Cross Addition; Thence Easterly along a Northerly line of said Block One (1) for 625.00 feet to the Southwest corner of Lot One (1) in Block Two (2) of Blocks 2 and 3 of Southern Cross Addition; Thence Northerly along a deflection angle to the left of 89°52'30" and along the Westerly line of said Lot One (1) for 170.56 feet to the Northwest corner thereof, Thence Westerly along a deflection angle to the left of 90°00'45" and along the Southerly Right-of-Way line of East 67th Street South for 610.31 feet to a point of curve: Thence Westerly, Northwesterly, and Northerly along said Right-of-Way line on a curve to the right with a central angle of 126°00'00" and a radius of 175.00 feet for 384.85 feet to a point of tangency; Thence continuing along said tangency and along said Right-of-Way for 78.06 feet to the Point of Beginning of said tract of land; Thence Northwesterly along a deflection angle to the left of 90°00'03" for 126.97 feet; Thence Southwesterly at a right angle for 132.00 feet; Thence Northwesterly at a right angle for 19.60 feet; Thence Southwesterly at a right angle for 129.60 feet; Thence Westerly along a deflection angle to the right of 53°53'18" for 55.44 feet; Thence Southerly at a right angle for 43.00 feet; Thence Westerly at a right angle for 32.00 feet; Thence Southwesterly along a deflection angle to the left of 36°06'09" for 189.59 feet, Thence continuing Southwesterly along a deflection angle to the left of 2°52'55" for 68.81 feet; Thence Northerly along a deflection angle to the right of 128°59'04" for 67.88 feet to a point on the Northwesterly line of Block Two (2); Thence Northeasterly along a deflection angle to the right of 54°59'50" for 0.00 feet to a point of curve; Thence Northeasterly along the Northwesterly line of said Block Two (2) and along a curve to the left with a radius of 1281.28 feet and a central angle of 24°42'19" for 552.47 feet to a point of tangency; Thence Northeasterly along said tangency for 52.63 feet; Thence Southeasterly along a deflection angle to the right of 95°49'14" for 250.44 feet to a point on the Northwesterly Right-of- Way line of Zunis Avenue; Thence Southwesterly along a deflection angle to the right of 90°00'00" for 56.94 feet to the POINT OF BEGINNING of said tract of land.

TO HAVE AND TO HOLD the Property forever, free and clear and discharged of and

from all former grants, charges, taxes, judgments, mortgages and other liens and encumbrances of whatsoever nature, EXCEPT those described above.

This Special Warranty Deed is tendered in lieu of foreclosure of the Mortgage, and it is the express intent of the parties hereto that the Mortgage shall not merge with this deed, but shall continue in full force and effect as a lien on the Property. The Mortgage shall remain in effect until such Mortgage is affirmatively released by Grantee or merged into an action to foreclose such Mortgage. Grantee may, at any time in its sole discretion, maintain an action to foreclose the Mortgage described above.

This Special Warranty Deed represents an absolute conveyance of all of Grantor's right, title and interest in and to the Property, including Grantor's equity or right of redemption, and is not intended as a mortgage, security instrument or trust conveyance of any kind.

Grantor, its successors and assigns, do hereby covenant, promise and agree to and with Grantee, at the delivery of this Special Warranty Deed that Grantor is lawfully seized in its own right of an absolute and indefeasible estate of inheritance in fee simple, of and in the Property; that the Property is free, clear and discharged and unencumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments and encumbrances, of whatsoever nature and kind, EXCEPT those described above; and that Grantor will WARRANT AND FOREVER DEFEND the same unto the Grantee, its successors and assigns, against any and all acts, conveyances, liens and encumbrances affecting such Property made or suffered to be made or done by, through or under Grantor.

IN WITNESS WHEREOF, Grantor has executed and delivered this Special Warranty Deed as of the day and year first above written.

*SIGNATURE PAGE TO FOLLOW*

3

**A-V Village Creek Owner LLC, a  Delaware limited liability company,**

By:_____

    Aharon Diveroli, Authorized Representative of
    Lender; the Attorney in Fact on behalf of and
    Authorized Representative of A-V Village Creek Owner LLC

## ACKNOWLEDGMENT

STATE OF FLORIDA      )
                         )    ss.
COUNTY OF MIAMI-DADE )

        Before me, the undersigned, a Notary Public in and for said County and State, on this 17th day of June, 2026, personally appeared Aharon Diveroli, as authorized representative of YSA Investments 1, LLC, a Delaware limited liability company, the Attorney-in-fact on behalf of, and authorized representative of,  A-V Village Creek Owner LLC, a  Delaware limited liability company, to me known to be the identical person who executed the within and foregoing instrument, and acknowledged to me that he executed the same as his free and voluntary act and deed, for the uses and purposes therein set forth.

        WITNESS MY HAND AND SEAL the day and year last above written.

_____
NOTARY PUBLIC

My Commission Expires:
12/19/2027

My Commission No.:
HH474601

FELIPE MENEZES
Commission # HH 474601
Expires December 19, 2027

4

2026062201091421   B: 16522 P: 1606
06/22/2026 03:29:20 PM  Pgs: 4
Fee: $24.00
Maressa Treat, County Clerk
Oklahoma County - State of Oklahoma



## SPECIAL WARRANTY DEED
### (Deed-in-lieu of foreclosure)

**This deed is exempt from documentary stamps pursuant to 68 Okl.Stat.Ann. §3202(13).**

THIS SPECIAL WARRANTY DEED made this 17th day of June, 2026, between Bryan Hill's Best Living LLC, a Delaware limited liability company ("**Grantor**") and YSA Investments 1, LLC, a Delaware limited liability company ("**Grantee**").

Pursuant to that certain Agreement for Deed and Transfer in Lieu of Foreclosure of even date and in consideration of the promises set forth therein, Grantor does by these presents grant, bargain, and sell unto Grantee, its successors and assigns, all of Grantor's right, title and interest in and to the following described real estate situated in Oklahoma County, State of Oklahoma, together with all and singular the improvements thereon and the tenements, hereditaments, fixtures, and appurtenances thereunto belonging (the "**Property**") subject to easements, restrictive covenants and rights-of-way of record, zoning ordinances and prior, valid and superior mortgages and liens of record, including that Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing (the "Mortgage"), granted by Grantor to Grantee, and recorded in the records of the County Clerk of Oklahoma County, Oklahoma on October 31st, 2025 as Document No. 2025103101156521 in Book 16277 Page 53 to wit:

### LEGAL DESCRIPTION

**Tract 1**
A part of the Northeast Quarter (NE 1/4) of the Northeast Quarter (NE 1/4 of Section Twenty (20), Township Twelve (12) North, Range Four (4) West of the Indian Meridian, Oklahoma County, Oklahoma, more particularly described as follows: BEGINNING 505 FEET West of the Northeast corner of said Northeast Quarter (NE 1/4); THENCE South (record) ( S00°28'50" W measured) 431.80 feet; THENCE West 155.17 feet; THENCE South (record) (S~00°28'50" W measured) 322.50 feet; THENCE West 493.80 feet (record) (484.99 feet measured); THENCE North (record) (N 00°22'26" E measured) 484.30 feet; THENCE East 160.30 feet (record) (152.39 feet measured); THENCE North (record) (N 00°28'50" E measured) 270.00 feet; THENCE East 488.67 feet to the POINT OR PLACE OF BEGINNING.

**Tract 2**
A part of the Northeast Quarter (NE 1/4) of the Northeast Quarter (NE 1/4) of Section Twenty (20), Township Twelve (12) North, Range Four (4) West of the Indian Meridian, Oklahoma County, Oklahoma, more particularly described as follows BEGINNING at a point Seventy (70) rods (record) (1146.62 feet measured) West of the Northeast corner of Section Twenty (20),

Township Twelve (12) North, Range Four (4) West of the Indian Meridian; THENCE South (record) (800°28'50" W measured) 270.00 feet; THENCE East 166 1/3 feet (record) (152.39 feet measured); THENCE North (record) (N~00°28'50" E measured) 270.00 feet; THENCE West 166 N3 feet (record) (152/90 feet measured) to the POINT OR PLACE OF BEGINNING.

TO HAVE AND TO HOLD the Property forever, free and clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and encumbrances of whatsoever nature, EXCEPT those described above.

This Special Warranty Deed is tendered in lieu of foreclosure of the Mortgage, and it is the express intent of the parties hereto that the Mortgage shall not merge with this deed, but shall continue in full force and effect as a lien on the Property. The Mortgage shall remain in effect until such Mortgage is affirmatively released by Grantee or merged into an action to foreclose such Mortgage. Grantee may, at any time in its sole discretion, maintain an action to foreclose the Mortgage described above.

This Special Warranty Deed represents an absolute conveyance of all of Grantor's right, title and interest in and to the Property, including Grantor's equity or right of redemption, and is not intended as a mortgage, security instrument or trust conveyance of any kind.

Grantor, its successors and assigns, do hereby covenant, promise and agree to and with Grantee, at the delivery of this Special Warranty Deed that Grantor is lawfully seized in its own right of an absolute and indefeasible estate of inheritance in fee simple, of and in the Property; that the Property is free, clear and discharged and unencumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments and encumbrances, of whatsoever nature and kind, EXCEPT those described above; and that Grantor will WARRANT AND FOREVER DEFEND the same unto the Grantee, its successors and assigns, against any and all acts, conveyances, liens and encumbrances affecting such Property made or suffered to be made or done by, through or under Grantor.

IN WITNESS WHEREOF, Grantor has executed and delivered this Special Warranty Deed as of the day and year first above written.

*SIGNATURE PAGES TO FOLLOW*

2

**Bryan Hill's Best Living LLC, a  Delaware limited liability company,**

By:_____

    Aharon Diveroli, Authorized Representative of
Lender; the Attorney in Fact on behalf of and
Authorized Representative of Bryan Hill's Best
Living LLC

## ACKNOWLEDGMENT

STATE OF FLORIDA       )
                      )    ss.
COUNTY OF MIAMI-DADE )

    Before me, the undersigned, a Notary Public in and for said County and State, on 17th day of June, 2026, personally appeared Aharon Diveroli, as authorized representative of YSA Investments 1, LLC, a Delaware limited liability company, the Attorney-in-fact on behalf of, and authorized representative of,  Bryan Hill's Best Living LLC, a  Delaware limited liability company, to me known to be the identical person who executed the within and foregoing instrument, and acknowledged to me that he executed the same as his free and voluntary act and deed, for the uses and purposes therein set forth.

    WITNESS MY HAND AND SEAL the day and year last above written.

_____
NOTARY PUBLIC

My Commission Expires:
12/19/2027

My Commission No.:
HH474601

FELIPE MENEZES
Commission # HH 474601
Expires December 19, 2027

3

OAG 2024-3 – BUSINESS/TRUST EXEMPTION        **Exhibit to Deed**

AFFIDAVIT OF LAND OWNERSHIP: EXEMPT BUSINESS OR TRUST

STATE OF  Florida _____  )

                                                            )    ss.

COUNTY OF Miami-Dade _____  )

TO:      THE ATTORNEY GENERAL OF THE STATE OF OKLAHOMA

Before me, the undersigned  Aharon Diveroli _____

(list legal name and any aliases) (the "Affiant"), who, having been first duly sworn, deposes and states as of the date of this Affidavit:

1.  I am eighteen (18) years of age or older and have personal knowledge of the statements made herein.

2.  I am a/an Authorized Representative _____ (role, such as titled officer or trustee) of

    YSA Investments 1, LLC, a Delaware limited liability company _____ (legal name, along with any trade or fictitious names, of business, trust, or other legal entity) (referred to herein as the "Entity"). I am duly authorized to record this Affidavit on behalf of the Entity, which took title to the real property identified in the Deed to which this Affidavit is attached (the "Property"), and to bind the Entity for the consequences of any false statements in this Affidavit.

3.  This Affidavit is executed in accordance with and pursuant to 60 O.S. § 121, which provides in part as follows: No alien or any person who is not a citizen of the United States or foreign government adversary shall acquire title to or own land in this state either directly or indirectly through a business entity, trust, or foreign government enterprise, except as hereinafter provided, but they shall have and enjoy in this state such rights as to personal property as are, or shall be, accorded a citizen of the United States under the laws of the nation to which such alien belongs, or by the treaties of such nation with the United States, except as the same may be affected by the provisions of Section 121 et seq. of this title or the Constitution of this state. Provided, however, the requirements of this subsection shall not apply to a business entity that is engaged in regulated interstate commerce or has a national security agreement with the Committee on Foreign Investment in the United States (CFIUS) in accordance with federal law.

4.  For purposes of this Affidavit, I acknowledge and understand that to be "engaged in regulated interstate commerce in accordance with federal law," means all the Entity's business activities in Oklahoma must be either: (a) expressly permitted by federal regulation or federal law, or (b) not prohibited by federal regulation or federal law. I further acknowledge and understand that an entity engaged in or supporting the cultivation of marijuana in Oklahoma is not "engaged in regulated interstate commerce in accordance with federal law." I have read the provisions of 60 O.S. § 121 and this Affidavit and certify that the Entity is engaged in regulated interstate commerce in accordance with federal law.

5.  No funding source is being used in the sale or transfer of the Property in violation of 60 O.S. § 121 or any other state or federal law.

6.  I acknowledge and understand that making or causing to be made a false statement in this affidavit may subject me to criminal prosecution for perjury and/or subject me and/or the Entity to being liable for actual damages suffered or incurred by any person or other entity as a result or consequence of the making of or reliance upon such false statement.

FURTHER AFFIANT SAYETH NOT.

_____        6\19\26
AFFIANT, individually and as authorized agent of the Entity        Date

The foregoing instrument was subscribed and sworn to before me this 15 day of ___JUNE_____

20 26 by _AHARON DIVEROLI_____

                              RAUL CHAVARRIA        _____
My Commission Expires: _____  Commission # HH 480996        NOTARY PUBLIC
                              Expires March 6, 2028
My Commission Number: _____

Case 26-00176  Doc 10-4  Filed 07/21/26  Page 24 of 75

Tulsa County Clerk - MICHAEL WILLIS
Doc #: 2026057371 Page(s): 3 Recorded: 06/23/2026 01:52:16 PM
Receipt #: 2026-40339 Fees: $22.00

*****ELECTRONICALLY FILED DOCUMENT*****



# SPECIAL WARRANTY DEED
### (Deed-in-lieu of foreclosure)

**This deed is exempt from documentary stamps pursuant to 68 Okl.Stat.Ann. §3202(13).**

THIS SPECIAL WARRANTY DEED made this 17th day of June, 2026, between Jenk's Best Living LLC, a Kansas limited liability company ("**Grantor**") and YSA Investments 1, LLC, a Delaware limited liability company ("**Grantee**").

Pursuant to that certain Agreement for Deed and Transfer in Lieu of Foreclosure of even date and in consideration of the promises set forth therein, Grantor does by these presents grant, bargain, and sell unto Grantee, its successors and assigns, all of Grantor's right, title and interest in and to the following described real estate situated in Tulsa County, State of Oklahoma, together with all and singular the improvements thereon and the tenements, hereditaments, fixtures, and appurtenances thereunto belonging (the "**Property**") subject to easements, restrictive covenants and rights-of-way of record, zoning ordinances and prior, valid and superior mortgages and liens of record, including that Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing (the "Mortgage"), granted by Grantor to Grantee, and recorded in the records of the County Clerk of Tulsa County, Oklahoma on October 31st, 2025 as Document Number 2025099639 to wit:

### Legal Description

VILLAGE ON MAIN II, an Addition to the City of Jenks, Tulsa County, State of Oklahoma, according to the Recorded Plat thereof.

TO HAVE AND TO HOLD the Property forever, free and clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and encumbrances of whatsoever nature, EXCEPT those described above.

This Special Warranty Deed is tendered in lieu of foreclosure of the Mortgage, and it is the express intent of the parties hereto that the Mortgage shall not merge with this deed, but shall continue in full force and effect as a lien on the Property. The Mortgage shall remain in effect until such Mortgage is affirmatively released by Grantee or merged into an action to foreclose such Mortgage. Grantee may, at any time in its sole discretion, maintain an action to foreclose the Mortgage described above.

This Special Warranty Deed represents an absolute conveyance of all of Grantor's right,

title and interest in and to the Property, including Grantor's equity or right of redemption, and is not intended as a mortgage, security instrument or trust conveyance of any kind.

Grantor, its successors and assigns, do hereby covenant, promise and agree to and with Grantee, at the delivery of this Special Warranty Deed that Grantor is lawfully seized in its own right of an absolute and indefeasible estate of inheritance in fee simple, of and in the Property; that the Property is free, clear and discharged and unencumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments and encumbrances, of whatsoever nature and kind, EXCEPT those described above; and that Grantor will WARRANT AND FOREVER DEFEND the same unto the Grantee, its successors and assigns, against any and all acts, conveyances, liens and encumbrances affecting such Property made or suffered to be made or done by, through or under Grantor.

IN WITNESS WHEREOF, Grantor has executed and delivered this Special Warranty Deed as of the day and year first above written.

**Jenk's Best Living LLC, a Kansas limited liability company,**

By:_____

    Aharon Diveroli, Authorized Representative of
Lender; the Attorney in Fact on behalf of and
Authorized Representative of Jenk's Best Living LLC

**ACKNOWLEDGMENT**

STATE OF FLORIDA     )
                     )   ss.
COUNTY OF MIAMI-DADE )

Before me, the undersigned, a Notary Public in and for said County and State, on this 17th day of June, 2026, personally appeared Aharon Diveroli, as authorized representative of YSA Investments 1, LLC, a Delaware limited liability company, the Attorney-in-fact on behalf of, and authorized representative of, Jenk's Best Living LLC, a Kansas limited liability company, to me known to be the identical person who executed the within and foregoing instrument, and acknowledged to me that he executed the same as his free and voluntary act and deed, for the uses and purposes therein set forth.

WITNESS MY HAND AND SEAL the day and year last above written.

_____
NOTARY PUBLIC

My Commission Expires:
12/19/2027

My Commission No.:
HH474601

FELIPE MENEZES
Commission # HH 474601
Expires December 19, 2027

2

OAG 2024-3 – BUSINESS/TRUST EXEMPTION        **Exhibit to Deed**

## AFFIDAVIT OF LAND OWNERSHIP: EXEMPT BUSINESS OR TRUST

STATE OF    Florida                                              )
                                                                )    ss.
COUNTY OF Miami-Dade                                            )

TO:      THE ATTORNEY GENERAL OF THE STATE OF OKLAHOMA

Before me, the undersigned Aharon Diveroli
(list legal name and any aliases) (the "Affiant"), who, having been first duly sworn, deposes and states as of the date of this Affidavit:

1.  I am eighteen (18) years of age or older and have personal knowledge of the statements made herein.

2.  I am a/an Authorized Representative                                 (role, such as titled officer or trustee) of

    YSA Investments 1, LLC, a Delaware limited liability company        (legal name,
    along with any trade or fictitious names, of business, trust, or other legal entity) (referred to herein as the "Entity").
    I am duly authorized to record this Affidavit on behalf of the Entity, which took title to the real property identified
    in the Deed to which this Affidavit is attached (the "Property"), and to bind the Entity for the consequences of
    any false statements in this Affidavit.

3.  This Affidavit is executed in accordance with and pursuant to 60 O.S. § 121, which provides in part as follows:
    No alien or any person who is not a citizen of the United States or foreign government adversary
    shall acquire title to or own land in this state either directly or indirectly through a business
    entity, trust, or foreign government enterprise, except as hereinafter provided, but they shall
    have and enjoy in this state such rights as to personal property as are, or shall be, accorded
    a citizen of the United States under the laws of the nation to which such alien belongs, or by
    the treaties of such nation with the United States, except as the same may be affected by the
    provisions of Section 121 et seq. of this title or the Constitution of this state. Provided, however,
    the requirements of this subsection shall not apply to a business entity that is engaged in
    regulated interstate commerce or has a national security agreement with the Committee on
    Foreign Investment in the United States (CFIUS) in accordance with federal law.

4.  For purposes of this Affidavit, I acknowledge and understand that to be "engaged in regulated interstate
    commerce in accordance with federal law," means all the Entity's business activities in Oklahoma must be
    either: (a) expressly permitted by federal regulation or federal law, or (b) not prohibited by federal regulation
    or federal law. I further acknowledge and understand that an entity engaged in or supporting the cultivation
    of marijuana in Oklahoma is not "engaged in regulated interstate commerce in accordance with federal law." I
    have read the provisions of 60 O.S. § 121 and this Affidavit and certify that the Entity is engaged in regulated
    interstate commerce in accordance with federal law.

5.  No funding source is being used in the sale or transfer of the Property in violation of 60 O.S. § 121 or any
    other state or federal law.

6.  I acknowledge and understand that making or causing to be made a false statement in this affidavit may
    subject me to criminal prosecution for perjury and/or subject me and/or the Entity to being liable for actual
    damages suffered or incurred by any person or other entity as a result or consequence of the making of or
    reliance upon such false statement.

FURTHER AFFIANT SAYETH NOT.

_____                    6\19\26
AFFIANT, individually and as authorized agent of the Entity        Date

The foregoing instrument was subscribed and sworn to before me this 15 day of  JUNE                ,
20 26 by  AHARON  Diveroli

                                                                    _____
                                   RAUL CHAVARRIA                    NOTARY PUBLIC
My Commission Expires:            Commission # HH 480996
                                  Expires March 6, 2029
My Commission Number:

Tulsa County Clerk - MICHAEL WILLIS
Doc #: 2026057080 Page(s): 3 Recorded: 06/23/2026 08:14:45 AM
Receipt #: 2026-40136 Fees: $22.00

*****ELECTRONICALLY FILED DOCUMENT*****



# SPECIAL WARRANTY DEED
### (Deed-in-lieu of foreclosure)

**This deed is exempt from documentary stamps pursuant to 68 Okl.Stat.Ann. §3202(13).**

THIS SPECIAL WARRANTY DEED made this 17th day of June, 2026, between Lakeside Best Living LLC, a Delaware limited liability company ("**Grantor**") and YSA Investments 1, LLC, a Delaware limited liability company ("**Grantee**").

Pursuant to that certain Agreement for Deed and Transfer in Lieu of Foreclosure of even date and in consideration of the promises set forth therein, Grantor does by these presents grant, bargain, and sell unto Grantee, its successors and assigns, all of Grantor's right, title and interest in and to the following described real estate situated in Tulsa County, State of Oklahoma, together with all and singular the improvements thereon and the tenements, hereditaments, fixtures, and appurtenances thereunto belonging (the "**Property**") subject to easements, restrictive covenants and rights-of-way of record, zoning ordinances and prior, valid and superior mortgages and liens of record, including that Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing (the "Mortgage"), granted by Grantor to Grantee, and recorded in the records of the County Clerk of Tulsa County, Oklahoma on October 31st, 2025 as Document Number 2025099640 to wit:

### Legal Description

Lot One (1), Block Thirty-Nine (39), BLOCKS 39 and 40, LONGVIEW LAKE ESTATES, an Addition in Tulsa County, State of Oklahoma, according to Recorded Plat No. 3491.

TO HAVE AND TO HOLD the Property forever, free and clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and encumbrances of whatsoever nature, EXCEPT those described above.

This Special Warranty Deed is tendered in lieu of foreclosure of the Mortgage, and it is the express intent of the parties hereto that the Mortgage shall not merge with this deed, but shall continue in full force and effect as a lien on the Property. The Mortgage shall remain in effect until such Mortgage is affirmatively released by Grantee or merged into an action to foreclose such Mortgage. Grantee may, at any time in its sole discretion, maintain an action to foreclose the Mortgage described above.

This Special Warranty Deed represents an absolute conveyance of all of Grantor's right,

title and interest in and to the Property, including Grantor's equity or right of redemption, and is not intended as a mortgage, security instrument or trust conveyance of any kind.

Grantor, its successors and assigns, do hereby covenant, promise and agree to and with Grantee, at the delivery of this Special Warranty Deed that Grantor is lawfully seized in its own right of an absolute and indefeasible estate of inheritance in fee simple, of and in the Property; that the Property is free, clear and discharged and unencumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments and encumbrances, of whatsoever nature and kind, EXCEPT those described above; and that Grantor will WARRANT AND FOREVER DEFEND the same unto the Grantee, its successors and assigns, against any and all acts, conveyances, liens and encumbrances affecting such Property made or suffered to be made or done by, through or under Grantor.

IN WITNESS WHEREOF, Grantor has executed and delivered this Special Warranty Deed as of the day and year first above written.

**Lakeside Best Living LLC, a  Delaware limited liability company,**

By:_____
    Aharon Diveroli, Authorized Representative of
    Lender; the Attorney in Fact on behalf of and
    Authorized Representative of Lakeside Best Living LLC

**ACKNOWLEDGMENT**

STATE OF FLORIDA    )
                    )   ss.
COUNTY OF MIAMI-DADE )

Before me, the undersigned, a Notary Public in and for said County and State, on this 17th day of June, 2026, personally appeared Aharon Diveroli, as authorized representative of YSA Investments 1, LLC, a Delaware limited liability company, the Attorney-in-fact on behalf of, and authorized representative of, Lakeside Best Living LLC, a  Delaware limited liability company, to me known to be the identical person who executed the within and foregoing instrument, and acknowledged to me that he executed the same as his free and voluntary act and deed, for the uses and purposes therein set forth.

WITNESS MY HAND AND SEAL the day and year last above written.

_____
NOTARY PUBLIC

My Commission Expires:
12/19/2027

My Commission No.:
HH 474601

FELIPE MENEZES
Commission # HH 474601
Expires December 19, 2027

2

Doc #: 2026057080   Page 3 of 3

OAG 2024-3 – BUSINESS/TRUST EXEMPTION        **Exhibit to Deed**

## AFFIDAVIT OF LAND OWNERSHIP: EXEMPT BUSINESS OR TRUST

STATE OF   Florida                                          )
                                                           )        ss.
COUNTY OF Miami-Dade                                        )

TO:     THE ATTORNEY GENERAL OF THE STATE OF OKLAHOMA

Before me, the undersigned Aharon Diveroli
(list legal name and any aliases) (the "Affiant"), who, having been first duly sworn, deposes and states as of the date of this Affidavit:

1.  I am eighteen (18) years of age or older and have personal knowledge of the statements made herein.

2.  I am a/an Authorized Representative _____ (role, such as titled officer or trustee) of
    YSA Investments 1, LLC, a Delaware limited liability company _____ (legal name,
    along with any trade or fictitious names, of business, trust, or other legal entity) (referred to herein as the "Entity").
    I am duly authorized to record this Affidavit on behalf of the Entity, which took title to the real property identified
    in the Deed to which this Affidavit is attached (the "Property"), and to bind the Entity for the consequences of
    any false statements in this Affidavit.

3.  This Affidavit is executed in accordance with and pursuant to 60 O.S. § 121, which provides in part as follows:
    No alien or any person who is not a citizen of the United States or foreign government adversary
    shall acquire title to or own land in this state either directly or indirectly through a business
    entity, trust, or foreign government enterprise, except as hereinafter provided, but they shall
    have and enjoy in this state such rights as to personal property as are, or shall be, accorded
    a citizen of the United States under the laws of the nation to which such alien belongs, or by
    the treaties of such nation with the United States, except as the same may be affected by the
    provisions of Section 121 et seq. of this title or the Constitution of this state. Provided, however,
    the requirements of this subsection shall not apply to a business entity that is engaged in
    regulated interstate commerce or has a national security agreement with the Committee on
    Foreign Investment in the United States (CFIUS) in accordance with federal law.

4.  For purposes of this Affidavit, I acknowledge and understand that to be "engaged in regulated interstate
    commerce in accordance with federal law," means all the Entity's business activities in Oklahoma must be
    either: (a) expressly permitted by federal regulation or federal law, or (b) not prohibited by federal regulation
    or federal law. I further acknowledge and understand that an entity engaged in or supporting the cultivation
    of marijuana in Oklahoma is not "engaged in regulated interstate commerce in accordance with federal law." I
    have read the provisions of 60 O.S. § 121 and this Affidavit and certify that the Entity is engaged in regulated
    interstate commerce in accordance with federal law.

5.  No funding source is being used in the sale or transfer of the Property in violation of 60 O.S. § 121 or any
    other state or federal law.

6.  I acknowledge and understand that making or causing to be made a false statement in this affidavit may
    subject me to criminal prosecution for perjury and/or subject me and/or the Entity to being liable for actual
    damages suffered or incurred by any person or other entity as a result or consequence of the making of or
    reliance upon such false statement.

FURTHER AFFIANT SAYETH NOT.

_____          6\11\26
AFFIANT, individually and as authorized agent of the Entity          Date

The foregoing instrument was subscribed and sworn to before me this 15 day of JUNE
20 26 by AHARON Diveroli

_____          _____
                                                  NOTARY PUBLIC

My Commission Expires: _____     RAUL CHAVARRIA
                                  Commission # HH 480996
My Commission Number: _____      Expires March 6, 2028

2026062201091420    B: 16522 P: 1602
06/22/2026 03:28:38 PM  Pgs: 4
Fee: $24.00
Maressa Treat, County Clerk
Oklahoma County - State of Oklahoma



# SPECIAL WARRANTY DEED
### (Deed-in-lieu of foreclosure)

**This deed is exempt from documentary stamps pursuant to 68 Okl.Stat.Ann. §3202(13).**

THIS SPECIAL WARRANTY DEED made this 17th day of June, 2026, between Lofts at North Penn Best Living LLC, a Delaware limited liability company ("**Grantor**") and YSA Investments 1, LLC, a Delaware limited liability company ("**Grantee**").

Pursuant to that certain Agreement for Deed and Transfer in Lieu of Foreclosure of even date and in consideration of the promises set forth therein, Grantor does by these presents grant, bargain, and sell unto Grantee, its successors and assigns, all of Grantor's right, title and interest in and to the following described real estate situated in Oklahoma County, State of Oklahoma, together with all and singular the improvements thereon and the tenements, hereditaments, fixtures, and appurtenances thereunto belonging (the "**Property**") subject to easements, restrictive covenants and rights-of-way of record, zoning ordinances and prior, valid and superior mortgages and liens of record, including that Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing (the "**Mortgage**"), granted by Grantor to Grantee, and recorded in the records of the County Clerk of Oklahoma County, Oklahoma on November 4th, 2025 as Document Number 20251104011 58034 in Book 16280 Page 723 to wit:

### Legal Description

Lot One (1), in Block Four (4), of NORTH PENN ADDITION, SECTION II, an addition to the City of Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof.

TAX MAP ID: 215371000

TO HAVE AND TO HOLD the Property forever, free and clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and encumbrances of whatsoever nature, EXCEPT those described above.

This Special Warranty Deed is tendered in lieu of foreclosure of the Mortgage, and it is the express intent of the parties hereto that the Mortgage shall not merge with this deed, but shall continue in full force and effect as a lien on the Property. The Mortgage shall remain in effect until such Mortgage is affirmatively released by Grantee or merged into an action to foreclose such Mortgage. Grantee may, at any time in its sole discretion, maintain an action to foreclose the Mortgage described above.

This Special Warranty Deed represents an absolute conveyance of all of Grantor's right, title and interest in and to the Property, including Grantor's equity or right of redemption, and is not intended as a mortgage, security instrument or trust conveyance of any kind.

Grantor, its successors and assigns, do hereby covenant, promise and agree to and with Grantee, at the delivery of this Special Warranty Deed that Grantor is lawfully seized in its own right of an absolute and indefeasible estate of inheritance in fee simple, of and in the Property; that the Property is free, clear and discharged and unencumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments and encumbrances, of whatsoever nature and kind, EXCEPT those described above; and that Grantor will WARRANT AND FOREVER DEFEND the same unto the Grantee, its successors and assigns, against any and all acts, conveyances, liens and encumbrances affecting such Property made or suffered to be made or done by, through or under Grantor.

IN WITNESS WHEREOF, Grantor has executed and delivered this Special Warranty Deed as of the day and year first above written.

*SIGNATURE PAGES TO FOLLOW*

2

**Lofts at North Penn Best Living LLC, a  Delaware limited liability company,**

By:_____

    Aharon Diveroli, Authorized Representative of
Lender; the Attorney in Fact on behalf of and
Authorized Representative of Lofts at North Penn Best Living LLC

## ACKNOWLEDGMENT

STATE OF FLORIDA     )
                        )    ss.
COUNTY OF MIAMI-DADE )

     Before me, the undersigned, a Notary Public in and for said County and State, on this 17th day of June, 2026, personally appeared Aharon Diveroli, as authorized representative of YSA Investments 1, LLC, a Delaware limited liability company, the Attorney-in-fact on behalf of, and authorized representative of, Lofts at North Penn Best Living LLC, a  Delaware limited liability company, to me known to be the identical person who executed the within and foregoing instrument, and acknowledged to me that he executed the same as his free and voluntary act and deed, for the uses and purposes therein set forth.

     WITNESS MY HAND AND SEAL the day and year last above written.

                                    NOTARY PUBLIC

My Commission Expires:
_____

My Commission No.:
_____

FELIPE MENEZES
Commission # HH 474601
Expires December 19, 2027

3

OAG 2024-3 – BUSINESS/TRUST EXEMPTION    **Exhibit to Deed**

### AFFIDAVIT OF LAND OWNERSHIP: EXEMPT BUSINESS OR TRUST

STATE OF ___Florida_____ )

                                               )   ss.

COUNTY OF Miami-Dade _____ )

TO:    THE ATTORNEY GENERAL OF THE STATE OF OKLAHOMA

Before me, the undersigned ___Aharon Diveroli_____
(list legal name and any aliases) (the "Affiant"), who, having been first duly sworn, deposes and states as of the date of this Affidavit:

1. I am eighteen (18) years of age or older and have personal knowledge of the statements made herein.

2. I am a/an ___Authorized Representative_____(role, such as titled officer or trustee) of
___YSA Investments 1, LLC, a Delaware limited liability company_____ (legal name, along with any trade or fictitious names, of business, trust, or other legal entity) (referred to herein as the "Entity"). I am duly authorized to record this Affidavit on behalf of the Entity, which took title to the real property identified in the Deed to which this Affidavit is attached (the "Property"), and to bind the Entity for the consequences of any false statements in this Affidavit.

3. This Affidavit is executed in accordance with and pursuant to 60 O.S. § 121, which provides in part as follows:
No alien or any person who is not a citizen of the United States or foreign government adversary shall acquire title to or own land in this state either directly or indirectly through a business entity, trust, or foreign government enterprise, except as hereinafter provided, but they shall have and enjoy in this state such rights as to personal property as are, or shall be, accorded a citizen of the United States under the laws of the nation to which such alien belongs, or by the treaties of such nation with the United States, except as the same may be affected by the provisions of Section 121 et seq. of this title or the Constitution of this state. Provided, however, the requirements of this subsection shall not apply to a business entity that is engaged in regulated interstate commerce or has a national security agreement with the Committee on Foreign Investment in the United States (CFIUS) in accordance with federal law.

4. For purposes of this Affidavit, I acknowledge and understand that to be "engaged in regulated interstate commerce in accordance with federal law," means all the Entity's business activities in Oklahoma must be either: (a) expressly permitted by federal regulation or federal law, or (b) not prohibited by federal regulation or federal law. I further acknowledge and understand that an entity engaged in or supporting the cultivation of marijuana in Oklahoma is not "engaged in regulated interstate commerce in accordance with federal law." I have read the provisions of 60 O.S. § 121 and this Affidavit and certify that the Entity is engaged in regulated interstate commerce in accordance with federal law.

5. No funding source is being used in the sale or transfer of the Property in violation of 60 O.S. § 121 or any other state or federal law.

6. I acknowledge and understand that making or causing to be made a false statement in this affidavit may subject me to criminal prosecution for perjury and/or subject me and/or the Entity to being liable for actual damages suffered or incurred by any person or other entity as a result or consequence of the making of or reliance upon such false statement.

FURTHER AFFIANT SAYETH NOT.

_____          ___6\11\26_____
AFFIANT, individually and as authorized agent of the Entity          Date

The foregoing instrument was subscribed and sworn to before me this _15_ day of ___JUNE_____
20_26_by_ AHARON Diveroli

                            RAUL CHAVARRIA          _____
My Commission Expires: _____ Commission # HH 480996          NOTARY PUBLIC
                         Expires March 8, 2028
My Commission Number: _____

2026062201091401    B: 16522 P: 1550
06/22/2026 03:26:13 PM  Pgs: 4
Fee: $24.00
Maressa Treat, County Clerk
Oklahoma County - State of Oklahoma



# SPECIAL WARRANTY DEED
### (Deed-in-lieu of foreclosure)

**This deed is exempt from documentary stamps pursuant to 68 Okl.Stat.Ann. §3202(13).**

THIS SPECIAL WARRANTY DEED made this 17th day of June, 2026, between Montgomery Best Living LLC, a Delaware limited liability company ("**Grantor**") and YSA Investments 1, LLC, a Delaware limited liability company ("**Grantee**").

Pursuant to that certain Agreement for Deed and Transfer in Lieu of Foreclosure of even date and in consideration of the promises set forth therein, Grantor does by these presents grant, bargain, and sell unto Grantee, its successors and assigns, all of Grantor's right, title and interest in and to the following described real estate situated in Oklahoma County, State of Oklahoma, together with all and singular the improvements thereon and the tenements, hereditaments, fixtures, and appurtenances thereunto belonging (the "**Property**") subject to easements, restrictive covenants and rights-of-way of record, zoning ordinances and prior, valid and superior mortgages and liens of record, including that Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing (the "Mortgage"), granted by Grantor to Grantee, and recorded in the records of the County Clerk of Oklahoma County, Oklahoma October 31st, 2025 as Document Number 2025103101156568 in Book 16277 Page 674  to wit:

### Legal Description

Lots THREE (3), FOUR (4), FIVE (5), SIX (6), SEVEN (7), and EIGHT (8), in Block THREE (3) of the AMENDED PLAT OF BLOCK THREE (3) MAIN STREET ADDITION, to Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof.

TAX ID #013681350

TO HAVE AND TO HOLD the Property forever, free and clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and encumbrances of whatsoever nature, EXCEPT those described above.

This Special Warranty Deed is tendered in lieu of foreclosure of the Mortgage, and it is the express intent of the parties hereto that the Mortgage shall not merge with this deed, but shall continue in full force and effect as a lien on the Property.  The Mortgage shall remain in effect until such Mortgage is affirmatively released by Grantee or merged into an action to foreclose

such Mortgage. Grantee may, at any time in its sole discretion, maintain an action to foreclose the Mortgage described above.

This Special Warranty Deed represents an absolute conveyance of all of Grantor's right, title and interest in and to the Property, including Grantor's equity or right of redemption, and is not intended as a mortgage, security instrument or trust conveyance of any kind.

Grantor, its successors and assigns, do hereby covenant, promise and agree to and with Grantee, at the delivery of this Special Warranty Deed that Grantor is lawfully seized in its own right of an absolute and indefeasible estate of inheritance in fee simple, of and in the Property; that the Property is free, clear and discharged and unencumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments and encumbrances, of whatsoever nature and kind, EXCEPT those described above; and that Grantor will WARRANT AND FOREVER DEFEND the same unto the Grantee, its successors and assigns, against any and all acts, conveyances, liens and encumbrances affecting such Property made or suffered to be made or done by, through or under Grantor.

IN WITNESS WHEREOF, Grantor has executed and delivered this Special Warranty Deed as of the day and year first above written.

[Signature Pages Follow]

2

**Montgomery Best Living LLC, a Delaware limited liability company,**

By:_____

    Aharon Diveroli, Authorized Representative of
Lender; the Attorney in Fact on behalf of and
Authorized Representative of Montgomery Best Living LLC

## ACKNOWLEDGMENT

STATE OF FLORIDA    )
                       )   ss.
COUNTY OF MIAMI-DADE )

    Before me, the undersigned, a Notary Public in and for said County and State, on this 17th day of June, 2026, personally appeared Aharon Diveroli, as authorized representative of YSA Investments 1, LLC, a Delaware limited liability company, the Attorney-in-fact on behalf of, and authorized representative of, Montgomery Best Living LLC, a Delaware limited liability company, to me known to be the identical person who executed the within and foregoing instrument, and acknowledged to me that he executed the same as his free and voluntary act and deed, for the uses and purposes therein set forth.

    WITNESS MY HAND AND SEAL the day and year last above written.

_____
NOTARY PUBLIC

My Commission Expires:
_____

My Commission No.:
_____

FELIPE MENEZES
Commission # HH 474801
Expires December 19, 2027

3

OAG 2024-3 – BUSINESS/TRUST EXEMPTION       **Exhibit to Deed**

### AFFIDAVIT OF LAND OWNERSHIP: EXEMPT BUSINESS OR TRUST

STATE OF   Florida _____ )
                                                        )   ss.
COUNTY OF Miami-Dade _____ )

TO:      THE ATTORNEY GENERAL OF THE STATE OF OKLAHOMA

Before me, the undersigned Aharon Diveroli _____
(list legal name and any aliases) (the "Affiant"), who, having been first duly sworn, deposes and states as of the date of this Affidavit:

1.  I am eighteen (18) years of age or older and have personal knowledge of the statements made herein.

2.  I am a/an Authorized Representative _____ (role, such as titled officer or trustee) of
    YSA Investments 1, LLC, a Delaware limited liability company _____ (legal name,
    along with any trade or fictitious names, of business, trust, or other legal entity) (referred to herein as the "Entity").
    I am duly authorized to record this Affidavit on behalf of the Entity, which took title to the real property identified in the Deed to which this Affidavit is attached (the "Property"), and to bind the Entity for the consequences of any false statements in this Affidavit.

3.  This Affidavit is executed in accordance with and pursuant to 60 O.S. § 121, which provides in part as follows:
    No alien or any person who is not a citizen of the United States or foreign government adversary shall acquire title to or own land in this state either directly or indirectly through a business entity, trust, or foreign government enterprise, except as hereinafter provided, but they shall have and enjoy in this state such rights as to personal property as are, or shall be, accorded a citizen of the United States under the laws of the nation to which such alien belongs, or by the treaties of such nation with the United States, except as the same may be affected by the provisions of Section 121 et seq. of this title or the Constitution of this state. Provided, however, the requirements of this subsection shall not apply to a business entity that is engaged in regulated interstate commerce or has a national security agreement with the Committee on Foreign Investment in the United States (CFIUS) in accordance with federal law.

4.  For purposes of this Affidavit, I acknowledge and understand that to be "engaged in regulated interstate commerce in accordance with federal law," means all the Entity's business activities in Oklahoma must be either: (a) expressly permitted by federal regulation or federal law, or (b) not prohibited by federal regulation or federal law. I further acknowledge and understand that an entity engaged in or supporting the cultivation of marijuana in Oklahoma is not "engaged in regulated interstate commerce in accordance with federal law." I have read the provisions of 60 O.S. § 121 and this Affidavit and certify that the Entity is engaged in regulated interstate commerce in accordance with federal law.

5.  No funding source is being used in the sale or transfer of the Property in violation of 60 O.S. § 121 or any other state or federal law.

6.  I acknowledge and understand that making or causing to be made a false statement in this affidavit may subject me to criminal prosecution for perjury and/or subject me and/or the Entity to being liable for actual damages suffered or incurred by any person or other entity as a result or consequence of the making of or reliance upon such false statement.

FURTHER AFFIANT SAYETH NOT.

_____                    6\1/\26
AFFIANT, individually and as authorized agent of the Entity          Date

The foregoing instrument was subscribed and sworn to before me this 15 day of __JUNE_____
20_26_ by __AHARON Diveroli__

                                    RAUL CHAVARRIA                 _____
My Commission Expires: ____     Commission # HH 480996            NOTARY PUBLIC
                                    Expires March 6, 2028
My Commission Number: _____

2026062201091400    B: 16522 P: 1546
06/22/2026 03:25:51 PM  Pgs: 4
Fee: $24.00
Maressa Treat, County Clerk
Oklahoma County - State of Oklahoma



# SPECIAL WARRANTY DEED
### (Deed-in-lieu of foreclosure)

**This deed is exempt from documentary stamps pursuant to 68 Okl.Stat.Ann. §3202(13).**

THIS SPECIAL WARRANTY DEED made this 17th day of June, 2026, between Putnam Green TIC Interest LLC, a Delaware limited liability company ("**Grantor**") and YSA Investments 1, LLC, a Delaware limited liability company ("**Grantee**").

Pursuant to that certain Agreement for Deed and Transfer in Lieu of Foreclosure of even date and in consideration of the promises set forth therein, Grantor does by these presents grant, bargain, and sell unto Grantee, its successors and assigns, all of Grantor's right, title and interest in and to the following described real estate situated in Oklahoma County, State of Oklahoma, together with all and singular the improvements thereon and the tenements, hereditaments, fixtures, and appurtenances thereunto belonging (the "**Property**") subject to easements, restrictive covenants and rights-of-way of record, zoning ordinances and prior, valid and superior mortgages and liens of record, including that Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing (the "Mortgage"), granted by Grantor to Grantee, and recorded in the records of the County Clerk of Oklahoma County, Oklahoma on October 31st, 2025 as Document Number 2025103101156574 in Book 16277 Page 752 to wit:

### Legal Description

**Tract 1**

All of Lot One (1), in Block Seven (7), and a part of Lot Two (2), in Block Four (4), of KNIGHT LAKE ADDITION, an Addition to the City of Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof, and more particularly described as follows: Beginning at the Southeast corner of Lot One (1), in Block Seven (7), of KNIGHT LAKE ADDITION; thence North 19°15'11" East along the East line of said Lot One (1), in Block Seven (7), a distance of 286.12 feet to the Northeast corner of Lot One (1), in Block Seven (7), of KNIGHT LAKE ADDITION; thence South 61°13'56" East a distance of 250.65 feet to a point on the East line of said Lot Two (2), in Block Four (4); thence along a curve to the left whose radius is 330.00 feet along the East line of said Lot Two (2), Block Four (4), a distance of 186.49 feet; thence South 45°00'00" West a distance of 35.36 feet; thence along a curve to the right whose radius of 570.00 feet along the South line of said Lot Two (2), Block Four (4), a distance of 248.71 feet, more or less, to the point of beginning.

**Tract 2**

Lot Four (4), in Block Three (3), of KNIGHT LAKE ADDITION, an Addition to the City of Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof.

TO HAVE AND TO HOLD the Property forever, free and clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and encumbrances of whatsoever nature, EXCEPT those described above.

This Special Warranty Deed is tendered in lieu of foreclosure of the Mortgage, and it is the express intent of the parties hereto that the Mortgage shall not merge with this deed, but shall continue in full force and effect as a lien on the Property. The Mortgage shall remain in effect until such Mortgage is affirmatively released by Grantee or merged into an action to foreclose such Mortgage. Grantee may, at any time in its sole discretion, maintain an action to foreclose the Mortgage described above.

This Special Warranty Deed represents an absolute conveyance of all of Grantor's right, title and interest in and to the Property, including Grantor's equity or right of redemption, and is not intended as a mortgage, security instrument or trust conveyance of any kind.

Grantor, its successors and assigns, do hereby covenant, promise and agree to and with Grantee, at the delivery of this Special Warranty Deed that Grantor is lawfully seized in its own right of an absolute and indefeasible estate of inheritance in fee simple, of and in the Property; that the Property is free, clear and discharged and unencumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments and encumbrances, of whatsoever nature and kind, EXCEPT those described above; and that Grantor will WARRANT AND FOREVER DEFEND the same unto the Grantee, its successors and assigns, against any and all acts, conveyances, liens and encumbrances affecting such Property made or suffered to be made or done by, through or under Grantor.

IN WITNESS WHEREOF, Grantor has executed and delivered this Special Warranty Deed as of the day and year first above written.

*SIGNATURE PAGE TO FOLLOW*

2

**Putnam Green TIC Interest LLC, a  Delaware limited liability company,**

By:_____

    Aharon Diveroli, Authorized Representative of
    Lender; the Attorney in Fact on behalf of and
    Authorized Representative of Putnam Green TIC Interest LLC

## ACKNOWLEDGMENT

STATE OF FLORIDA     )
                     )    ss.
COUNTY OF MIAMI-DADE )

    Before me, the undersigned, a Notary Public in and for said County and State, on this 17th day of June, 2026, personally appeared Aharon Diveroli, as authorized representative of YSA Investments 1, LLC, a Delaware limited liability company, the Attorney-in-fact on behalf of, and authorized representative of,  Putnam Green TIC Interest LLC, a  Delaware limited liability company, to me known to be the identical person who executed the within and foregoing instrument, and acknowledged to me that he executed the same as his free and voluntary act and deed, for the uses and purposes therein set forth.

    WITNESS MY HAND AND SEAL the day and year last above written.

                                _____
                            NOTARY PUBLIC

My Commission Expires:
_12/19/2027_

My Commission No.:
_HH474601_

                            FELIPE MENEZES
                            Commission # HH 474601
                            Expires December 19, 2027

3

OAG 2024-3 – BUSINESS/TRUST EXEMPTION      **Exhibit to Deed**

## AFFIDAVIT OF LAND OWNERSHIP: EXEMPT BUSINESS OR TRUST

STATE OF   Florida _____ )

                                                              )      ss.

COUNTY OF Miami-Dade _____ )

TO:       THE ATTORNEY GENERAL OF THE STATE OF OKLAHOMA

Before me, the undersigned  Aharon Diveroli _____
(list legal name and any aliases) (the "Affiant"), who, having been first duly sworn, deposes and states as of the date of this Affidavit:

1.  I am eighteen (18) years of age or older and have personal knowledge of the statements made herein.

2.  I am a/an Authorized Representative _____ (role, such as titled officer or trustee) of

    YSA Investments 1, LLC, a Delaware limited liability company _____ (legal name,
    along with any trade or fictitious names, of business, trust, or other legal entity) (referred to herein as the "Entity").
    I am duly authorized to record this Affidavit on behalf of the Entity, which took title to the real property identified
    in the Deed to which this Affidavit is attached (the "Property"), and to bind the Entity for the consequences of
    any false statements in this Affidavit.

3.  This Affidavit is executed in accordance with and pursuant to 60 O.S. § 121, which provides in part as follows:
    No alien or any person who is not a citizen of the United States or foreign government adversary
    shall acquire title to or own land in this state either directly or indirectly through a business
    entity, trust, or foreign government enterprise, except as hereinafter provided, but they shall
    have and enjoy in this state such rights as to personal property as are, or shall be, accorded
    a citizen of the United States under the laws of the nation to which such alien belongs, or by
    the treaties of such nation with the United States, except as the same may be affected by the
    provisions of Section 121 et seq. of this title or the Constitution of this state. Provided, however,
    the requirements of this subsection shall not apply to a business entity that is engaged in
    regulated interstate commerce or has a national security agreement with the Committee on
    Foreign Investment in the United States (CFIUS) in accordance with federal law.

4.  For purposes of this Affidavit, I acknowledge and understand that to be "engaged in regulated interstate
    commerce in accordance with federal law," means all the Entity's business activities in Oklahoma must be
    either: (a) expressly permitted by federal regulation or federal law, or (b) not prohibited by federal regulation
    or federal law. I further acknowledge and understand that an entity engaged in or supporting the cultivation
    of marijuana in Oklahoma is not "engaged in regulated interstate commerce in accordance with federal law." I
    have read the provisions of 60 O.S. § 121 and this Affidavit and certify that the Entity is engaged in regulated
    interstate commerce in accordance with federal law.

5.  No funding source is being used in the sale or transfer of the Property in violation of 60 O.S. § 121 or any
    other state or federal law.

6.  I acknowledge and understand that making or causing to be made a false statement in this affidavit may
    subject me to criminal prosecution for perjury and/or subject me and/or the Entity to being liable for actual
    damages suffered or incurred by any person or other entity as a result or consequence of the making of or
    reliance upon such false statement.

FURTHER AFFIANT SAYETH NOT.

_____                              6\1?\26 _____
AFFIANT, individually and as authorized agent of the Entity        Date

The foregoing instrument was subscribed and sworn to before me this 15 day of  JUME _____
20 2(6 by  AHAfon  Divefoli

                                                      RAUL CHAVARRIA          NOTARY PUBLIC
My Commission Expires: _____ Commission # HH 480996
                                              Expires March 8, 2028
My Commission Number: _____

2026062201091425    B: 16522 P: 1627
06/22/2026 03:30:27 PM  Pgs: 3
Fee: $22.00
Maressa Treat, County Clerk
Oklahoma County - State of Oklahoma



# SPECIAL WARRANTY DEED
### (Deed-in-lieu of foreclosure)

**This deed is exempt from documentary stamps pursuant to 68 Okl.Stat.Ann. §3202(13).**

THIS SPECIAL WARRANTY DEED made this 17ᵗʰ day of June, 2026, between Ridge Best Living LLC, a Delaware limited liability company ("**Grantor**") and YSA Investments 1, LLC, a Delaware limited liability company ("**Grantee**").

Pursuant to that certain Agreement for Deed and Transfer in Lieu of Foreclosure of even date and in consideration of the promises set forth therein, Grantor does by these presents grant, bargain, and sell unto Grantee, its successors and assigns, all of Grantor's right, title and interest in and to the following described real estate situated in Oklahoma County, State of Oklahoma, together with all and singular the improvements thereon and the tenements, hereditaments, fixtures, and appurtenances thereunto belonging (the "**Property**") subject to easements, restrictive covenants and rights-of-way of record, zoning ordinances and prior, valid and superior mortgages and liens of record, including that Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing (the "Mortgage"), granted by Grantor to Grantee, and recorded in the records of the County Clerk of Oklahoma County, Oklahoma on October 31ˢᵗ, 2025 as Document Number 2025103101156577 in Book 16277 Page 791 to wit:

### Legal Description

Blocks Fifteen (15) and Sixteen (16) in the REPLAT OF RIDGEVIEW HEIGHTS an Addition to Midwest City, Oklahoma County, Oklahoma. According to the record plat thereof.

TO HAVE AND TO HOLD the Property forever, free and clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and encumbrances of whatsoever nature, EXCEPT those described above.

This Special Warranty Deed is tendered in lieu of foreclosure of the Mortgage, and it is the express intent of the parties hereto that the Mortgage shall not merge with this deed, but shall continue in full force and effect as a lien on the Property. The Mortgage shall remain in effect until such Mortgage is affirmatively released by Grantee or merged into an action to foreclose such Mortgage. Grantee may, at any time in its sole discretion, maintain an action to foreclose the Mortgage described above.

This Special Warranty Deed represents an absolute conveyance of all of Grantor's right, title and interest in and to the Property, including Grantor's equity or right of redemption, and is

not intended as a mortgage, security instrument or trust conveyance of any kind.

Grantor, its successors and assigns, do hereby covenant, promise and agree to and with Grantee, at the delivery of this Special Warranty Deed that Grantor is lawfully seized in its own right of an absolute and indefeasible estate of inheritance in fee simple, of and in the Property; that the Property is free, clear and discharged and unencumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments and encumbrances, of whatsoever nature and kind, EXCEPT those described above; and that Grantor will WARRANT AND·FOREVER DEFEND the same unto the Grantee, its successors and assigns, against any and all acts, conveyances, liens and encumbrances affecting such Property made or suffered to be made or done by, through or under Grantor.

IN WITNESS WHEREOF, Grantor has executed and delivered this Special Warranty Deed as of the day and year first above written.

**Ridge Best Living LLC, a Delaware limited liability company,**

By:_____

    Aharon Diveroli, Authorized Representative of
    Lender; the Attorney in Fact on behalf of and
    Authorized Representative of Ridge Best Living LLC

### ACKNOWLEDGMENT

STATE OF FLORIDA      )
                    )    ss.
COUNTY OF MIAMI-DADE )

Before me, the undersigned, a Notary Public in and for said County and State, on this 17th day of June, 2026, personally appeared Aharon Diveroli, as authorized representative of YSA Investments 1, LLC, a Delaware limited liability company, the Attorney-in-fact on behalf of, and authorized representative of, Ridge Best Living LLC, a Delaware limited liability company, to me known to be the identical person who executed the within and foregoing instrument, and acknowledged to me that he executed the same as his free and voluntary act and deed, for the uses and purposes therein set forth.

WITNESS MY HAND AND SEAL the day and year last above written.

_____
NOTARY PUBLIC

My Commission Expires:
12/19/2027

My Commission No.:
HH474601

FELIPE MENEZES
Commission # HH 474601
Expires December 19, 2027

2

OAG 2024-3 – BUSINESS/TRUST EXEMPTION        **Exhibit to Deed**

AFFIDAVIT OF LAND OWNERSHIP: EXEMPT BUSINESS OR TRUST

STATE OF  Florida _____ )
                                                               )   ss.
COUNTY OF Miami-Dade _____ )

TO:      THE ATTORNEY GENERAL OF THE STATE OF OKLAHOMA

Before me, the undersigned Aharon Diveroli _____
(list legal name and any aliases) (the "Affiant"), who, having been first duly sworn, deposes and states as of the date of this Affidavit:

1.  I am eighteen (18) years of age or older and have personal knowledge of the statements made herein.

2.  I am a/an Authorized Representative _____ (role, such as titled officer or trustee) of
    YSA Investments 1, LLC, a Delaware limited liability company _____ (legal name,
    along with any trade or fictitious names, of business, trust, or other legal entity) (referred to herein as the "Entity").
    I am duly authorized to record this Affidavit on behalf of the Entity, which took title to the real property identified
    in the Deed to which this Affidavit is attached (the "Property"), and to bind the Entity for the consequences of
    any false statements in this Affidavit.

3.  This Affidavit is executed in accordance with and pursuant to 60 O.S. § 121, which provides in part as follows:
    No alien or any person who is not a citizen of the United States or foreign government adversary
    shall acquire title to or own land in this state either directly or indirectly through a business
    entity, trust, or foreign government enterprise, except as hereinafter provided, but they shall
    have and enjoy in this state such rights as to personal property as are, or shall be, accorded
    a citizen of the United States under the laws of the nation to which such alien belongs, or by
    the treaties of such nation with the United States, except as the same may be affected by the
    provisions of Section 121 et seq. of this title or the Constitution of this state. Provided, however,
    the requirements of this subsection shall not apply to a business entity that is engaged in
    regulated interstate commerce or has a national security agreement with the Committee on
    Foreign Investment in the United States (CFIUS) in accordance with federal law.

4.  For purposes of this Affidavit, I acknowledge and understand that to be "engaged in regulated interstate
    commerce in accordance with federal law," means all the Entity's business activities in Oklahoma must be
    either: (a) expressly permitted by federal regulation or federal law, or (b) not prohibited by federal regulation
    or federal law. I further acknowledge and understand that an entity engaged in or supporting the cultivation
    of marijuana in Oklahoma is not "engaged in regulated interstate commerce in accordance with federal law." I
    have read the provisions of 60 O.S. § 121 and this Affidavit and certify that the Entity is engaged in regulated
    interstate commerce in accordance with federal law.

5.  No funding source is being used in the sale or transfer of the Property in violation of 60 O.S. § 121 or any
    other state or federal law.

6.  I acknowledge and understand that making or causing to be made a false statement in this affidavit may
    subject me to criminal prosecution for perjury and/or subject me and/or the Entity to being liable for actual
    damages suffered or incurred by any person or other entity as a result or consequence of the making of or
    reliance upon such false statement.

FURTHER AFFIANT SAYETH NOT.

_____                     6\19\26
AFFIANT, individually and as authorized agent of the Entity          Date

The foregoing instrument was subscribed and sworn to before me this 15 day of JUNE _____,
20 26 by AHARON DIVEROLI

                                                                    _____
                                                                    NOTARY PUBLIC

My Commission Expires: _____        RAUL CHAVARRIA
                                     Commission # HH 480996
                                     Expires March 6, 2028
My Commission Number: _____

Tulsa County Clerk - MICHAEL WILLIS
Doc #: 2026056497 Page(s): 2 Recorded: 06/18/2026 04:15:45 PM
Receipt #: 2026-39752 Fees: $20.00

*****ELECTRONICALLY FILED DOCUMENT*****



# SPECIAL WARRANTY DEED
### (Deed-in-lieu of foreclosure)

**This deed is exempt from documentary stamps pursuant to 68 Okl.Stat.Ann. §3202(13).**

THIS SPECIAL WARRANTY DEED made this 17th day of June, 2026, between Riverpark Best Living LLC, a Delaware limited liability company ("**Grantor**") and YSA Investments 1, LLC, a Delaware limited liability company ("**Grantee**").

Pursuant to that certain Agreement for Deed and Transfer in Lieu of Foreclosure of even date and in consideration of the promises set forth therein, Grantor does by these presents grant, bargain, and sell unto Grantee, its successors and assigns, all of Grantor's right, title and interest in and to the following described real estate situated in Tulsa County, State of Oklahoma, together with all and singular the improvements thereon and the tenements, hereditaments, fixtures, and appurtenances thereunto belonging (the "**Property**") subject to easements, restrictive covenants and rights-of-way of record, zoning ordinances and prior, valid and superior mortgages and liens of record, including that Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing (the "Mortgage"), granted by Grantor to Grantee, and recorded in the records of the County Clerk of Tulsa County, Oklahoma on October 31st, 2025 as Document Number 2025099691 to wit:

### Legal Description

Lot One (1), Block Seventeen (17), KENSINGTON BLOCKS 15 AND 17, of the Planned Unit Development 128-B, an Addition in Tulsa County, State of Oklahoma, according to the Plat thereof recorded as Plat No. 4319 on March 23, 1983.

TO HAVE AND TO HOLD the Property forever, free and clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and encumbrances of whatsoever nature, EXCEPT those described above.

This Special Warranty Deed is tendered in lieu of foreclosure of the Mortgage, and it is the express intent of the parties hereto that the Mortgage shall not merge with this deed, but shall continue in full force and effect as a lien on the Property. The Mortgage shall remain in effect until such Mortgage is affirmatively released by Grantee or merged into an action to foreclose such Mortgage. Grantee may, at any time in its sole discretion, maintain an action to foreclose the Mortgage described above.

This Special Warranty Deed represents an absolute conveyance of all of Grantor's right,

title and interest in and to the Property, including Grantor's equity or right of redemption, and is not intended as a mortgage, security instrument or trust conveyance of any kind.

Grantor, its successors and assigns, do hereby covenant, promise and agree to and with Grantee, at the delivery of this Special Warranty Deed that Grantor is lawfully seized in its own right of an absolute and indefeasible estate of inheritance in fee simple, of and in the Property; that the Property is free, clear and discharged and unencumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments and encumbrances, of whatsoever nature and kind, EXCEPT those described above; and that Grantor will WARRANT AND FOREVER DEFEND the same unto the Grantee, its successors and assigns, against any and all acts, conveyances, liens and encumbrances affecting such Property made or suffered to be made or done by, through or under Grantor.

IN WITNESS WHEREOF, Grantor has executed and delivered this Special Warranty Deed as of the day and year first above written.

**Riverpark Best Living LLC, a  Delaware limited liability company,**

By: _____

    Aharon Diveroli, Authorized Representative of
    Lender; the Attorney in Fact on behalf of and
    Authorized Representative of Riverpark Best Living LLC

## ACKNOWLEDGMENT

STATE OF FLORIDA     )
                         )   ss.
COUNTY OF MIAMI-DADE )

Before me, the undersigned, a Notary Public in and for said County and State, on this 17th day of June, 2026, personally appeared Aharon Diveroli, as authorized representative of YSA Investments 1, LLC, a Delaware limited liability company, the Attorney-in-fact on behalf of, and authorized representative of,  Riverpark Best Living LLC, a  Delaware limited liability company, to me known to be the identical person who executed the within and foregoing instrument, and acknowledged to me that he executed the same as his free and voluntary act and deed, for the uses and purposes therein set forth.

WITNESS MY HAND AND SEAL the day and year last above written.

_____
NOTARY PUBLIC

My Commission Expires:
12/19/2027

My Commission No.:
HH474601

FELIPE MENEZES
Commission # HH 474601
Expires December 19, 2027

2



Tulsa County Clerk - MICHAEL WILLIS
Doc #: 2026056501 Page(s): 4 Recorded: 06/18/2026 04:19:11 PM
Receipt #: 2026-39759 Fees: $24.00

*****ELECTRONICALLY FILED DOCUMENT*****

# SPECIAL WARRANTY DEED
### (Deed-in-lieu of foreclosure)

**This deed is exempt from documentary stamps pursuant to 68 Okl.Stat.Ann. §3202(13).**

THIS SPECIAL WARRANTY DEED made this 17th day of June, 2026, between Shoreline's Best Living LLC, a Delaware limited liability company ("**Grantor**") and YSA Investments 1, LLC, a Delaware limited liability company ("**Grantee**").

Pursuant to that certain Agreement for Deed and Transfer in Lieu of Foreclosure of even date and in consideration of the promises set forth therein, Grantor does by these presents grant, bargain, and sell unto Grantee, its successors and assigns, all of Grantor's right, title and interest in and to the following described real estate situated in Tulsa County, State of Oklahoma, together with all and singular the improvements thereon and the tenements, hereditaments, fixtures, and appurtenances thereunto belonging (the "**Property**") subject to easements, restrictive covenants and rights-of-way of record, zoning ordinances and prior, valid and superior mortgages and liens of record, including that Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing (the "Mortgage"), granted by Grantor to Grantee, and recorded in the records of the County Clerk of Tulsa County, Oklahoma on October 31st, 2025 as Document Number 2025099692 to wit:

### Legal Description

All of Lot Two (2) and part of Lot Three (3), Block Thirty-nine (39) of BLOCKS 39 AND 40, LONGVIEW LAKE ESTATES, an Addition in Tulsa County, State of Oklahoma, according to the Recorded Plat No. 3491, more particularly described as follows:

Beginning at the Southeast corner of said Lot 3; Thence North 86° 16' 57" West a distance of 0.00 feet to a point at curve; Thence along said curve to the left; said curve having a radius of 550.00 feet, a central angle of 3°43'03" distance of 35.69 feet to a point of tangent; Thence due West a distance of 47.17 feet to a point of curve; Thence along said curve to the right, said curve having a radius of 210.00 feet, a central angle of 33°29'46" a distance of 122.77 feet to a point of reverse curve; Thence along said curve to the left, said curve having a radius of 200.00 feet, a central angle of 37°50'58" a distance of 132.12 feet to a point of tangent; Thence South 85° 38' 48" West a distance of 47.37 feet to a point of curve; Thence along said curve to the right, said curve having a radius of 150.00 feet, a central angle of 26°59'43" a distance of 70.67 feet to a point of tangent; Thence North 67° 21' 29" West a distance of 101.91 feet to a point of curve; Thence along said curve to the right, said curve having a radius of 25.00 feet, a central angle of 55°00'11" a distance of 24.00 feet to a point of reverse curve; Thence along said curve to the left,

said curve having a radius of 50.00 feet, a central angle of 76°42'09" a distance of 66.94 feet to a point of reverse curve; Thence along said curve to the right, said curve having a radius of 25.00 feet, a central angle of 19°40'58" a distance of 8.59 feet to a point; Thence South 56° 24' 15" West a distance of 5.73 feet to a point; Thence North 33°35'45" West a distance of 0.00 feet to a point of curve; Thence along said curve to the right, said curve having a radius of 130.00 feet, a central angle of 33°35' 45", a distance of 76.23 feet to a point of tangent; Thence due North a distance of 886.30 feet to a point of curve; Thence along said curve to the right, said curve having a radius of 290.00 feet, a central angle of 76° 58' 17", a distance of 389.59 feet to a point of tangent; Thence North 76° 58' 17" East a distance of 185.43 feet to the Northeast corner of said Lot Two (2); Thence due South a distance of 673.40 feet to a point on the North line of said Lot Three (3); Thence South 75°45'29" East a distance of 260.00 feet to a point; Thence South 18°12'27" West a distance of 79.66 feet to a point; Thence due South a distance of 640.41 feet to the Point of Beginning.

AND

Part of Lots One (1) and Two (2), Block Forty (40) of BLOCKS 39 AND 40, LONGVIEW LAKE ESTATES, an Addition in Tulsa County, State of Oklahoma, according to the Recorded Plat No. 3491, being more particularly described by metes and bounds, as follows, to-wit:

Beginning at a point on the West line of said Lot Two (2), said point lying 417.04 feet North of the Southwest corner thereof; Thence due North a distance of 764.21 feet to a point of curve; Thence along said curve to the left, said curve having a radius of 700.00 feet, a central angle of 19°22'33", a distance of 236.72 feet to the point of tangent; Thence North 19°22'33" West a distance of 158.22 feet to a point; Thence North 27°49'28" East a distance of 81.28 feet to a point; Thence North 49°20'59" East a distance of 229.72 feet to a point; Thence North 60°46'58" East a distance of 133.76 feet to a point; Thence North 49° 12' 34" East a distance of 98.55 feet to a point; Thence North 30°03'54" East a distance of 69.52 feet to a point; Thence North 49°21'44" East a distance of 198.98 feet to a point on the North line of said Lot One (1), said point lying 36.35 feet East of the Northwest corner thereof; Thence South 89° 53' 42" East along the said North line a distance of 477.71 feet measured 471.45 feet plat to a point; Thence due South a distance of 165.78 feet to a point of curve; Thence along said curve to the left, said curve having a radius of 650.00 feet, a central angle of 15°11'10" a distance of 172.28 feet measured 174.32 feet plat a point; Thence South 76°58'17" West a distance of 238.90 feet measured 234.08 feet plat to a point of curve; Thence along said curve to the right, said curve having a radius of 25.00 feet, a central angle of 70°31'44", a distance of 30.77 feet to a point of reverse curve; Thence along said curve to the left, said curve having a radius of 50.00 feet, a central angle of 141°03'21", a distance of 123.09 feet to a point of reverse curve; Thence along said curve to the right, said curve having a radius of 25.00 feet, a central angle of 42° 10' 46" a distance of 18.40 feet to a point; Thence South 13°01'43" East a distance of 3.00 feet to a point; Thence South 76°58'17" West a distance of 190.27 feet to a point of curve; Thence along said curve to the left, said curve having a radius of 340.00 feet, a central angle of 76° 58' 17", a distance of 456.76 feet to a point of tangent; Thence due South a distance of 886.30 feet to a point of curve; Thence along said curve to the left, said curve having a radius of 180.00 feet, a central angle of 1°59'24", a distance of 6.25 feet to a point; Thence due West a distance of 190.10 feet to the Point of Beginning.

2

AND

A 50 foot wide vacated street (South 96th East Avenue and East 21st Place South) lying between BLOCKS 39 AND 40 OF LONGVIEW LAKE ESTATES, an Addition to the City of Tulsa, Tulsa County, State of Oklahoma, according to the recorded Plat No. 3491, the centerline of which is more particularly described as follows:

Commencing at a point lying 25 feet South 3°43'03" West of the Southeast corner of said Block Thirty-nine (39); Thence North 86°16'57" West a distance of 0.00 feet to a point of curve; Thence along said curve to the left, said curve having a radius of 525.00 feet, a central angle of 3°43'03" a distance of 34.06 feet to a point of tangent; Thence due West a distance of 47.17 feet to a point of curve; Thence along said curve to the right, said curve having a radius of 235.00 feet, a central angle of 33°29'46", a distance of 137.39 feet to a point of reverse curve; Thence along said curve to the left, said curve having a radius of 175.00 feet, a central angle of 37°50'58", a distance of 115.60 feet to a point of tangent; Thence South 85°38'48" West a distance of 47.37 feet to a point of curve; Thence along said curve to the right, said curve having a radius of 175.00 feet, a central angle of 26°59'43" a distance of 82.45 feet to a point of tangent; Thence North 67°21'29" West a distance of 121.14 feet to a point of curve; Thence along said curve to the right, said curve having a radius of 155.00 feet, a central angle of 30° 18' 02", a distance of 81.97 feet to a point of compound curve and the POINT OF BEGINNING; THENCE along said curve to the right, said curve having a radius of 155.00 feet, a central angle of 37°03'27", a distance of 100.25 feet to a point of tangent; THENCE due North a distance of 886.30 feet to a point of curve; THENCE along said curve to the right, said curve having a radius of 315.00 feet, a central angle of 76°58' 17", a distance of 423.17 feet to a point of tangent; THENCE North 76° 58' 17" East a distance of 185.43 feet to the end of said 50 foot wide vacated street.

TO HAVE AND TO HOLD the Property forever, free and clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and encumbrances of whatsoever nature, EXCEPT those described above.

This Special Warranty Deed is tendered in lieu of foreclosure of the Mortgage, and it is the express intent of the parties hereto that the Mortgage shall not merge with this deed, but shall continue in full force and effect as a lien on the Property. The Mortgage shall remain in effect until such Mortgage is affirmatively released by Grantee or merged into an action to foreclose such Mortgage. Grantee may, at any time in its sole discretion, maintain an action to foreclose the Mortgage described above.

This Special Warranty Deed represents an absolute conveyance of all of Grantor's right, title and interest in and to the Property, including Grantor's equity or right of redemption, and is not intended as a mortgage, security instrument or trust conveyance of any kind.

Grantor, its successors and assigns, do hereby covenant, promise and agree to and with Grantee, at the delivery of this Special Warranty Deed that Grantor is lawfully seized in its own

3

right of an absolute and indefeasible estate of inheritance in fee simple, of and in the Property; that the Property is free, clear and discharged and unencumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments and encumbrances, of whatsoever nature and kind, EXCEPT those described above; and that Grantor will WARRANT AND FOREVER DEFEND the same unto the Grantee, its successors and assigns, against any and all acts, conveyances, liens and encumbrances affecting such Property made or suffered to be made or done by, through or under Grantor.

IN WITNESS WHEREOF, Grantor has executed and delivered this Special Warranty Deed as of the day and year first above written.

**Shoreline's Best Living LLC, a  Delaware limited liability company,**

By:_____

    Aharon Diveroli, Authorized Representative of
    Lender; the Attorney in Fact on behalf of and
    Authorized Representative of Shoreline's Best Living LLC

## ACKNOWLEDGMENT

STATE OF FLORIDA      )
                           )    ss.
COUNTY OF MIAMI-DADE )

      Before me, the undersigned, a Notary Public in and for said County and State, on this 17th day of June, 2026, personally appeared Aharon Diveroli, as authorized representative of YSA Investments 1, LLC, a Delaware limited liability company, the Attorney-in-fact on behalf of, and authorized representative of, Shoreline's Best Living LLC, a  Delaware limited liability company, to me known to be the identical person who executed the within and foregoing instrument, and acknowledged to me that he executed the same as his free and voluntary act and deed, for the uses and purposes therein set forth.

      WITNESS MY HAND AND SEAL the day and year last above written.

_____
NOTARY PUBLIC

My Commission Expires:
12/19/2027

My Commission No.:
HH474601

FELIPE MENEZES
Commission # HH 474601
Expires December 19, 2027

4

2026062201091423    B: 16522 P: 1615
06/22/2026 03:30:10 PM  Pgs: 7
Fee: $30.00
Maressa Treat, County Clerk
Oklahoma County - State of Oklahoma



# SPECIAL WARRANTY DEED
### (Deed-in-lieu of foreclosure)

**This deed is exempt from documentary stamps pursuant to 68 Okl.Stat.Ann. §3202(13).**

THIS SPECIAL WARRANTY DEED made this 17th day of June, 2026, between Springdale Village's Best Living LLC, a Delaware limited liability company, Springdale Village TIC 1 LLC, a Delaware limited liability company, Springdale Village TIC 2 LLC, a Delaware limited liability company, and Springdale Village TIC 3 LLC, a Delaware limited liability company ("**Grantor**") and YSA Investments 1, LLC, a Delaware limited liability company ("**Grantee**").

Pursuant to that certain Agreement for Deed and Transfer in Lieu of Foreclosure of even date and in consideration of the promises set forth therein, Grantor does by these presents grant, bargain, and sell unto Grantee, its successors and assigns, all of Grantor's right, title and interest in and to the following described real estate situated in Oklahoma County, State of Oklahoma, together with all and singular the improvements thereon and the tenements, hereditaments, fixtures, and appurtenances thereunto belonging (the "**Property**") subject to easements, restrictive covenants and rights-of-way of record, zoning ordinances and prior, valid and superior mortgages and liens of record, including that Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing (the "Mortgage"), granted by Grantor to Grantee, and recorded in the records of the County Clerk of Oklahoma County, Oklahoma on December 30th, 2025 as Document Number 2025123001186795 in Book 16335 Page 948 to wit:

### Legal Description

**Tract 1**

A portion of Blocks Seventeen (17) and Twenty-four (24) and the included vacated streets and alleys located therein, as shown by the recorded plat thereof, of MOORE'S BOULEVARD ADDITION, to Oklahoma City, Oklahoma County, Oklahoma, and more particularly described as follows: BEGINNING at the Northwest corner of said Block 17; THENCE South along the West line of said Block 17 and Block 24, a distance of 493.00 feet to a point 7.00 feet North of the Southwest corner of Lot 24 of said Block 24; THENCE East and parallel to and 133.00 feet South of the North line of said Block 24, a distance of 325.00 feet to a point 7.00 feet North of the Southeast corner of Lot 12 of said Block 24; THENCE North along the East line of said Lot 12 of said Block 24, a distance of 75.00 feet to a point 58.00 feet South of the Northeast corner of said Lot 12; THENCE East, parallel to the North line of said Block 24, a distance of 108.00 feet to a point 8.00 feet East of the West line of Lot 7 of said Block 24; THENCE North, parallel

to and 433.00 feet East of the West line of said Block 24 and Block 17, a distance of 418.00 feet to a point on the North line of said Block; THENCE West along the North line of said Block 17, a distance of 433.00 feet to the Northwest corner of said Block 17, the POINT OR PLACE OF BEGINNING.

**AND**

**Tract 2**

The North 123.00 feet of Lot Twenty-five (25) and Lot Twenty-six (26) of said Block Twenty- four (24) in MOORE'S BOULEVARD ADDITION to Oklahoma City, Oklahoma County, Oklahoma, according to the recorded Plat thereof.

TO HAVE AND TO HOLD the Property forever, free and clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and encumbrances of whatsoever nature, EXCEPT those described above.

This Special Warranty Deed is tendered in lieu of foreclosure of the Mortgage, and it is the express intent of the parties hereto that the Mortgage shall not merge with this deed, but shall continue in full force and effect as a lien on the Property. The Mortgage shall remain in effect until such Mortgage is affirmatively released by Grantee or merged into an action to foreclose such Mortgage. Grantee may, at any time in its sole discretion, maintain an action to foreclose the Mortgage described above.

This Special Warranty Deed represents an absolute conveyance of all of Grantor's right, title and interest in and to the Property, including Grantor's equity or right of redemption, and is not intended as a mortgage, security instrument or trust conveyance of any kind.

Grantor, its successors and assigns, do hereby covenant, promise and agree to and with Grantee, at the delivery of this Special Warranty Deed that Grantor is lawfully seized in its own right of an absolute and indefeasible estate of inheritance in fee simple, of and in the Property; that the Property is free, clear and discharged and unencumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments and encumbrances, of whatsoever nature and kind, EXCEPT those described above; and that Grantor will WARRANT AND FOREVER DEFEND the same unto the Grantee, its successors and assigns, against any and all acts, conveyances, liens and encumbrances affecting such Property made or suffered to be made or done by, through or under Grantor.

IN WITNESS WHEREOF, Grantor has executed and delivered this Special Warranty Deed as of the day and year first above written.

*Signature Pages to Follow*

2

**Springdale Village's Best Living LLC, a Delaware limited liability company,**

By:_____

    Aharon Diveroli, Authorized Representative of
Lender; the Attorney in Fact on behalf of and
Authorized Representative of Springdale Village's Best Living LLC

**ACKNOWLEDGMENT**

STATE OF FLORIDA        )
                            )   ss.
COUNTY OF MIAMI-DADE )

      Before me, the undersigned, a Notary Public in and for said County and State, on this 17th day of June, 2026, personally appeared Aharon Diveroli, as authorized representative of YSA Investments 1, LLC, a Delaware limited liability company, the Attorney-in-fact on behalf of, and authorized representative of, Springdale Village's Best Living LLC, a Delaware limited liability company, to me known to be the identical person who executed the within and foregoing instrument, and acknowledged to me that he executed the same as his free and voluntary act and deed, for the uses and purposes therein set forth.

      WITNESS MY HAND AND SEAL the day and year last above written.

                             _____
                              NOTARY PUBLIC

My Commission Expires:
_12/19/2027_____

My Commission No.:
_HH474601_____

FELIPE MENEZES
Commission # HH 474601
Expires December 19, 2027

3

**Springdale Village TIC 1 LLC, a Delaware limited liability company,**

By:_____

    Aharon Diveroli, Authorized Representative of
Lender; the Attorney in Fact on behalf of and
Authorized Representative of Springdale Village TIC 1 LLC

### ACKNOWLEDGMENT

STATE OF FLORIDA       )
                           )    ss.
COUNTY OF MIAMI-DADE )

      Before me, the undersigned, a Notary Public in and for said County and State, on this 17th day of June, 2026, personally appeared Aharon Diveroli, as authorized representative of YSA Investments 1, LLC, a Delaware limited liability company, the Attorney-in-fact on behalf of, and authorized representative of, Springdale Village TIC 1 LLC, a Delaware limited liability company, to me known to be the identical person who executed the within and foregoing instrument, and acknowledged to me that he executed the same as his free and voluntary act and deed, for the uses and purposes therein set forth.

      WITNESS MY HAND AND SEAL the day and year last above written.

                          NOTARY PUBLIC

My Commission Expires:
  _12/19/2027_

My Commission No.:
  _HH474601_

                         **FELIPE MENEZES**
                         Commission # HH 474601
                         Expires December 19, 2027

4

**Springdale Village TIC 2 LLC, a  Delaware limited liability company,**

By:_____ _____

    Aharon Diveroli, Authorized Representative of
Lender; the Attorney in Fact on behalf of and
Authorized Representative of Springdale Village TIC 2 LLC

## ACKNOWLEDGMENT

STATE OF FLORIDA      )
                        )    ss.
COUNTY OF MIAMI-DADE )

       Before me, the undersigned, a Notary Public in and for said County and State, on this 17th day of June, 2026, personally appeared Aharon Diveroli, as authorized representative of YSA Investments 1, LLC, a Delaware limited liability company, the Attorney-in-fact on behalf of, and authorized representative of, Springdale Village TIC 2 LLC, a  Delaware limited liability company, to me known to be the identical person who executed the within and foregoing instrument, and acknowledged to me that he executed the same as his free and voluntary act and deed, for the uses and purposes therein set forth.

       WITNESS MY HAND AND SEAL the day and year last above written.

                           NOTARY PUBLIC

My Commission Expires:
12/19/2027

My Commission No.:
HH474601

FELIPE MENEZES
Commission # HH474601
Expires December 19, 2027

5

**Springdale Village TIC 3 LLC, a Delaware limited liability company,**

By:_____

    Aharon Diveroli, Authorized Representative of
Lender; the Attorney in Fact on behalf of and
Authorized Representative of Springdale Village TIC 3 LLC

### ACKNOWLEDGMENT

STATE OF FLORIDA     )
                             )   ss.
COUNTY OF MIAMI-DADE )

    Before me, the undersigned, a Notary Public in and for said County and State, on this 17th day of June, 2026, personally appeared Aharon Diveroli, as authorized representative of YSA Investments 1, LLC, a Delaware limited liability company, the Attorney-in-fact on behalf of, and authorized representative of, Springdale Village TIC3 LLC, a Delaware limited liability company, to me known to be the identical person who executed the within and foregoing instrument, and acknowledged to me that he executed the same as his free and voluntary act and deed, for the uses and purposes therein set forth.

    WITNESS MY HAND AND SEAL the day and year last above written.

_____
NOTARY PUBLIC

My Commission Expires:
_12/19/2027_

My Commission No.:
_HH 474601_

FELIPE MENEZES
Commission # HH 474601
Expires December 19, 2027

6

OAG 2024-3 – BUSINESS/TRUST EXEMPTION      **Exhibit to Deed**

## AFFIDAVIT OF LAND OWNERSHIP: EXEMPT BUSINESS OR TRUST

STATE OF  Florida _____  )

                                        )   ss.

COUNTY OF Miami-Dade _____  )

TO:    THE ATTORNEY GENERAL OF THE STATE OF OKLAHOMA

Before me, the undersigned Aharon Diveroli _____
(list legal name and any aliases) (the "Affiant"), who, having been first duly sworn, deposes and states as of the date of this Affidavit:

1.    I am eighteen (18) years of age or older and have personal knowledge of the statements made herein.

2.    I am a/an Authorized Representative _____ (role, such as titled officer or trustee) of

YSA Investments 1, LLC, a Delaware limited liability company _____ (legal name, along with any trade or fictitious names, of business, trust, or other legal entity) (referred to herein as the "Entity"). I am duly authorized to record this Affidavit on behalf of the Entity, which took title to the real property identified in the Deed to which this Affidavit is attached (the "Property"), and to bind the Entity for the consequences of any false statements in this Affidavit.

3.    This Affidavit is executed in accordance with and pursuant to 60 O.S. § 121, which provides in part as follows:
No alien or any person who is not a citizen of the United States or foreign government adversary shall acquire title to or own land in this state either directly or indirectly through a business entity, trust, or foreign government enterprise, except as hereinafter provided, but they shall have and enjoy in this state such rights as to personal property as are, or shall be, accorded a citizen of the United States under the laws of the nation to which such alien belongs, or by the treaties of such nation with the United States, except as the same may be affected by the provisions of Section 121 et seq. of this title or the Constitution of this state. Provided, however, the requirements of this subsection shall not apply to a business entity that is engaged in regulated interstate commerce or has a national security agreement with the Committee on Foreign Investment in the United States (CFIUS) in accordance with federal law.

4.    For purposes of this Affidavit, I acknowledge and understand that to be "engaged in regulated interstate commerce in accordance with federal law," means all the Entity's business activities in Oklahoma must be either: (a) expressly permitted by federal regulation or federal law, or (b) not prohibited by federal regulation or federal law. I further acknowledge and understand that an entity engaged in or supporting the cultivation of marijuana in Oklahoma is not "engaged in regulated interstate commerce in accordance with federal law." I have read the provisions of 60 O.S. § 121 and this Affidavit and certify that the Entity is engaged in regulated interstate commerce in accordance with federal law.

5.    No funding source is being used in the sale or transfer of the Property in violation of 60 O.S. § 121 or any other state or federal law.

6.    I acknowledge and understand that making or causing to be made a false statement in this affidavit may subject me to criminal prosecution for perjury and/or subject me and/or the Entity to being liable for actual damages suffered or incurred by any person or other entity as a result or consequence of the making of or reliance upon such false statement.

FURTHER AFFIANT SAYETH NOT.

_____        6\19\26
AFFIANT, individually and as authorized agent of the Entity    Date

The foregoing instrument was subscribed and sworn to before me this 15 day of _JUNE_____
20 26 by AHARON DIVEROLI

                               RAUL CHAVARRIA    _____
My Commission Expires: _____ Commission # HH 480998    NOTARY PUBLIC
                                 Expires March 6, 2028
My Commission Number: _____

2026062201091539    B: 16522 P: 1870
06/22/2026 04:02:31 PM  Pgs: 8
Fee: $32.00
Maressa Treat, County Clerk
Oklahoma County - State of Oklahoma



# SPECIAL WARRANTY DEED
### (Deed-in-lieu of foreclosure)

**This deed is exempt from documentary stamps pursuant to 68 Okl.Stat.Ann. §3202(13).**

THIS SPECIAL WARRANTY DEED made this 17th day of June, 2026, between Summer Oaks Best Living LLC, a Delaware limited liability company, Summer Oaks TIC 1 LLC, a Delaware limited liability company, Summer Oaks TIC 2 LLC, a Delaware limited liability company, and Summer Oaks TIC 3 LLC, a Delaware limited liability company ("**Grantor**") and YSA Investments 1, LLC, a Delaware limited liability company ("**Grantee**").

Pursuant to that certain Agreement for Deed and Transfer in Lieu of Foreclosure of even date and in consideration of the promises set forth therein, Grantor does by these presents grant, bargain, and sell unto Grantee, its successors and assigns, all of Grantor's right, title and interest in and to the following described real estate situated in Oklahoma County, State of Oklahoma, together with all and singular the improvements thereon and the tenements, hereditaments, fixtures, and appurtenances thereunto belonging (the "**Property**") subject to easements, restrictive covenants and rights-of-way of record, zoning ordinances and prior, valid and superior mortgages and liens of record, including that Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing (the "Mortgage"), granted by Grantor to Grantee, and recorded in the records of the County Clerk of Oklahoma County, Oklahoma on October 31st, 2025 as Document Number 2025103101156583 in Book 16277 Page 871 to wit:

### Legal Description

The East Half (E 1/2) of the Northwest Quarter (NW 1/4) of the Northwest Quarter (NW 1/4) of the Southwest Quarter (SW 1/4) of Section TWENTY-SEVEN (27), Township Twelve (12) North, Range Four (4) West of the Indian Meridian, Oklahoma County, Oklahoma AND the North Half (N 1/2) of the Southwest Quarter (SW 1/4) of the Northwest Quarter (NW 1/4) of the Southwest Quarter (SW 1/4) of Section TWENTY-SEVEN (27), Township TWELVE (12) North, Range FOUR (4) West of the Indian Meridian, Oklahoma County, Oklahoma, LESS AND EXCEPT the South 155.00 feet thereof, more particularly described as follows: COMMENCING at the Northwest corner of the Southwest Quarter (SW 1/4) of said Section TWENTY-SEVEN (27), Township TWELVE (12) North, Range FOUR (4) West; THENCE South 89°52'93" East of the North line of said Southwest Quarter (SW 1/4) for a distance of 332.61 feet to the Northwest corner of said East Half (E 1/2) of the Northwest Quarter (NW 1/4 of the Northwest Quarter (NW 1/4) of the Southwest Quarter (SW 1/4) to a point or place of beginning; THENCE South 00°N '05 Last on the West line of said East Half (E 1/2) of

the Northwest Quarter (NW 1/4) of the Northwest Quarter (NW 1/4) of the Southwest Quarter (SW 1/4) for a distance of 659.00 feet to a point on the North line of said North Half (N 1/2) of the Southwest Quarter (SW 1/4) of the Northwest Quarter (NW 1/4) of the Southwest Quarter (SW 1/4); THENCE North 89°50'21" West on the North line of said North Half (N 1/2) of the Southwest Quarter (SW 1/4 of the Northwest Quarter (NW 1/4) of the Southwest Quarter (SW 1/4) for a distance of 332.31 feet to the Northwest corner of said North Half (N 2) of the Southwest Quarter (SW 1/4) of the Northwest Quarter (NW 1/4) of the Southwest Quarter (SW/1/4) THENCE South 00°12'40" East on the West line of said North Half (N 1/2) of the Southwest Quarter (SW 1/4) of the Northwest Quarter (NW 1/4) of the Southwest Quarter (SW 1/4) for a distance of 174.42 feet to a point 155.00 feet North of the Southwest corner of said North Half (N 1/2) of the Southwest Quarter (SW 1/4) of the Northwest Quarter (NW 1/4) of the Southwest Quarter (SW 1/4); THENCE South 89°49'31" East and parallel to the South line of said North Half (N 1/2) of the Southwest Quarter (SW 1/4) of the Northwest Quarter (NW 1/4) of the Southwest Quarter (SW 1/4) for a distance of 664.46 feet to a point on the East line of said North Half (N 1/2) of the Southwest Quarter (SW 1/4) of the Northwest Quarter (NW 1/4) of the Southwest Quarter (SW 1/4); THENCE North 00°09'31" West on the East line of said North Half (N 1/2) of the Southwest Quarter (SW 1/4 of the Northwest Quarter (W 2/4) of the Southwest Quarter (SW 1/4) and the East line of said East Half (E 1/2) of the Northwest Quarter (W 1/4) of the Northwest Quarter (NW 1/4) of the Southwest Quarter (SW 1/4) for a distance of 833.75 feet to the Northeast corner of said East Half (E 1/2) of the Northwest Quarter (NW 1/4 of the Northwest Quarter (NW 1/4) of the Southwest Quarter (SW 1/4); THENCE North 89°52'03" West on the North line of said East Half (E 1/2) of the Northwest Quarter (NW 1/4 of the Northwest Quarter (NW 1/4) of the Southwest Quarter (SW 1/4) for a distance of 332.61 feet to the POINT OR PLACE OF BEGINNING.

TO HAVE AND TO HOLD the Property forever, free and clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and encumbrances of whatsoever nature, EXCEPT those described above.

This Special Warranty Deed is tendered in lieu of foreclosure of the Mortgage, and it is the express intent of the parties hereto that the Mortgage shall not merge with this deed, but shall continue in full force and effect as a lien on the Property. The Mortgage shall remain in effect until such Mortgage is affirmatively released by Grantee or merged into an action to foreclose such Mortgage. Grantee may, at any time in its sole discretion, maintain an action to foreclose the Mortgage described above.

This Special Warranty Deed represents an absolute conveyance of all of Grantor's right, title and interest in and to the Property, including Grantor's equity or right of redemption, and is not intended as a mortgage, security instrument or trust conveyance of any kind.

Grantor, its successors and assigns, do hereby covenant, promise and agree to and with Grantee, at the delivery of this Special Warranty Deed that Grantor is lawfully seized in its own right of an absolute and indefeasible estate of inheritance in fee simple, of and in the Property; that the Property is free, clear and discharged and unencumbered of and from all former and

2

other grants, titles, charges, estates, judgments, taxes, assessments and encumbrances, of whatsoever nature and kind, EXCEPT those described above; and that Grantor will WARRANT AND FOREVER DEFEND the same unto the Grantee, its successors and assigns, against any and all acts, conveyances, liens and encumbrances affecting such Property made or suffered to be made or done by, through or under Grantor.

IN WITNESS WHEREOF, Grantor has executed and delivered this Special Warranty Deed as of the day and year first above written.

*SIGNATURE PAGES TO FOLLOW*

3

**Summer Oaks Best Living LLC, a Delaware limited liability company,**

By:_____

    Aharon Diveroli, Authorized Representative of
    Lender; the Attorney in Fact on behalf of and
    Authorized Representative of Summer Oaks Best Living LLC

## ACKNOWLEDGMENT

STATE OF FLORIDA     )
                      )    ss.
COUNTY OF MIAMI-DADE )

    Before me, the undersigned, a Notary Public in and for said County and State, on this 17th day of June, 2026, personally appeared Aharon Diveroli, as authorized representative of YSA Investments 1, LLC, a Delaware limited liability company, the Attorney-in-fact on behalf of, and authorized representative of, Summer Oaks Best Living LLC, a Delaware limited liability company, to me known to be the identical person who executed the within and foregoing instrument, and acknowledged to me that he executed the same as his free and voluntary act and deed, for the uses and purposes therein set forth.

    WITNESS MY HAND AND SEAL the day and year last above written.

                                NOTARY PUBLIC

My Commission Expires:
12/19/2023

My Commission No.:
HH474601

FELIPE MENEZES
Commission # HH 474601
Expires December 19, 2027

4

**Summer Oaks TIC 1 LLC, a Delaware limited liability company,**

By: _____

    Aharon Diveroli, Authorized Representative of
Lender; the Attorney in Fact on behalf of and
Authorized Representative of Summer Oaks TIC 1 LLC

## ACKNOWLEDGMENT

STATE OF FLORIDA    )
                           )    ss.
COUNTY OF MIAMI-DADE )

    Before me, the undersigned, a Notary Public in and for said County and State, on this 17th day of June, 2026, personally appeared Aharon Diveroli, as authorized representative of YSA Investments 1, LLC, a Delaware limited liability company, the Attorney-in-fact on behalf of, and authorized representative of, Summer Oaks TIC 1 LLC, a Delaware limited liability company, to me known to be the identical person who executed the within and foregoing instrument, and acknowledged to me that he executed the same as his free and voluntary act and deed, for the uses and purposes therein set forth.

    WITNESS MY HAND AND SEAL the day and year last above written.

                                _____
                                NOTARY PUBLIC

My Commission Expires:
12/19/2027

My Commission No.:
HH474601

                                FELIPE MENEZES
                                Commission # HH 474601
                                Expires December 19, 2027

5

**Summer Oaks TIC 2 LLC, a Delaware limited liability company,**

By:_____

    Aharon Diveroli, Authorized Representative of
    Lender; the Attorney in Fact on behalf of and
    Authorized Representative of Summer Oaks TIC 2 LLC

## ACKNOWLEDGMENT

STATE OF FLORIDA      )
                          )    ss.
COUNTY OF MIAMI-DADE )

      Before me, the undersigned, a Notary Public in and for said County and State, on this 17th day of June, 2026, personally appeared Aharon Diveroli, as authorized representative of YSA Investments 1, LLC, a Delaware limited liability company, the Attorney-in-fact on behalf of, and authorized representative of, Summer Oaks TIC 2 LLC, a Delaware limited liability company, to me known to be the identical person who executed the within and foregoing instrument, and acknowledged to me that he executed the same as his free and voluntary act and deed, for the uses and purposes therein set forth.

      WITNESS MY HAND AND SEAL the day and year last above written.

                        _____
                        NOTARY PUBLIC

My Commission Expires:
_12/19/2027_

My Commission No.:
_HH474601_

6

Summer Oaks TIC 3 LLC, a Delaware limited liability company,

By:_____

    Aharon Diveroli, Authorized Representative of
Lender; the Attorney in Fact on behalf of and
Authorized Representative of Summer Oaks TIC 3 LLC

## ACKNOWLEDGMENT

STATE OF FLORIDA     )
                    )   ss.
COUNTY OF MIAMI-DADE )

    Before me, the undersigned, a Notary Public in and for said County and State, on this 17th day of June, 2026, personally appeared Aharon Diveroli, as authorized representative of YSA Investments 1, LLC, a Delaware limited liability company, the Attorney-in-fact on behalf of, and authorized representative of, Summer Oaks TIC 3 LLC, a Delaware limited liability company, to me known to be the identical person who executed the within and foregoing instrument, and acknowledged to me that he executed the same as his free and voluntary act and deed, for the uses and purposes therein set forth.

    WITNESS MY HAND AND SEAL the day and year last above written.

                        _____
                        NOTARY PUBLIC

My Commission Expires:
_12/19/2027_

My Commission No.:
_HH 474601_

FELIPE MENEZES
Commission # HH 474601
Expires December 19, 2027

7

OAG 2024-3 – BUSINESS/TRUST EXEMPTION        **Exhibit to Deed**

### AFFIDAVIT OF LAND OWNERSHIP: EXEMPT BUSINESS OR TRUST

STATE OF __Florida_____ )

                                                                     )      ss.

COUNTY OF __Miami-Dade_____ )

TO:      THE ATTORNEY GENERAL OF THE STATE OF OKLAHOMA

Before me, the undersigned __Aharon Diveroli_____

(list legal name and any aliases) (the "Affiant"), who, having been first duly sworn, deposes and states as of the date of this Affidavit:

1.  I am eighteen (18) years of age or older and have personal knowledge of the statements made herein.

2.  I am a/an __Authorized Representative_____ (role, such as titled officer or trustee) of __YSA Investments 1, LLC, a Delaware limited liability company_____ (legal name, along with any trade or fictitious names, of business, trust, or other legal entity) (referred to herein as the "Entity"). I am duly authorized to record this Affidavit on behalf of the Entity, which took title to the real property identified in the Deed to which this Affidavit is attached (the "Property"), and to bind the Entity for the consequences of any false statements in this Affidavit.

3.  This Affidavit is executed in accordance with and pursuant to 60 O.S. § 121, which provides in part as follows:
    No alien or any person who is not a citizen of the United States or foreign government adversary shall acquire title to or own land in this state either directly or indirectly through a business entity, trust, or foreign government enterprise, except as hereinafter provided, but they shall have and enjoy in this state such rights as to personal property as are, or shall be, accorded a citizen of the United States under the laws of the nation to which such alien belongs, or by the treaties of such nation with the United States, except as the same may be affected by the provisions of Section 121 et seq. of this title or the Constitution of this state. Provided, however, the requirements of this subsection shall not apply to a business entity that is engaged in regulated interstate commerce or has a national security agreement with the Committee on Foreign Investment in the United States (CFIUS) in accordance with federal law.

4.  For purposes of this Affidavit, I acknowledge and understand that to be "engaged in regulated interstate commerce in accordance with federal law," means all the Entity's business activities in Oklahoma must be either: (a) expressly permitted by federal regulation or federal law, or (b) not prohibited by federal regulation or federal law. I further acknowledge and understand that an entity engaged in or supporting the cultivation of marijuana in Oklahoma is not "engaged in regulated interstate commerce in accordance with federal law." I have read the provisions of 60 O.S. § 121 and this Affidavit and certify that the Entity is engaged in regulated interstate commerce in accordance with federal law.

5.  No funding source is being used in the sale or transfer of the Property in violation of 60 O.S. § 121 or any other state or federal law.

6.  I acknowledge and understand that making or causing to be made a false statement in this affidavit may subject me to criminal prosecution for perjury and/or subject me and/or the Entity to being liable for actual damages suffered or incurred by any person or other entity as a result or consequence of the making of or reliance upon such false statement.

FURTHER AFFIANT SAYETH NOT.

_____                    __6\19\26_____
AFFIANT, individually and as authorized agent of the Entity            Date

The foregoing instrument was subscribed and sworn to before me this __15__ day of __JUNE_____,

20_26_ by __AHARON DIVEROLI_____

                                                                        _____
                                                                        NOTARY PUBLIC

                                         RAUL CHAVARRIA
My Commission Expires: _____ Commission # HH 480998
                                         Expires March 6, 2028
My Commission Number: _____

2026062201091415    B: 16522 P: 1580
06/22/2026 03:27:03 PM  Pgs: 4
Fee: $24.00
Maressa Treat, County Clerk
Oklahoma County - State of Oklahoma



# SPECIAL WARRANTY DEED
### (Deed-in-lieu of foreclosure)

**This deed is exempt from documentary stamps pursuant to 68 Okl.Stat.Ann. §3202(13).**

THIS SPECIAL WARRANTY DEED made this 17th day of June, 2026, between Tuscany Village Best Living LLC, a Delaware limited liability company ("**Grantor**") and YSA Investments 1, LLC, a Delaware limited liability company ("**Grantee**").

Pursuant to that certain Agreement for Deed and Transfer in Lieu of Foreclosure of even date and in consideration of the promises set forth therein, Grantor does by these presents grant, bargain, and sell unto Grantee, its successors and assigns, all of Grantor's right, title and interest in and to the following described real estate situated in Oklahoma County, State of Oklahoma, together with all and singular the improvements thereon and the tenements, hereditaments, fixtures, and appurtenances thereunto belonging (the "**Property**") subject to easements, restrictive covenants and rights-of-way of record, zoning ordinances and prior, valid and superior mortgages and liens of record, including that Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing (the "Mortgage"), granted by Grantor to Grantee, and recorded in the records of the County Clerk of Oklahoma County, Oklahoma on January 9th, 2026 as Document Number 2026010901003735 in Book 16346 Page 1059 to wit:

### Legal Description

A part of Block Four (4), of KNIGHT LAKE, an addition to Oklahoma City, Oklahoma County, Oklahoma, according to the plat recorded in Book 42, Page 15, and a part of Block Seven (7), of KNIGHT LAKE, an addition to Oklahoma City, Oklahoma County, Oklahoma, according to the plat recorded in Book 43, Page 73, being a part of the Northwest Quarter (NW/4) of Section Four (4), Township Twelve (12) North, Range Four (4) West of the Indian Meridian more fully described as follows: Commencing at the Northwest Corner of said Section 4; Thence South a distance of 1410.00 feet; Thence due East a distance of 50.00 feet to the Southwest Corner of said Block 7; Thence due North 560.14 feet along the West line of said Block 7; Thence North 36°01'35" East along the line common to Lots Two (2) and Three (3) of said Block Seven (7) a distance of 440.00 feet to the Point of Beginning; Thence North 36°01'35" East continuing along the line common to Lots Two (2) and Three (3) of said Block Seven a distance of 551.22 feet to the North line of said Block Seven (7); Thence North 89°50'17" East along the North line of said Block Seven (7) a distance of 622.01 feet; Thence due South a distance of 453.55 feet to a point of curve; Thence Southeasterly on a curve to the left having a radius of 100.00 feet and a central angle of 90°00'00", a distance of 157.03 feet (157.08

measured) to a point on the East line of said Block Seven (7), said point being 553.83 feet due South of the Northeast Corner of said Block Seven (7); Thence due East along the line common to Lots One (1) and Two (2) of said Block Four (4) a distance of 349.03 feet to the East line of said Block Four (4); Thence Southwesterly on a curve to the left having a radius of 430.00 feet and a chord bearing of South 12°05'55" West along the East line of said Block Four (4) a distance of 302.92 feet (301.67 measured); Thence South 08°00'00" East along the East line of said Block Four (4) a distance of 260.00 feet; Thence Southwesterly on a curve to the right having a radius of 505.00 feet and chord bearing of South 14°00'00" West along the East line of said Block Four (4) a distance of 387.81 feet to a point of reverse curve; Thence Southwesterly on a curve to the left having a radius of 330.00 feet along the East line of said Block Four (4) a distance of 20.86 feet; Thence North 61°13'56" West a distance of 541.55 feet (541.91 measured); Thence due West along the line common to Lots One (1) and Two (2) of said Block Seven (7) a distance of 35.00 feet; Thence due North a distance of 360.00 feet: Thence South 60°00'00" West a distance of 240.00 feet; Thence North 30°00'00" West a distance of 30.00 feet; Thence South 60°00'00" West a distance of 30.00 feet; Thence due West a distance of 260.00 feet; Thence North 38°00'00" West a distance of 180.00 feet; Thence North 19°37'00" West a distance of 406.77 feet to the Point of Beginning.

TO HAVE AND TO HOLD the Property forever, free and clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and encumbrances of whatsoever nature, EXCEPT those described above.

This Special Warranty Deed is tendered in lieu of foreclosure of the Mortgage, and it is the express intent of the parties hereto that the Mortgage shall not merge with this deed, but shall continue in full force and effect as a lien on the Property. The Mortgage shall remain in effect until such Mortgage is affirmatively released by Grantee or merged into an action to foreclose such Mortgage. Grantee may, at any time in its sole discretion, maintain an action to foreclose the Mortgage described above.

This Special Warranty Deed represents an absolute conveyance of all of Grantor's right, title and interest in and to the Property, including Grantor's equity or right of redemption, and is not intended as a mortgage, security instrument or trust conveyance of any kind.

Grantor, its successors and assigns, do hereby covenant, promise and agree to and with Grantee, at the delivery of this Special Warranty Deed that Grantor is lawfully seized in its own right of an absolute and indefeasible estate of inheritance in fee simple, of and in the Property; that the Property is free, clear and discharged and unencumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments and encumbrances, of whatsoever nature and kind, EXCEPT those described above; and that Grantor will WARRANT AND FOREVER DEFEND the same unto the Grantee, its successors and assigns, against any and all acts, conveyances, liens and encumbrances affecting such Property made or suffered to be made or done by, through or under Grantor.

IN WITNESS WHEREOF, Grantor has executed and delivered this Special Warranty Deed as of the day and year first above written.

2

**Tuscany Village Best Living LLC, a  Delaware limited liability company,**

By:_____

Aharon Diveroli, Authorized Representative of
Lender; the Attorney in Fact on behalf of and
Authorized Representative of Tuscany Village Best Living LLC

## ACKNOWLEDGMENT

STATE OF FLORIDA          )
                          )     ss.
COUNTY OF MIAMI-DADE )

Before me, the undersigned, a Notary Public in and for said County and State, on this 17th day of June, 2026, personally appeared Aharon Diveroli, as authorized representative of YSA Investments 1, LLC, a Delaware limited liability company, the Attorney-in-fact on behalf of, and authorized representative of,  Tuscany Village Best Living LLC, a  Delaware limited liability company, to me known to be the identical person who executed the within and foregoing instrument, and acknowledged to me that he executed the same as his free and voluntary act and deed, for the uses and purposes therein set forth.

WITNESS MY HAND AND SEAL the day and year last above written.

_____
NOTARY PUBLIC

My Commission Expires:
12/19/2027

My Commission No.:
HH 474601

FELIPE MENEZES
Commission # HH 474601
Expires December 19, 2027

3

OAG 2024-3 – BUSINESS/TRUST EXEMPTION        **Exhibit to Deed**

**AFFIDAVIT OF LAND OWNERSHIP: EXEMPT BUSINESS OR TRUST**

STATE OF    Florida                                                    )
                                                                       )    ss.
COUNTY OF  Miami-Dade                                                  )

TO:      THE ATTORNEY GENERAL OF THE STATE OF OKLAHOMA

         Before me, the undersigned  Aharon Diveroli
(list legal name and any aliases) (the "Affiant"), who, having been first duly sworn, deposes and states as of the date
of this Affidavit:

1.  I am eighteen (18) years of age or older and have personal knowledge of the statements made herein.

2.  I am a/an  Authorized Representative                             (role, such as titled officer or trustee) of
    YSA Investments 1, LLC, a Delaware limited liability company          (legal    name,
    along with any trade or fictitious names, of business, trust, or other legal entity) (referred to herein as the "Entity").
    I am duly authorized to record this Affidavit on behalf of the Entity, which took title to the real property identified
    in the Deed to which this Affidavit is attached (the "Property"), and to bind the Entity for the consequences of
    any false statements in this Affidavit.

3.  This Affidavit is executed in accordance with and pursuant to 60 O.S. § 121, which provides in part as follows:
        No alien or any person who is not a citizen of the United States or foreign government adversary
        shall acquire title to or own land in this state either directly or indirectly through a business
        entity, trust, or foreign government enterprise, except as hereinafter provided, but they shall
        have and enjoy in this state such rights as to personal property as are, or shall be, accorded
        a citizen of the United States under the laws of the nation to which such alien belongs, or by
        the treaties of such nation with the United States, except as the same may be affected by the
        provisions of Section 121 et seq. of this title or the Constitution of this state. Provided, however,
        the requirements of this subsection shall not apply to a business entity that is engaged in
        regulated interstate commerce or has a national security agreement with the Committee on
        Foreign Investment in the United States (CFIUS) in accordance with federal law.

4.  For purposes of this Affidavit, I acknowledge and understand that to be "engaged in regulated interstate
    commerce in accordance with federal law," means all the Entity's business activities in Oklahoma must be
    either: (a) expressly permitted by federal regulation or federal law, or (b) not prohibited by federal regulation
    or federal law. I further acknowledge and understand that an entity engaged in or supporting the cultivation
    of marijuana in Oklahoma is not "engaged in regulated interstate commerce in accordance with federal law." I
    have read the provisions of 60 O.S. § 121 and this Affidavit and certify that the Entity is engaged in regulated
    interstate commerce in accordance with federal law.

5.  No funding source is being used in the sale or transfer of the Property in violation of 60 O.S. § 121 or any
    other state or federal law.

6.  I acknowledge and understand that making or causing to be made a false statement in this affidavit may
    subject me to criminal prosecution for perjury and/or subject me and/or the Entity to being liable for actual
    damages suffered or incurred by any person or other entity as a result or consequence of the making of or
    reliance upon such false statement.

FURTHER AFFIANT SAYETH NOT.


_____              6\1\26
AFFIANT, individually and as authorized agent of the Entity        Date

The foregoing instrument was subscribed and sworn to before me this  15 day of _JUNE_
20 26 by  AHARON  Diveroli

                          RAUL CHAVARRIA           _____
My Commission Expires:    Commission # HH 480998   NOTARY PUBLIC
                          Expires March 8, 2028
My Commission Number:

Tulsa County Clerk - MICHAEL WILLIS
Doc #: 2026056500 Page(s): 6 Recorded: 06/18/2026 04:18:42 PM
Receipt #: 2026-39758 Fees: $28.00

*****ELECTRONICALLY FILED DOCUMENT*****



# SPECIAL WARRANTY DEED
### (Deed-in-lieu of foreclosure)

**This deed is exempt from documentary stamps pursuant to 68 Okl.Stat.Ann. §3202(13).**

THIS SPECIAL WARRANTY DEED made this 17th day of June, 2026, between Woodland Manor's Best Living LLC, a Delaware limited liability company & Woodland Manor TIC 1 LLC, a Delaware limited liability company ("**Grantor**") and YSA Investments 1, LLC, a Delaware limited liability company ("**Grantee**").

Pursuant to that certain Agreement for Deed and Transfer in Lieu of Foreclosure of even date and in consideration of the promises set forth therein, Grantor does by these presents grant, bargain, and sell unto Grantee, its successors and assigns, all of Grantor's right, title and interest in and to the following described real estate situated in Tulsa County, State of Oklahoma, together with all and singular the improvements thereon and the tenements, hereditaments, fixtures, and appurtenances thereunto belonging (the "**Property**") subject to easements, restrictive covenants and rights-of-way of record, zoning ordinances and prior, valid and superior mortgages and liens of record, including that Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing (the "Mortgage"), granted by Grantor to Grantee, and recorded in the records of the County Clerk of Tulsa County, Oklahoma on October 31st, 2025 as Document Number 2025099694 to wit:

### Legal Description

**TRACT 1 (FEE TRACT)**

A TRACT OF LAND THAT IS PART OF LOT 1, BLOCK 1, MEMORIAL SOUTH CENTER, AN ADDITION TO THE CITY OF TULSA, TULSA COUNTY, STATE OF OKLAHOMA, ACCORDING TO THE RECORDED PLAT NO. 2678, RECORDED NOVEMBER 10, 1965, SAID TRACT OF LAND BEING DESCRIBED AS FOLLOWS, TO-WIT:

COMMENCING AT A POINT THAT IS THE SOUTHEAST CORNER OF LOT 1, BLOCK 1, MEMORIAL SOUTH CENTER;

THENCE NORTH 89°59'55" WEST AND ALONG THE SOUTHERLY LINE OF SAID BLOCK 1 FOR A DISTANCE OF 374.71 FEET;

THENCE NORTH 00°00'05" EAST FOR A DISTANCE OF 90.00 FEET TO A POINT OF CURVE;

THENCE NORTHERLY AND NORTHWESTERLY ALONG A CURVE TO THE LEFT WITH A CENTRAL ANGLE OF 45°00'00" AND A RADIUS 250.00 FEET FOR A DISTANCE OF 196.35 FEET TO A POINT OF TANGENCY;

THENCE NORTH 44°59'55" WEST ALONG SAID TANGENCY FOR A DISTANCE OF 120.45 FEET TO A POINT OF CURVE;

THENCE NORTHWESTERLY AND NORTHERLY ALONG A CURVE TO THE RIGHT WITH A CENTRAL ANGLE OF 26°37'07" AND A RADIUS OF 500.00 FEET FOR A DISTANCE OF 232.29 FEET TO THE POINT OF BEGINNING;

THENCE CONTINUING NORTHWESTERLY AND NORTHERLY ALONG A CURVE TO THE RIGHT WITH A CENTRAL ANGLE OF 5°52'40" AND A RADIUS OF 500.00 FEET FOR A DISTANCE OF 51.29 FEET TO A POINT OF TANGENCY;

THENCE NORTH 12°30'08" WEST ALONG SAID TANGENCY FOR A DISTANCE OF 64.86 FEET TO A POINT OF CURVE;

THENCE NORTHERLY AND NORTHWESTERLY ALONG A CURVE TO THE LEFT WITH A CENTRAL ANGLE OF 21°23'15" AND A RADIUS OF 250.00 FEET FOR A DISTANCE OF 93.32 FEET;

THENCE NORTH 26°00'00" EAST FOR A DISTANCE OF 243.22 FEET;

THENCE NORTH 73°00'00" EAST FOR A DISTANCE OF 195.00 FEET;

THENCE 00°00'08" WEST FOR A DISTANCE OF 250.00 FEET TO A POINT ON THE NORTHERLY LINE OF SAID BLOCK 1; THENCE NORTH 89°59'52" EAST ALONG SAID NORTHERLY LINE FOR A DISTANCE OF 421.94 FEET TO THE NORTHEAST CORNER OF SAID BLOCK 1;

THENCE SOUTH 00°08'45" EAST ALONG THE EASTERLY LINE OF SAID LOT 1 FOR A DISTANCE OF 1069.35 FEET;

THENCE NORTH 35°09'14" WEST FOR A DISTANCE OF 277.35 FEET;

THENCE NORTH 84°33'37" WEST FOR A DISTANCE OF 80.80 FEET;

THENCE NORTH 44°16'58" WEST FOR A DISTANCE OF 187.68 FEET;

THENCE SOUTH 72°16'01" WEST FOR A DISTANCE OF 78.65 FEET;

THENCE NORTH 58°16'10" WEST FOR A DISTANCE OF 88.50 FEET;

2

THENCE SOUTH 70°55'52" WEST FOR A DISTANCE OF 139.84 FEET TO THE POINT OF BEGINNING.

**TRACT 2 (FEE TRACT)**

A TRACT OF LAND THAT IS PART OF LOT 1, BLOCK 1, MEMORIAL SOUTH CENTER, AN ADDITION TO THE CITY OF TULSA, TULSA COUNTY, STATE OF OKLAHOMA, ACCORDING TO THE RECORDED PLAT NO. 2678, RECORDED NOVEMBER 10, 1965, SAID TRACT OF LAND BEING DESCRIBED AS FOLLOWS, TO-WIT;

BEGINNING AT A POINT THAT IS THE SOUTHEAST CORNER OF LOT 1, BLOCK 1, MEMORIAL SOUTH CENTER;

THENCE NORTH 89°59'55" WEST AND ALONG THE SOUTHERLY LINE OF SAID BLOCK 1 FOR A DISTANCE OF 374.71 FEET;

THENCE NORTH 00°00'05" EAST FOR A DISTANCE OF 90.00 FEET TO A POINT OF CURVE;

THENCE NORTHERLY AND NORTHWESTERLY ALONG A CURVE TO THE LEFT WITH A CENTRAL ANGLE 45°00'00" AND A RADIUS OF 250.00 FEET FOR A DISTANCE OF 196.35 FEET TO A POINT OF TANGENCY;

THENCE NORTH 44°59'55" WEST ALONG SAID TANGENCY FOR A DISTANCE OF 120.45 FEET TO A POINT OF CURVE;

THENCE NORTHWESTERLY AND NORTHERLY ALONG A CURVE TO THE RIGHT WITH A CENTRAL ANGLE OF 26°37'07" AND A RADIUS OF 500.00 FEET FOR A DISTANCE OF 232.29 FEET;

THENCE NORTH 70°55'52" EAST FOR A DISTANCE OF 139.84 FEET;

THENCE SOUTH 58°16'10" EAST FOR A DISTANCE OF 88.50 FEET;

THENCE NORTH 72°16'01" EAST FOR A DISTANCE OF 78.65 FEET;

THENCE SOUTH 44°16'58" EAST FOR A DISTANCE OF 187.68 FEET;

THENCE SOUTH 84°33'37" EAST FOR A DISTANCE OF 80.80 FEET;

THENCE SOUTH 35°09'14" EAST FOR A DISTANCE OF 277.35 FEET TO A POINT ON THE EASTERLY LINE OF SAID BLOCK 1;

THENCE SOUTH 00°08'45" EAST ALONG SAID EASTERLY LINE FOR A DISTANCE OF 202.16 FEET TO THE POINT OF BEGINNING.

TO HAVE AND TO HOLD the Property forever, free and clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and encumbrances of whatsoever nature, EXCEPT those described above.

This Special Warranty Deed is tendered in lieu of foreclosure of the Mortgage, and it is the express intent of the parties hereto that the Mortgage shall not merge with this deed, but shall continue in full force and effect as a lien on the Property. The Mortgage shall remain in effect until such Mortgage is affirmatively released by Grantee or merged into an action to foreclose such Mortgage. Grantee may, at any time in its sole discretion, maintain an action to foreclose the Mortgage described above.

This Special Warranty Deed represents an absolute conveyance of all of Grantor's right, title and interest in and to the Property, including Grantor's equity or right of redemption, and is not intended as a mortgage, security instrument or trust conveyance of any kind.

Grantor, its successors and assigns, do hereby covenant, promise and agree to and with Grantee, at the delivery of this Special Warranty Deed that Grantor is lawfully seized in its own right of an absolute and indefeasible estate of inheritance in fee simple, of and in the Property; that the Property is free, clear and discharged and unencumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments and encumbrances, of whatsoever nature and kind, EXCEPT those described above; and that Grantor will WARRANT AND FOREVER DEFEND the same unto the Grantee, its successors and assigns, against any and all acts, conveyances, liens and encumbrances affecting such Property made or suffered to be made or done by, through or under Grantor.

IN WITNESS WHEREOF, Grantor has executed and delivered this Special Warranty Deed as of the day and year first above written.

*Signature Page Follows*

4

**Woodland Manor's Best Living LLC, a  Delaware limited liability company,**

By:_____

    Aharon Diveroli, Authorized Representative of
Lender; the Attorney in Fact on behalf of and
Authorized Representative of Woodland Manor's Best Living LLC

## ACKNOWLEDGMENT

STATE OF FLORIDA      )
                     )    ss.
COUNTY OF MIAMI-DADE )

Before me, the undersigned, a Notary Public in and for said County and State, on this 17th day of June, 2026, personally appeared Aharon Diveroli, as authorized representative of YSA Investments 1, LLC, a Delaware limited liability company, the Attorney-in-fact on behalf of, and authorized representative of, Woodland Manor's Best Living LLC, a Delaware limited liability company, to me known to be the identical person who executed the within and foregoing instrument, and acknowledged to me that he executed the same as his free and voluntary act and deed, for the uses and purposes therein set forth.

WITNESS MY HAND AND SEAL the day and year last above written.

_____
NOTARY PUBLIC

My Commission Expires:
__12/19/2027__

My Commission No.:
__HH474601__

FELIPE MENEZES
Commission # HH 474601
Expires December 19, 2027

5

**Woodland Manor TIC 1 LLC, a Delaware limited liability company,**

By:_____

Aharon Diveroli, Authorized Representative of
Lender; the Attorney in Fact on behalf of and
Authorized Representative of Woodland Manor TIC 1 LLC

## ACKNOWLEDGMENT

STATE OF FLORIDA     )
                           )    ss.
COUNTY OF MIAMI-DADE )

      Before me, the undersigned, a Notary Public in and for said County and State, on this 17th day of June, 2026, personally appeared Aharon Diveroli, as authorized representative of YSA Investments 1, LLC, a Delaware limited liability company, the Attorney-in-fact on behalf of, and authorized representative of, Woodland Manor TIC 1 LLC, a Delaware limited liability company, to me known to be the identical person who executed the within and foregoing instrument, and acknowledged to me that he executed the same as his free and voluntary act and deed, for the uses and purposes therein set forth.

      WITNESS MY HAND AND SEAL the day and year last above written.

_____
NOTARY PUBLIC

My Commission Expires:
H 12/19/2027

My Commission No.:
HH474601

FELIPE MENEZES
Commission # HH 474601
Expires December 19, 2027

6