## AGREEMENT FOR DEED AND TRANSFER
## IN LIEU OF FORECLOSURE

This Agreement for Deed and Transfer in Lieu of Foreclosure ("Agreement") is made and entered into on June 17th, 2026 ("**Effective Date**"), by and between YSA Investments 1, LLC, a Delaware limited liability company ("**Lender**"), and Jenk's Best Living, a Kansas limited liability company ("**Grantor**") (each a "**Party**" and collectively the "**Parties**"). Capitalized terms used but not defined in this Agreement have the meanings assigned to them in the Mortgage (defined herein).

## RECITALS:

**WHEREAS,** Grantor owns absolute fee simple title in and to the real property situated in Tulsa County, State of Oklahoma, more particularly described as follows and all improvements thereon and the tenements, hereditaments, fixtures and appurtenances thereunto belonging:

## Legal Description

VILLAGE ON MAIN II, an Addition to the City of Jenks, Tulsa County, State of Oklahoma, according to the Recorded Plat thereof.

(the "**Property**");

**WHEREAS,** Lender, extended credit to Marc Kulick and other entities owned and controlled by Mr. Kulick ("the **Borrower Parties**") through a series of loans (the "**Loans**") and the Borrower Parties defaulted on the payment and performance of the Loans and the underlying loan documents ("**Loan Documents**");

**WHEREAS,** the Borrower Parties owned and/or controlled Grantor, and the Borrower Parties pledged the Property as part of the collateral securing repayment of the Loans;

**WHEREAS,** Upon the Borrower Parties' defaults on the Loans, the Loan Documents granted Lender powers of attorney to act on the Borrower Parties' and Grantor's behalf and authorized Lender to take whatever steps that it deemed necessary in its sole discretion to secure, enforce, and protect its interests, and to collect all amounts due to Lender, including taking any action against the Property;

**WHEREAS,** Because of the Borrower Parties' default on the Loans and through the terms of the powers of attorney provided to Lender, Lender was granted a mortgage on the Property (the "Mortgage"). The Mortgage was recorded on October 31st, 2025 as Document Number 2025099639 in the land records of the office of the County Clerk of Tulsa County, Oklahoma;

**WHEREAS,** The Borrower Parties own equity interests in Grantor or otherwise are affiliated with Grantor, and Grantor will derive substantial and material direct or indirect benefits from Grantor's performance of this Agreement;

**WHEREAS,** The Property is encumbered by other mortgages and liens likely superior to the Mortgage and the unencumbered fair market value of the Property does not exceed the Secured Obligations;

**WHEREAS,** To avoid financial hardship and the damage to its reputation that would result from Lender exercising its rights and remedies under the Mortgage, Grantor desires, subject to the terms, covenants, and conditions set forth in this Agreement, to convey the Property to Lender.

**NOW THEREFORE**, in consideration of the mutual promises, covenants and agreements herein made, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Lender and Grantor agree as follows:

1.      Conveyance to Lender. Grantor hereby agrees to convey to Lender absolutely and free of any right or equity of redemption or other right or interest of the Grantor or anyone claiming by, through or under it, the Property and all improvements thereon and the tenements, hereditaments, fixtures and appurtenances thereunto belonging, and all other Mortgaged Property and Collateral as defined in the Mortgage. The conveyance to Lender does not include any fixtures or personal property belonging to any tenants of the Property.

2.      Title to the Property. Title to the Property and all improvements thereon shall by conveyed by Special Warranty Deed of even date herewith, in form acceptable to the Lender and in recordable form, and such deed shall transfer to the Lender good and marketable title in fee simple absolute in the Property and all improvements, tenements, hereditaments, fixtures and appurtenances, and other rights and interests described in Section 1.

3.      Status of the Loans and Mortgage. Grantor hereby acknowledges that: (i) the Borrower Parties are in default of the Loans; (ii) Lender has a valid mortgage lien on the Property to secure obligations due and owing under the Loans; and (iii) Lender has the right to foreclose the Mortgage.

4.      Grantor's Obligations.   In connection with the conveyance of the Property to Lender, Grantor shall deliver to Lender the following:

(a)     The Special Warranty Deed described in Section 2, properly executed in recordable form and in form acceptable to Lender;

(b)     Copies of all contracts, insurance policies, user manuals, and other agreements with respect to the Property; and

(c)     All keys and codes necessary to obtain full access to all locks located on the Property or any improvements thereon.

5.      Representations and Warranties of Grantor. Grantor hereby makes the following representations and warranties for the benefit and protection of Lender and Grantor further acknowledges that Lender is relying on such representations and warranties to enter into this Agreement:

2

(a)     Grantor has the right, power and authority to execute the Agreement and perform all its obligations under the Agreement; and Grantor's execution of the Agreement has been duly authorized by all necessary actions of Grantor;

(b)     Grantor owns the Property in fee simple absolute and has good and marketable title in the Property subject only to recorded mortgages, liens, and other encumbrances.

(c)     There are no unpaid bills for labor, services or work performed upon the Property, or for materials or supplies furnished or delivered to the Property, which could result in the filing of mechanics,' materialman's or laborers' liens on, or with respect to, the Property;

(d)     Grantor has paid all expenses relating to the Property and the operation and maintenance thereof that have accrued through the date hereof including, without limitation, insurance premiums, ad valorem real estate taxes, and utility bills;

(e)     The construction and operation of the Property fully complies with all building, electrical, fire, air pollution and health requirements and regulations in existence or pending by any federal, state, or local government agency regulating the Property;

(f)     There are no listing agreements with a real estate agent or broker in effect for the sale or transfer of the Property;

(g)     There are no options or contracts to purchase or lease the Property;

(h)     There are no unpaid brokerage fees or leasing commissions related to the Leases;

(i)     That in executing this Agreement and the Special Warranty Deed, Grantor is not acting under any misapprehension as to the effect thereof and is not acting under coercion or duress, or in reliance of any representation by Lender, but instead is acting freely and voluntarily;

(j)     All Leases are in full force and effect, and Grantor has performed all its obligations under the Leases; and

(k)     That the Special Warranty Deed executed and delivered to Lender is not given as a preference against any other creditors of Grantor, that Grantor has no other creditors whose rights will be prejudiced by such conveyance to Lender and that in executing this Agreement and the Special Warranty Deed it is not Grantor's intent to hinder, delay or defraud any of Grantor's creditors.

6.     Negative Covenants of Grantor. After the Effective Date, Grantor shall not:

(a)     Enter into any leases, contracts, or agreements relating to the Property;

3

(b)    Amend, modify, or terminate any Lease, or waive any rights or obligations under such Lease;

(c)    Transfer or withdraw any funds from any bank account, escrow, or other similar account relating to the Property;

(d)    Collect any Rents related to the Property. And

(e)    Remove any Collateral, improvements, or fixtures from the Property.

7.    Release of Lender.    Grantor, for itself, individually, and its, successors and assigns does hereby completely and unconditionally release and forever discharge Lender, its owners, officers, managers, directors, employees, agents, attorneys and its successors and assigns, from and against any and all claims, demands, actions or causes of action, costs, expenses, damages or liabilities of any kind or nature whatsoever, direct or indirect, third party or derivative, known or unknown, absolute or contingent, now existing or hereafter arising, in connection with, arising from or with respect to the Property, the Mortgage, this Agreement or the transactions contemplated hereby.

8.    Obligations to Third Parties. The Grantor acknowledges and agrees that the acceptance by Lender of title to the Property pursuant to the terms of this Agreement shall not create any obligations on the part of the Lender to third parties that have claims of any kind whatsoever against the Grantor, and the Lender does not assume or agree to discharge any liabilities pertaining thereto that occurred or arose prior to the date hereof.

9.    Absolute Conveyance.  The Grantor acknowledges and agrees that the conveyance of the Property to the Lender according to the terms of this Agreement is an absolute conveyance of all of its right, title and interest (including equity or right of redemption) in and to the Property in substance as well as in form, and was not and is not intended as a mortgage, security instrument or trust conveyance of any type.  Grantor further acknowledges and agrees that the consideration for such conveyance is exactly as recited herein, and that the Grantor has no further interest (including equity or right of redemption) or claim in and to the Property or to the rents or profits that may be derived therefrom.

10.    The Collateral. The Mortgage granted Lender a security interest in the Collateral. Grantor consents to the foreclosure of Lender's security interest in the Collateral.  Accordingly, Grantor agrees to surrender the Collateral and all proceeds of the Collateral to Lender and further transfers all of its right, title and interest, in the Collateral to Lender.

11.    Limited Discharge of Grantor.  Lender, for itself, its successors and assigns, agrees that upon execution and performance of this Agreement and Lender's acceptance of the Special Warranty Deed transferring title of the Property from Grantor to Lender, agrees that to the extent the conveyance to Lender is not rescinded or otherwise nullified for any cause, Grantor will be discharged and released and have no further obligation to pay the Secured Obligations and Lender shall not seek any deficiency with respect to the Secured Obligations. However, this discharge is not a general release  and does not release any other claims or causes of action Lender may have against Grantor, including, but not limited to, those (i) arising from or related to, breach of this

4

Agreement, and (ii) claims Lender asserted, or may assert, against Grantor in the Delaware Chancery Court lawsuit numbered 2025-1319-KSJM, the Delaware Superior Court lawsuit numbered N25C-10-309-KSJM, or in any other action or proceeding.

12.     Rents, Income, Profits and Proceeds of the Property.   Pursuant to Grantor's conveyance of the Property to Lender and Assignment of Leases and Rents in Section 5 of the Mortgage, Grantor has no right to the rents, income, profits and proceeds related to the Property (collectively "Rents").  Grantor shall hold in trust, for the benefit of Lender all Rents Grantor receives from any tenant of the Property or any other person and shall immediately deliver all Rents to Lender.

13.     Non-Merger.  The Parties acknowledge and agree that the Mortgage remains in full force and effect.  It is the expressed intention of the Parties that the interest of the Lender under all of the conveyances provided for herein shall not merge with the interest of the Lender under the Mortgage but shall be at all times separate and distinct. The liens created by the Mortgage shall continue in full force and effect as a valid lien on the Property and Collateral and the underlying Loans and Loan Documents remain in full force and effect.

14.     Indemnity. Grantor agrees to indemnify and hold Lender harmless from and against any losses, damages, costs or expenses, including court costs and attorneys' fees, incurred by the Lender as a direct or indirect result of any breach of Grantor's representations, warranties, covenants made herein, or by Grantor's breach of any other term, obligation, or condition in the Agreement.

15.     Additional Conditions.   Grantor agrees to (i) vacate the Property and remove all personal property; (ii) leave the Property in good condition, reasonable wear and tear excepted; and (iii) not remove any fixtures and/or appliances from the Property.

16.     Entire Agreement; Waiver and Modification. This Agreement contains the entire agreement between the Parties relating to the transaction contemplated herein. All other negotiations, agreements, representations, covenants and warranties between the Parties concerning the subject matter of this Agreement are merged herein.  This Agreement may not be changed orally, and no provision of this Agreement may be waived or released orally.  All waivers, releases, or modifications or amendments relating to this Agreement must be in writing and duly executed by the Parties.

17.     Bankruptcy or Other Action.  If, at any time following the execution of this Agreement and the Special Warranty Deed, Grantor, Borrower Parties, or any third party pursues any legal action to rescind or set aside the conveyance of the Property to Lender or if Lender is required to reconvey or transfer the Property to Grantor for any reason, the entirety of the Secured Obligations under the Mortgage shall be deemed to have continued in existence and Lender shall be entitled to recover same.

18.     Survival.     The covenants, warranties, representations, and indemnity obligations contained herein shall survive the execution and delivery of the Special Warranty Deed to the Lender.

5

4916-5828-4213, v. 5

19.    Headings.    The paragraph headings of this Agreement are for convenience of reference only and shall not constitute a part of the text hereof nor alter or otherwise affect the meaning hereof.

20.    Governing Law.    This Agreement shall be construed and enforced in accordance with and governed by the laws of the State of Oklahoma without regard to choice of laws rules.

21.    Jurisdiction and Venue.    Grantor and Lender hereby consent and submit to the exclusive jurisdiction and venue of any state or federal court sitting in the county and state where the Property is located with respect to any legal action or proceeding directly or indirectly arising from or related to this Agreement and waive all objections either may have to such jurisdiction and venue. Subject to the terms of the Agreement, nothing herein shall, preclude or prevent Lender from bringing actions against Grantor in any other jurisdiction as may be necessary to enforce the Agreement, Loan Documents, or to assert any other claim or defense against Grantor.

22.    WAIVER OF JURY TRIAL. THE PARTIES IRREVOCABLY WAIVE, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT THEY MAY HAVE TO A TRIAL BY JURY IN ANY LEGAL PROCEEDING DIRECTLY OR INDIRECTLY ARISING OUT OF OR RELATING TO THIS MORTGAGE OR THE TRANSACTIONS CONTEMPLATED HEREBY (WHETHER BASED ON CONTRACT, TORT OR ANY OTHER THEORY).

23.    Additional Documents. Grantor shall execute and deliver to Lender such additional documents and do such other things as may be reasonably requested by Lender to fully effectuate the terms and conditions of this Agreement.

24.    Costs and Attorney's Fees. In any legal action to enforce or to interpret any of the provisions of this Agreement, the prevailing party shall be entitled to recover from the other party all costs and expenses incurred, including reasonable attorneys' fees.

25.    Counterparts.    This Agreement may be executed in any number of counterparts, all of which taken together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the date first above written.

[Signature Pages Follow]

4916-5828-4213, v. 5

**GRANTOR:**

**Jenk's Best Living LLC,**
a Kansas limited liability company

By: _____

Aharon Diveroli, Authorized
Representative of Lender, the Attorney in
Fact on behalf of and Authorized
Representative of Jenk's Best Living LLC

STATE OF FLORIDA            )
                            ) ss.
COUNTY OF MIAMI-DADE   )

The foregoing instrument was acknowledged before me on June 17th, 2026, by Aharon Diveroli, as authorized representative of YSA Investments 1, LLC, a Delaware limited liability company, the Attorney-in-fact on behalf of, and authorized representative of, Jenk's Best Living LLC, a Kansas limited liability company.

_____
Notary Public

Notary Commission No. HH474601

My Commission Expires: 12/19/3027

_____

[S E A L]

FELIPE MENEZES
Commission # HH 474601
Expires December 19, 2027

7

**LENDER:**

**YSA INVESTMENTS 1, LLC,**
a Delaware limited liability company

By: _____

Aharon Diveroli, Authorized
Representative

STATE OF FLORIDA ) 
                                      ) ss.
COUNTY OF MIAMI-DADE )

The foregoing instrument was acknowledged before me on June 17th, 2026, by Aharon Diveroli, as authorized representative of YSA Investments 1, LLC, a Delaware limited liability company.

_____
Notary Public

Notary Commission No. HH474601

My Commission Expires: 12/19/827

_____

[S E A L]

FELIPE MENEZES
Commission # HH 474601
Expires December 19, 2027

8

4916-5828-4213, v. 5