## GUARANTY AND ROFO

April 9, 2025

**MARC KULICK**, an individual ("**Guarantor**") having an address for notices of % Vesta Realty, 6911 S. 66th E. Ave., Suite 100, Tulsa, OK  74133, hereby makes this Guaranty and ROFO (this "**Guaranty**") in favor of YSA INVESTMENTS 1, LLC, a Delaware limited liability company, having an address of 8325 NE 2nd Ave, Miami, FL 33138, Email: robert@vdacquisitions.com ("**Lender**").  Any defined term that is used herein and not defined herein shall have its meaning in the Promissory Note of even date herewith (the "**Note**") between Parc 1010 Holdco., LLC, a Delaware limited liability company, Parc 1010 GP, LLC, a Delaware limited liability company and Parc 1010 Investors, LLC a Delaware limited liability company (collectively, the "**Company**") and Lender.

1.    GUARANTY.  Guarantor guarantees, unconditionally and absolutely, to Lender the full and faithful keeping, performance, observance, and payment of all of the Company's obligations, representations, and warranties in the Note and the full and faithful keeping, performance and observance of all of the obligations, representations, and warranties of the Company and Kulick Manager, LLC, an Oklahoma limited liability company ("**Pledgor**"), in the Collateral Pledge and Security Agreement ("**Agreement**") by and between the Company, Pledgor, and Lender (collectively, the "**Obligations**").

2.    CERTAIN WAIVERS AND REQUIREMENTS.

a.    The obligations of Guarantor hereunder shall not be affected by any of the following: (a) the release or discharge of the Company or Pledgor in any creditors', receivership, bankruptcy, reorganization, insolvency, or other proceedings; (b) the rejection or disaffirmance in any such proceeding of the Note or Agreement or any portion thereof; (c) the impairment or modification of the Note or Agreement or any portion thereof, any remedy for the enforcement thereof, or the estate of the Company or Pledgor in bankruptcy that results from any present or future federal or state bankruptcy law or any other law of any kind or from the decision or order of any court or other governmental authority; (d) any defense of the Company or Pledgor; (e) the cessation of the liability of the Company or Pledgor for any cause whatsoever; or (f) any disability or defense of any kind of Guarantor now existing with respect to any of the Obligations or any provision of this Guaranty.

b.    Guarantor, with respect to its liabilities and obligations under this Guaranty, hereby waives (i) any requirement of notice of non-payment, non-keeping, non-performance, or non-observance by the Company, (ii) any proof of notice or demand to the Company, and (iii) any right to require that any action be first brought against the Company.

c.    If this Guaranty is held ineffective or unenforceable by any court of competent jurisdiction, then, at the election of Lender, Guarantor shall be deemed to be part of the "Company" and "Pledgor" under the Note or Agreement (as applicable) with the same force and effect as if Guarantor were expressly named therein with joint and several liability.

d.    Guarantor hereby agrees that Guarantor may be joined in any action against the Company and/or Pledgor in connection with the Note and/or Agreement, and recovery may be had against Guarantor in such action or in any independent action against Guarantor without Lender first pursuing or exhausting any remedy or claim against the Company or Pledgor. Guarantor also agrees that it will be conclusively bound by the judgment in any such action by Lender against the Company or Pledgor as if Guarantor were a party to such action even though Guarantor is not joined as a party in such action.

e.    Guarantor's obligations under this Guaranty shall not be terminated or affected in any way or manner whatsoever by (a) Lender's resort, or Lender's omission to resort, to any summary or other proceedings, actions, or remedies for the enforcement of any of Lender's rights under the Note or Agreement, or (b) any extensions of time or indulgences granted by Lender.

f.  Insofar as the payment by the Company of any sums of money to Lender is involved, this Guaranty is a guaranty of payment and not of collection, and shall remain in full force and effect until the Obligations are satisfied.

g.  Guarantor hereby subordinates any claims of Guarantor against the Company or Pledgor of any kind to Guarantor's obligations under this Guaranty and to any other claims of Lender against the Company, the Company's assets, Pledgor, or the Pledgor's assets. Upon any notice by Lender to the Company or Pledgor of any default under the Note or Agreement, Guarantor shall enforce any of their claims as a trustee for Lender, and shall cause any receipts to be paid over to Lender on account of the Note and Agreement without affecting in any manner the liability of Guarantor under this Guaranty (except to the extent of such payment). As long as no such notice of default has been given, Guarantor may apply to its own account any payments made to Guarantor by the Company or Pledgor.

3.  RIGHT OF FIRST OFFER.

   a.  CERTAIN DEFINITIONS.

      i.  "**Loan**" shall mean between the Funding Date (as defined in the Note) and the Termination Date (defined below), any loan that Guarantor or any entity that Guarantor controls (whether directly or indirectly) desires to obtain for depositing earnest money in connection with a purchase of commercial real estate by Guarantor or any entity that Guarantor controls (whether directly or indirectly).

      ii.  "**Opportunity Notice**" shall mean a notice from Guarantor to Lender that contains Guarantor's proposed terms to Lender for providing a Loan, including (without limitation) the amount, duration, funding date, and interest rate of such Loan. Notwithstanding the foregoing, regardless of the interest rate or any other terms or conditions stated in the Opportunity Notice, if Lender agrees to make such Loan on the terms and conditions herein, then the Opportunity Notice shall be deemed to have an interest rate of sixty percent (60%) per annum, based on a three-hundred-sixty (360)-day year and compounded annually.

   b.  ROFO.

      i.  Offer. With respect to each Loan, Guarantor shall first offer Lender the right to make such Loan as provided herein (the "**ROFO**"). In connection with each Loan, Guarantor shall deliver an Opportunity Notice to Lender.

      ii.  Response. If, within two (2) business days after receiving an Opportunity Notice, Lender does not notify Guarantor that Lender will make such Loan on the terms in the Opportunity Notice (or such other terms as Lender and Guarantor may have negotiated), then Lender shall be deemed to have declined to make such Loan. If within two (2) business days after receiving an Opportunity Notice Lender notifies Guarantor that Lender will make such Loan, then within four (4) business days after receiving such Opportunity Notice, Lender and Guarantor (and/or their applicable affiliates) shall enter into loan documents that reflect the terms of the Opportunity Notice and are otherwise substantively identical to the Loan Documents (as defined in the Note). If such parties do not execute and deliver such loan documents within such period and the cause thereof is not Guarantor's failure to act in good faith and with commercially reasonable efforts, then Lender shall be deemed to have declined to make such Loan.

   c.  RENEWED RIGHT. If (i) Lender declines (or is deemed to have declined) a Loan, and (ii) subsequently, Guarantor is willing to enter into such Loan on terms that are materially more

favorable to the lender thereof, then the ROFO shall again apply; Guarantor shall deliver a new Opportunity Notice to Lender with such terms; and the process in §3(b) shall be followed with respect thereto.

d.    TERMINATION. The ROFO shall terminate upon the first to occur of the following events: (a) Lender declines (or is deemed to have declined) two (2) consecutive Loans with an aggregate lending amount of $1,000,000 or less while no loan between Lender and Guarantor (or an entity that Guarantor controls, whether directly or indirectly) is outstanding at the time of each such decline and Guarantor (or an entity that Guarantor controls, whether directly or indirectly) obtains each such Loan; or (b) the third anniversary of the date hereof.

4.    REPRESENTATIONS AND WARRANTIES.    Guarantor represents and warrants to Lender the matters listed below.

a.    This Guaranty constitutes a valid and legally binding agreement of Guarantor that is enforceable in accordance with its terms.

b.    Neither the execution and delivery of this Guaranty nor the compliance with any of its terms or conditions will violate any presently existing law, regulation, order, writ, injunction, or decree to which Guarantor is bound or result in a breach of or default under any other agreement to which Guarantor is a party.

c.    As of the date hereof, there are no Material Actions, as defined below, against Borrower, Pledgor, Guarantor, or any entity (i) directly or indirectly controlled or managed by Guarantor or (ii) directly or indirectly owned by Guarantor in whole or in part with respect to which Guarantor receives notices in the ordinary course of business (each of (i) and (ii), a **"Guarantor Entity"**), in each except as follows: (1) Case No. 22-cv-00392-JFH-CDL in the United States District Court for the Northern District of Oklahoma; and (2) Case No. CJ-2024-35 in the District Court of Adair County, Oklahoma.  This statement is being made by Guarantor under the penalty of perjury.  For purposes of this Section, **"Material Action"** means any pending litigation against Borrower, Pledgor, Guarantor, or any Guarantor Entity that (x) is not a landlord-tenant dispute and (y) if such lawsuit were adversely adjudicated against such entity or person, such entity or person would have liability that exceeds $150,000.

d.    As of the date hereof, neither Borrower, Pledgor, Guarantor, nor any Guarantor Entity (x) is to Guarantor's knowledge in material breach or default of, or (y) has been notified in writing of any material breach or default, in each case under any loan agreement taken by Borrower, Pledgor, Guarantor, or such entity (each, an **"Other Loan Default"**).

e.    The items provided by Guarantor to Lender via a dropbox hyperlink[1] delivered on or about April 7, 2025, including five "zip files" - file names "Org Docs and Tax Returns"; "Leases and Leasing"; "Operations"; "Construction"; and "Reports and Similar Info"; a .xlsx file titled "Feb 25 Proforma Cash Flow Comparison Figures"; a .xlsx file titled "Parc 1010 - Model"; a pdf file titled "Org Chart (v.2)" and a pdf file entitled "Parc 1010 – OM", which have an aggregate file size of approximately [79.58 Megabytes], and include but are not limited to certain organizational documents, tax returns, lease agreements, operational documents and renovation documents related to certain Collateral pledged in the Agreement are true and correct as of this date, and there have been no Material Changes since the date that they were provided to Lender. In the event of a change to Guarantor, Borrower, Pledgor, any Guarantor Entity or any asset owned by, or any liability of, any Guarantor Entity, that would have a

---

[1] Accessible as of April 8, 2025 via the following hyperlink:

https://www.dropbox.com/scl/fo/vpna8wmxzwqkx2cs1sffh/AD6LnWrLC9VgxedrAwkGr7E/Parc%201010
%20Due%20Diligence?rlkey=0g860nhogoxn22xqgg4avzlt2&e=1&subfolder_nav_tracking=1&dl=0)

material adverse effect on Guarantor (a "**Material Change**"), Borrower, Pledgor, any Guarantor Entity, Guarantor shall provide Lender with written notice of the same, and such Material Change shall be deemed a default of this Guaranty.

5.   COVENANTS.

   a.   OTHER LOAN DEFAULT AND MATERIAL ACTIONS.  So long as the Payoff Amount remains outstanding, Guarantor covenants that if an Other Loan Default occurs or if Guarantor receives notice of a Material Action, then Guarantor shall notify Lender within two (2) business days thereafter, which notice shall be delivered to:

   YSA Investments 1, LLC
   C/O Capital Fund Law Group, P.C.
   Attn: Christopher Rogers
   405 Lexington Ave, 26th Floor
   New York, New York 10174
   email: crogers@capitalfundlaw.com

   This notice will include a summary of the default and, with respect to any action, the summary shall include the court in which it is filed, the plaintiff(s) and defendant(s), case number, and summary of the claims being brought.  A copy of any notice pursuant to this section shall also be delivered to Lender.

   b.   DEBT OBLIGATIONS.  So long as the Payoff Amount remains outstanding, Guarantor shall alert Lender of any debt in excess of $50,000 that is taken by Borrower, Guarantor, or any Guarantor Entity and provide a summary of the same, including the name of the party owed, the amount, and a summary of the purpose or cause of the debt.  This Section shall not apply to any future loan arising from the Right of First Offer.

   c.   SCHEDULE OF REAL ESTATE OWNED.  By February 28, 2025, Guarantor shall deliver to Lender a true, correct, and complete schedule of real estate and entities owned (whether directly or indirectly, and whether wholly or partly) by Guarantor; provided, however, that in the event that the schedule of real estate as of February 28, 2025 is identical to the schedule of real estate most recently provided by Guarantor to Lender, then Guarantor may instead email Lender confirmation that the schedule of real estate provided as of [Date] remains true, correct, and complete as of February 14, 2025 in lieu of resubmitting the schedule of real estate. The same schedule shall provide the percentage of ownership attributable to Guarantor with respect to such real estate and entities and, with respect to real estate, identify which entity the real estate is owned through. Upon delivering same to Lender, Guarantor shall be deemed to have represented and warranted that such schedule is true, correct, and complete as of the date thereof.

6.   EVENT OF DEFAULT.  Any breach by Guarantor of its representations, warranties, and obligations provided in this Guaranty that is not cured within ten (10) days after Lender notifies Guarantor thereof (provided, however, that no cure period shall apply if the cause of such breach is fraud in the inducement) shall constitute an "**Event of Default.**"  Any Event of Default shall constitute an irreparable harm to Lender for which injunctive relief may be sought.  Additionally, in connection with any Event of Default, Lender shall have all rights and remedies that may be available to it at law, in equity, or otherwise and shall be entitled to attorney's fees and any other costs and damages that may be available to it.  All of Lender's rights and remedies under this Guaranty shall be distinct, separate, and cumulative.

7.   MISCELLANY.

   a.   All notices, requests, consents, approvals, demands and other communications required or

allowed under this Guaranty (y) *must be* (i) in writing, (ii) delivered to the address/addresses written in the preamble of this Guaranty (or to such other address/addresses as either party may from time to time specify in a notice to the other in accordance with this subsection), and (iii) delivered by email, personal delivery, or a national overnight courier; and (z) shall be effective when delivered or delivery is refused (whether affirmatively or due to the recipient failing to maintain a current address for receiving notices with the sender).

b. Any amendment or other modification to the Note or Agreement shall not affect the Obligations. Guarantor waives any right to approve, consent, or be notified of any renewal, extension, amendment, or other modification to the Note or Agreement.

c. No waiver of any term, provision, condition, covenant, or agreement in this Guaranty shall be effective unless set forth in a writing signed by Lender and Guarantor, and any such waiver shall be effective only to the extent set forth in such writing. No failure to exercise or delay in exercising by Lender of any right, power, or privilege in this Guaranty shall operate as a waiver thereof, nor shall any single or partial exercise of any right, power, or privilege preclude any other or further exercise thereof or the exercise of any other right or remedy provided by law, in equity, or otherwise. No notice or demand on any Guarantor in any case shall entitle Guarantor to any other or further notice or demand in similar or other circumstances or constitute a waiver of the rights of Lender to any other or further action in any circumstances without notice or demand. No consent or waiver, whether expressed or implied, by Lender to or of any breach or default by any Guarantor in the performance of its obligations hereunder shall be deemed or construed to be a consent or waiver to or of any other breach or default in the performance of the same or any other obligations of Guarantor hereunder. Any failure by Lender to complain of any acts, or any failure to act or to declare a default under this Guaranty, irrespective of the length of such failure, shall not constitute a waiver by Lender of its rights hereunder or impair any rights, powers, or remedies on account of any default by Guarantor.

d. In connection with any claim, action, or proceeding that is against a party hereto and pertains to this Guaranty, the substantially prevailing party shall be entitled to receive, and shall be awarded, all its court costs, collection costs, and reasonable attorneys' fees.

e. Headings and titles in this Guaranty are for convenience only. Time is of the essence in this Guaranty, except that if any deadline or similar date herein falls on a non-business day, then such deadline shall be extended to the next business day. The invalidity or unenforceability of any provision of this Guaranty shall not affect or impair any other provisions of this Guaranty.

f. This Guaranty—along with any and all claims or causes of action (whether in contract, tort, or statute) that may be based upon, arise from, or relate to this Guaranty, its negotiation, execution, or performance, or the transactions described herein—shall in all respects be governed by and enforced in accordance with the internal laws of the State of Delaware (including its statutes of limitations), without regard to its conflict-of-law provisions or borrowing statutes. Any chancery court in Delaware shall have exclusive jurisdiction to hear and determine any and all claims, actions, and proceedings brought by Guarantor and pertaining to or arising from this Guaranty, the Loan Documents, their negotiation, execution, or performance, or the transactions described herein; provided, however, that if such claim, action, or proceeding cannot be brought in a chancery court in Delaware, the state and federal courts of Delaware shall have exclusive jurisdiction with respect to such claim, action, or proceeding. Lender may bring any and all claims, actions, and proceedings pertaining to or arising from this Guaranty, the Loan Documents, their negotiation, execution, or performance, or the transactions described herein in any court of competent jurisdiction. Each of Guarantor and Lender waives trial by jury in any action, proceeding, or claim brought by it against the other party that pertains to or arises from this Guaranty. Notwithstanding anything in this

Agreement to the contrary, Guarantor acknowledges that any Event of Default will result in irreparable harm to the injured Party. In case any Event of Default occurs and is not waived, the injured Party will be entitled to the issuance of an injunction, restraining order, or other equitable relief in its favor as a result of the breach, and the breaching Party will be deemed to have consented to the granting of an application for the same without any prior notice to the breaching Party and without the injured Party being required to furnish a bond or other undertaking in connection with the application. Upon a breach by Guarantor, Guarantor further waives and is estopped from asserting any defense to expedited or pre-judgment relief by Lender and waives any defense or protection mechanism that may be available to Guarantor, in each case excluding the defense of full performance.

g.    Any claim, whether made in arbitration or a court of competent jurisdiction, shall be filed under seal.

h.    Guarantor appoints Lender as its/his/her attorney-in-fact with full power in Guarantor's name and behalf to do every act that Guarantor is obligated to do or may be required to do hereunder; however, nothing in this section shall be construed to obligate Lender to take any action hereunder. The power of attorney hereby created is a power coupled with an interest and shall be irrevocable. Through exercise of this irrevocable power of attorney, Lender may take whatever steps that it deems necessary in its sole discretion to secure and protect its interests, including but not limited to filing any action and doing whatever else is necessary to protect its interests, enforce its rights, and collect all amounts due to Lender. The power of attorney hereby created is a power coupled with an interest, and shall be irrevocable. Neither Lender nor any of its officers, managers, employees or agents of Lender will be liable for any acts of commission or omission nor for any error in judgment or mistake of fact or law unless the same shall have resulted from gross negligence or willful misconduct. Notwithstanding anything to the contrary above, Lender shall not exercise the foregoing power of attorney unless an Event of Default exists and only as long as an Event of Default exists.

i.    This Guaranty shall be binding on and inure to the benefit of each party's successors, assignees, and legal representatives; provided, however, that except by operation of law in connection with death, neither party may assign, delegate, or otherwise transfer any of its rights or obligations under this Guaranty without the other party's prior approval.

j.    This Guaranty is the complete and entire agreement between Lender and Guarantor with respect to the subject matter hereof, and it supersedes all prior discussions, understandings, and agreements (whether oral or written) between the parties hereto with respect to the subject matter hereof.

k.    This Guaranty may be executed in counterparts, each of which shall be considered an original and all of which together shall constitute the same instrument. Counterparts to this Guaranty may be delivered by email or facsimile, each of which shall be as effective as originals for all purposes.

[signature pages follow]

IN WITNESS WHEREOF, Guarantor has executed this Guaranty as of the first date written above.

**GUARANTOR**

_____

**MARC KULICK**, an individual

STATE OF OKLAHOMA  )
                   )
COUNTY OF TULSA    )

This instrument was acknowledged before me on April _9th_, 2025 by Marc Kulick, an individual.

_____
(Signature of notarial officer)

My Commission Expires: 02/21/2029

Commission No.: # 25 00210S

ETHAN WYATT AUTRY
Notary Public, State of Oklahoma
Commission # 25002105
My Commission Expires 02-21-2029

(STAMP SEAL ABOVE)

[signature pages continue]

## JOINDER

Lender joins this Guaranty for the sole purpose of acknowledging and agreeing to §3 hereof.

**YSA Investments 1, LLC**, a Delaware limited liability company

By: _Robert Miley_

Name: __Robert Miley__

Title: __Authorized Representative__