IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| In re: | ) | Case No. 26-17758-MMH |
| | ) | (Chapter 11) |
| Jenk's Best Living, LLC | ) | |
| Debtor. | ) | |
| In re: | ) | Case No. 26-17757-MMH |
| | ) | (Chapter 11) |
| PSC Thrive, LLC | ) | |
| | ) | *Jointly Administered* |
| Debtor. | ) | |
| Jenk's Best Living, LLC | ) | Adv. Case No. 26-176-MMH |
| Plaintiff, | ) | |
| v. | ) | |
| Mark Kulick, *et al.* | ) | |
| Defendants. | ) | |

## **LINE CONCERNING INSURANCE**

Comes now Jenk's Best Living, LLC (the "Debtor"), by and through undersigned proposed counsel, and notes that it has come to the Debtor's attention that the real property asset at issue in this case is not currently protected by a policy of insurance to guard against casualty or liability. As part of the bankruptcy proceedings concerning YSA Investments 1, LLC ("YSA"), the Debtor has learned that YSA has not seen fit to insure the asset and may (or may not) lack the resources requisite to do so.

The Debtor is cognizant of the automatic stay imposed by virtue of YSA's bankruptcy and has petitioned the United States Bankruptcy Court for the District of Delaware to lift that stay, on

1

an emergency basis, so this litigation may resume in earnest. Unless and until the stay is lifted, the Debtor is reticent to seek to modify the temporary restraining order entered by this Honorable Court, ECF No. 21 in the adversary proceeding, or petition for other relief.

Understanding YSA to be failing to insure the property, the Debtor is working—and worked through the weekend—to itself obtain one or more policies of insurance. However, in a somewhat ironic twist, there appears to be some question amongst underwriters as to the extent, *vel non*, of the Debtor's insurable interest, insofar as the building is presently deeded in the name of YSA. Nonetheless, the Debtor is continuing to pursue coverage on the specialty market and stands ready to pay the premiums on any such policy if and when obtainable.

The Debtor has a deep and abiding concern that an enormously valuable apartment building is currently sitting without insurance. There are notable limitations as to the recourse the Debtor may seek for such as of present, but the Debtor would be remiss to not share the foregoing with this Honorable Court.

Respectfully submitted,

Dated: August 10, 2026    By:    /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road
#114-160
Potomac, Maryland 20854
(301) 444-4600
mac@mbvesq.com
*Proposed Counsel for the Debtor*

*[Certificate of Service on Following Page]*

2

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of August, 2026, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being sent to all parties receiving electronic notice herein.

<u>/s/ Maurice B. VerStandig</u>
Maurice B. VerStandig