Entered: August 14th, 2026
Signed: August 14th, 2026

**SO ORDERED**



**MICHELLE M. HARNER**
**U.S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Jenk's Best Living, LLC, | * | Case No. 26-17758-MMH |
| | * | |
| Debtor. | * | |
| | * | |
| *    *    *    *    *    * | * | |
| Jenk's Best Living, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Adv. Pro. No. 26-00176-MMH |
| | * | |
| Marc Kulick, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### ORDER TRANSFERRING VENUE TO THE UNITED STATES
### BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

This matter is before the Court on the Order to Show Cause Why Venue Should Not Be Transferred to Another District (the "Show Cause Order"). ECF 42. Jenk's Best Living, LLC, the above-captioned debtor and debtor in possession (the "Debtor"), filed a response to the Show Cause Order opposing any transfer of venue and seeking to maintain its chapter 11 case before this Court. ECF 45. In addition, YSA Investments 1, LLC ("YSA"), a party in interest in this case, filed a Motion to Dismiss Case or to Transfer Venue to the District of Delaware. ECF 47. The Court held a hearing on the Show Cause Order and all related papers on August 14, 2026 (the "Hearing").

The Court has had an opportunity to consider the papers and the parties' arguments at the Hearing, and this matter is now ripe for resolution.[1]

## I.        Relevant Background

The Debtor filed its chapter 11 case on July 19, 2026. Case No. 26-17758-MMH (the "Main Case"), ECF 1. Immediately thereafter, on July 20, 2026, the Debtor commenced an adversary proceeding against Marc Kulick, certain of his investment entities, YSA, and Bocaire Tulsa Lender, LLC. Adv. Pro. No. 26-00176-MMH (the "AP"), ECF 1. The Debtor also filed a Motion for Temporary Restraining Order, Preliminary Injunction, and for Expedited Hearing (the "TRO Motion") and requested an emergency hearing on the Motion. AP, ECF 2, 3. YSA filed an opposition to the TRO Motion. AP, ECF 11. The Court granted certain relief requested by the TRO Motion on a preliminary basis and set further status conferences and a hearing on the matter by an Order entered on July 24, 2026 (the "TRO Order"). AP, ECF 21.

After the entry of the TRO Order, it came to the Court's attention that a chapter 11 trustee had been appointed in certain related cases pending in the Northern District of Texas, and that a receiver was in place in connection with certain related cases pending in the Western District of Oklahoma. In addition, YSA filed its own chapter 11 case in the District of Delaware. The Court thus entered the Show Cause Order to determine the most appropriate venue to administer the Debtor's chapter 11 case and the related adversary proceeding. As further explained below, the Court concludes that these matters are best handled by the United States Bankruptcy Court for the Western District of Oklahoma.

## II.        Analysis

---

[1] The Court has jurisdiction over this chapter 11 case and the adversary proceeding pursuant to 28 U.S.C. § 1334. The District Court has referred this case and these matters to this Court under 28 U.S.C. § 157(a) and Local Rule 402 of the United States District Court for the District of Maryland. These matters are "core proceedings" under 28 U.S.C. § 157(b)(2). This Order constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Civil Procedure 52, made applicable to these matters by Bankruptcy Rules 7052 and 9014.

Under section 1412 of title 28 of the U.S. Code, the Court may, sua sponte, transfer a case to any other district if the Court determines that the transfer is in the interest of justice or for the convenience of the parties. *See* 28 U.S.C. § 1412; Fed. R. Bankr. P. 1014(a)(1). Courts generally consider several factors in the context of section 1412 and

> whether transfer of venue will serve the interest of justice, including the following: (a) the economic administration of the bankruptcy estate; (b) the presumption in favor of trying proceedings related to a bankruptcy case in the court in which the bankruptcy is pending; (c) judicial efficiency; (d) ability to receive a fair trial; (e) the state's interest in having local controversies decided within its borders; (f) enforceability of any judgment rendered; and (g) the plaintiff's original choice of forum. *See Blanton v. IMN Financial Corp.,* 260 B.R. 257, 266 (M.D.N.C.2001).

*In re Velocita Corp.*, 285 B.R. 188, 190 (Bankr. M.D.N.C. 2002) (addressing the transfer of an adversary proceeding). Other courts in this circuit have used similar multi-factored tests, with most all focusing on "the economical and efficient administration of the estate." *Huntington Nat'l Bank v. Hard Rock Expl., Inc.*, No. 1:16CV48, 2018 WL 935435, at *3–4 (N.D.W. Va. Feb. 16, 2018). Indeed, as recognized by the *Hard Rock Exploration* court, "[t]his factor is an amalgamation of the [other] . . . factors." *Id.*

Here, the Debtor is a Kansas Limited Liability Corporation. Main Case, ECF 1, AP, ECF 11. By the Motion for Joint Administration, the Debtor requested that the Court jointly administer the Debtor's case with that of PSC Thrive, LLC ("PSC"),[2] an entity incorporated in Maryland. Main Case, ECF 4. Although the Court granted the Motion for Joint Administration, venue for Jenk's Best Living, LLC in this district is based, at least in large part, on its affiliation with PSC. 28 U.S.C. § 1408(2).

In addition, the Court observes that the Debtor's primary asset is located in Jenks, Oklahoma, with a physical address of 204 South Riverfront Drive, Jenks, Oklahoma 74037 (this

---

[2] PSC Thrive, LLC's bankruptcy filing was initially docketed as Case No. 26-17757-MMH.

property is commonly known as, and referenced herein as, "Thrive Jenks"). Likewise, the Debtor's mailing address is 6911 South 66th East Avenue, Suite 100, Tulsa, OK 74133. Main Case, ECF 1.

The Debtor argues that, despite the foregoing, its principal place of business is in Baltimore, Maryland. The Debtor notes that its Chief Restructuring Officer, appointed prior to the petition date, is located in Baltimore, as are the principals of one of its member companies, PSC. *See* ECF 45, at pp. 7–8. The Debtor also argues that the Debtor's choice of venue should be given great deference. *Id.* at 9–10.

The Court appreciates the Debtor's arguments and its desire to maintain its chapter 11 case and the related adversary proceeding in Baltimore. In an ordinary case, the Court would likely give significant weight to the factors relied upon by the Debtor. This case is, however, anything but ordinary.

The Debtor's chapter 11 case is one of at least 17 related bankruptcy cases, originally filed in four different districts.[3] All cases are related in several ways, including by the parties involved, namely, Mr. Kulick and YSA. Many of these cases involve similar, if not identical, fact patterns concerning the prepetition conduct of Mr. Kulick and YSA. Many of these cases, including the Debtor's case, will require the presiding judge to interpret a prepetition opinion from the Delaware Chancery Court and the rights of Mr. Kulick (and indirectly certain debtors, including this Debtor) and YSA thereunder. And many of these cases involve real property located in Oklahoma.

---

[3] The related bankruptcy filings in other districts are: in the Western District of Oklahoma, Fairfax Investors, LLC, Case No. 26-11984; Fairfax Best Living, LLC, Case No. 26-11985; Woodland Oaks Best Living, LLC, Case No. 26-11986; Woodland Oaks Investors, LLC, Case No. 26-11987; in the Northern District of Texas, 727 Loft's Best Living, LLC, Case No. 26-32779; 727 Loft Holdings, LLC, Case No. 26-32780; Remington Ranch's Best Living, LLC, Case No. 26-32804; Lofts at North Penn Best Living LLC, Case No. 26-32920; A-V Village Creek Owner, Case No. 26-32922; Barcelona Best Living, LLC, Case No. 26-33093; Louis Investments, LLC, Case No. 26-33110; Woodland Manor Best Living, LLC, Case No. 26-33167l; Woodland Manor TIC 1, LLC, Case No. 26-33168; and Ridge Best Living, LLC, Case No. 26-33177; and in the District of Delaware, YSA Investments 1, LLC, Case No. 26-11178. On August 14, 2026, the Honorable Brendan Linehan Shannon transferred the YSA Investments 1, LLC case to the United States Bankruptcy Court for the Western District of Oklahoma. *See* Case No. 26-11178-BLS, ECF 118.

Based upon the Court's review of the record, this case is most efficiently and effectively administered in the United States Bankruptcy Court for the Western District of Oklahoma, by the same judge already overseeing many of the related cases. As counsel to the United States Trustee noted on the record, these related cases cry out for resolution by a single judge.[4] This Court agrees. To hold otherwise would risk inconsistent, and possibly conflicting, rulings among the various courts. It also could, as a result, adversely affect the rights of the bankruptcy estates and their creditors.

In addition, Thrive Jenks is an apartment building located in Jenks, Oklahoma. That real property and the rights of the landlord and tenants are governed by Oklahoma law. Moreover, the state and local government may have interests in Thrive Jenks and what happens to it in this bankruptcy case. The local interest factor is compelling in this case.

The Court acknowledges the Debtor's argument that Thrive Jenks is located in a suburb of Tulsa, Oklahoma, and not within the geographical area necessarily covered by the United States Bankruptcy Court for the Western District of Oklahoma. The Court finds, however, adequate grounds to transfer this case to the Western District of Oklahoma. For example, the cases currently pending before that court (including several filed before the Debtor's case) involve entities controlled by Mr. Kulick.[5] Mr. Kulick was the managing member of the Debtor for a significant period of time prepetition and appears to have acted on behalf of an entity allegedly owning 50% of the Debtor to authorize the Debtor's bankruptcy filing. Moreover, YSA's chapter 11 case is now pending in the Western District of Oklahoma, and YSA asserts that it owns Thrive Jenks (the

---

[4] Counsel made this comment in the context of referencing certain statements made during the proceedings before Judge Shannon in the YSA case, indicating that he agreed with it.

[5] The Bankruptcy Code broadly defines "affiliate" in 11 U.S.C. § 101(2), which can serve as a basis for venue under 28 U.S.C. § 1408(2).

Debtor's primary asset), allegedly owns Mr. Kulick's interest in the Debtor (or the entity owning 50% of the Debtor), and/or is a creditor of the Debtor's estate.[6]

As such, on balance and considering all the relevant factors, the Court will transfer the Debtor's chapter 11 case and the related adversary proceeding to the U.S. Bankruptcy Court for the Western District of Oklahoma.[7]

Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that Case No. 26-17758-MMH and Adversary Proceeding No. 26-00176-MMH, with all related proceedings and matters, are transferred to the United States Bankruptcy Court for the Western District of Oklahoma immediately upon entry of this Order; and it is further

**ORDERED**, that all Orders previously entered by this Court in Case No. 26-17758-MMH and Adversary Proceeding No. 26-00176-MMH shall remain in place and valid, pending further proceedings as deemed necessary or appropriate by the presiding judge in the United States Bankruptcy Court for the Western District of Oklahoma; and it is further

**ORDERED**, that all pending and unresolved matters in Case No. 26-17758-MMH and Adversary Proceeding No. 26-00176-MMH shall remain pending and be administered by the presiding judge in the United States Bankruptcy Court for the Western District of Oklahoma; and it is further

**ORDERED**, that the Court hereby vacates its Order Granting Motion for Joint Administration [ECF 22].

cc:     Debtors

---

[6] The Debtor's authority to file this case, who authorized it, and YSA's various positions were preliminarily at issue in the papers filed, and the hearing held, in the adversary proceeding leading to the TRO Order. AP, ECF 21. Counsel for the parties referenced several of the issues during the Hearing.

[7] *See, e.g., In re Velocita Corp.*, 285 B.R. 188, 190 (Bankr. M.D.N.C. 2002) ("Although in the present case, the plaintiff's original choice of forum and, to some extent, the state's interest in deciding local controversies favor retaining venue, these factors are outweighed by considerations of economic administration of the bankruptcy estate, consistency and judicial economy.").

Debtors' Counsel
U.S. Trustee
All parties in interest

**END OF ORDER**